**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC. | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) NO. 1:22-CV-10800-AK |
| vs. | ) |
| SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC | ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT STATEMENT AND PROPOSED SCHEDULING ORDERS**

Plaintiffs Mary Louis, Monica Douglas, and Community Action Agency of Somerville, Inc. (collectively "Plaintiffs") and Defendants SafeRent Solutions, LLC and Metropolitan Management Group, LLC (collectively "Defendants") hereby submit this Joint Statement pursuant to Local Rule 16.1, Fed. R. Civ. P. 26(f), and this Court's Notice of Scheduling Conference (ECF No. 65). As required by Local Rule 16.1(b), the parties met and conferred on August 11, 2023 to discuss the scheduling conference agenda and prepare a pretrial schedule.

The parties have agreed to engage in pre-discovery settlement discussions through a private mediator. However, the parties have not come to an agreement over the proposed pretrial schedule, as reflected in Sections II and III below.

**I.     Areas of Agreement on Proposed Pretrial Schedule**

The parties agree that that the Court should enter a scheduling order that contains the following provision:

The parties shall select a private mediator and shall, subject to the availability of the parties' selected mediator, conduct a mediation session by **October 31, 2023**. The parties shall make informal exchanges of information to facilitate mediation, but shall not otherwise conduct formal discovery (except for Rule 26(a)(1) initial disclosures) before the mediation occurs.

## II.    <u>Plaintiffs' Proposed Remaining Pretrial Schedule</u>

Plaintiffs' proposed schedule ensures that the parties have adequate time to conduct discovery and develop a record on which class certification can be properly decided. Federal Rule of Civil Procedure 23 requires the parties to "present the court with sufficient information to support an informed decision on certification," which can only happen if there is "sufficient time to develop an adequate record." Manual for Complex Litigation § 21.133 (4th ed.). Defendants' proposed schedule, which provides for less than four months of "controlled discovery" prior to class certification briefing, does not realistically allow the parties to develop the record Rule 23 requires. Indeed, as the Manual for Complex Litigation cautions: "Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." § 21.14 (4th ed.).

Bifurcation of discovery is particularly inappropriate here because there is no meaningful way to distinguish between class discovery and merits discovery in this case. This is because Plaintiffs' disparate impact claims, whether in the class or individual context, necessarily involve discovery into the widespread impact of the challenged policy or practice, including data production and statistical analysis by the parties' experts. *See, e.g.*, *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524 (2015) ("[A] plaintiff bringing a disparate-impact claim challenges practices that have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale." (quoting *Ricci v. DeStefano*,

2

557 U.S. 557, 577 (2009)).  Bifurcating discovery would therefore arbitrarily limit the time allowed for the production of this data and the appropriate time needed for experts to analyze that data, which will be relevant to both class certification and liability, including liability on Plaintiffs' individual claims if no class is certified.  And while discovery directed at absent class members is not generally permitted, the data and analysis of the data pertaining to the putative class will be necessary for both the class certification and merits analyses.  *See, e.g., Briggs v. Mass. Dep't of Corr.,* Civ. A. No. 15-40162-GAO, 2022 WL 16702402, at *1 (D. Mass. Oct. 20, 2022) ("[R]equests for discovery from absent class members are generally disfavored," unless the discovery is "needed for the purposes of trial or the issues common to the class.").  While Plaintiffs need not prove the merits of their disparate impact claims at the certification stage, it is highly likely that much of the same data, documents, and information about Defendants' practices will be relevant for both the Rule 23 analysis and the merits analysis.

And, as a general matter, "the First Circuit recognizes that weighing whether to certify a class may inevitably involve some assessment of the merits because '[i]t would be contrary to the "rigorous analysis of the prerequisites established by Rule 23 before certifying a class" to put blinders on as to an issue simply because it implicates the merits of the case.'"  *Bruns v. Mayhew*, No. 1:12-CV-00131-JAW, 2013 WL 12233685, at *5 (D. Me. Mar. 25, 2013) (quoting *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 17 (1st Cir. 2008)).  While Defendants claim they are not seeking to "rigidly" bifurcate discovery, their proposed schedule specifically contemplates two phases of discovery: one phase limited to discovery "relevant to Plaintiffs' class certification motion," followed by a period of "post-class certification discovery."  This bifurcated approach  is likely to lead to additional conflict and motions practice over the distinction between the two phases, whether it is between "class" and "merits"

discovery, or something else, which will cause further delay and waste of judicial resources. This complication can be easily resolved by combining discovery into a single phase.

Whether or not a class is ultimately certified, this case will continue forward, making merits discovery inevitable under either proposed schedule. Given Plaintiffs' desire to pursue disparate impact claims and injunctive relief regardless of the ruling on class certification, a ruling on class certification may not advance a settlement. Indeed, Plaintiffs' counsel recently litigated through trial an individual disparate impact claim with similar discovery needs, seeking similar relief. *See Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, No. 3:18-cv-00705-VLB (D. Conn.). Plaintiffs here are equally serious about pursuing such relief, whether or not a class is certified. And, as noted above, even if class certification were denied, Plaintiffs would require the same discovery to investigate the merits of their disparate impact claims as they would need if a class were certified.

Plaintiffs' proposed schedule simply requests that all discovery be conducted during one nine-month period, rather than artificially split between the two four-month periods Defendants propose. As noted above, even if no class is certified, the same amount of discovery will be required to investigate the merits of Plaintiffs' disparate impact claims, and bifurcating discovery will only make completing that discovery less efficient and more cumbersome. There is therefore no need to "forc[e] an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery'" where, as here, the single-phase discovery plan offered by Plaintiffs will be more efficient. Fed. R. Civ. P. R. 23, advisory committee's note to 2003 amendment.

Plaintiffs therefore respectfully request that this Court adopt the following schedule for this case:

A. <u>Initial Disclosures:</u> The initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be due **September 28, 2023**, or thirty (30) days after the entry of a scheduling order, whichever is later.

B. <u>Amendments to Pleadings:</u> Any motion seeking to amend the pleadings shall be due **October 30, 2023**, or sixty (60) days after the entry of a scheduling order, whichever is later.

C. <u>Fact Discovery – Interim Deadlines</u>:

    1. Written discovery (requests for production of documents, interrogatories, and requests for admission) shall be served no later than **June 28, 2024**, or thirty (30) days before the close of discovery.

    2. All depositions, other than expert depositions, must be completed by **July 31, 2024**, or nine (9) months after the parties have completed their mediation efforts, whichever is later.

D. <u>Fact Discovery – Final Deadline:</u> All discovery, other than expert discovery, shall be completed by **July 31, 2024**, or nine (9) months after the parties have completed their pre-discovery mediation efforts, whichever is later.

E. <u>Expert Discovery:</u>

    1. Plaintiffs' experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **August 30, 2024**, or thirty (30) days after the close of fact discovery, whichever is later.

    2. Plaintiffs' experts must be deposed by **September 30, 2024**, or thirty (30) days after Plaintiffs' expert reports are disclosed, whichever is later.

    3. Defendants' experts must be designated, and the information contemplated by

Fed. R. Civ. P. 26(a)(2) must be disclosed, by **October 14, 2024**, or forty-five (45) days after Plaintiffs' expert reports are disclosed, whichever is later.

4. Defendant's experts must be deposed by **November 13, 2024**, or thirty (30) days after Defendants' expert reports are disclosed, whichever is later.

5. Any expert rebuttal reports must be submitted by **December 5, 2024**, or forty-five (45) days after Defendants' expert reports are disclosed (with an additional seven (7) days to account for the Thanksgiving holiday), whichever is later.

6. If an expert rebuttal report is filed, an additional expert deposition may be taken, and the expert must be deposed by **December 12, 2024**, or seven (7) days after rebuttal reports are disclosed (with an additional seven (7) days to account for the Thanksgiving holiday), whichever is later.

F. <u>Class Certification</u>

1. Plaintiffs' motion for class certification shall be due **November 13, 2024**, or thirty (30) days after Defendants' expert reports are due, whichever is later, unless an expert rebuttal report will be filed, in which case the motion shall be due **January 3, 2025**, or fourteen (14) days after rebuttal reports are disclosed, whichever is later (and accounting for the Winter holidays).

2. Defendants' opposition to class certification shall be due **December 4, 2024**, or twenty-one (21) days after Plaintiffs' motion for class certification is due, whichever is later.

3. Plaintiffs' reply in support of class certification shall be due **December 18, 2024**, or fourteen (14) days after Defendants' opposition to class certification

6

is due, whichever is later.

    G.  <u>Dispositive Motions</u>:

        1.  Dispositive motions, such as motions for summary judgment and motions for judgment on the pleadings, must be filed no later than **30 days** after a ruling on class certification.

        2.  Oppositions to dispositive motions must be filed within **21 days** of service of the motion.

        3.  Reply memoranda must be filed within **14 days** after service of the opposition papers.

## III.  **Defendants' Proposed Remaining Pretrial Schedule**

This case involves disparate impact claims under the Fair Housing Act and companion state-law provisions. Plaintiffs' proposed schedule suffers from two primary defects.

First, the Supreme Court has said that "prompt resolution of these cases is important." *Texas Dep't of Housing & Community Affairs v. Inclusive Communities*, 576 U.S. 519, 543 (2015). Fed. R. Civ. P. 23 likewise directs this Court to decide whether this case should be certified as a class action at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Adopting Plaintiffs' proposed schedule, however, will mean that Plaintiffs' class certification motion will not be fully briefed until December 2024 (or February 2025, if Plaintiffs submit reply expert reports)[1]—more than a year after a scheduling order is entered and well over two-and-a-half

---

[1] The rules do not expressly provide for reply expert reports. *See* Fed. R. Civ. P. 26(a)(2). Nor are Plaintiffs entitled to them here, because providing for "reply" expert declarations raises the risk that Plaintiffs' "reply" experts will advance new arguments, evidence, opinions, or support for the experts' original opinions—all of which would be improper. *See Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 4, 9 (D. Mass. 2020) ("the testimony of an expert rebuttal witness must be solely intended to contradict or rebut evidence on the same subject matter identified by the opposing party's expert") (internal quotation omitted).

years after this lawsuit was first filed.  By contrast, under Defendants' proposed schedule, class certification motions would be fully briefed by June 2024; depending on how quickly this Court rules on class certification, dispositive motions could be fully briefed by the end of 2024.

Second, whether a class should be certified is a "preliminary issue" that "may remove a significant impediment to settlement or otherwise expedite resolution of this case."  Standing Order, ECF 65 at 2.  Plaintiffs, however, propose that the parties complete all fact and expert discovery before class certification is decided.  This will require the parties to conduct extensive discovery into the claims of absent class members, even though they are not currently parties to the case and may never become parties if a class is not certified.  Discovery from third parties, including housing providers that use SafeRent scores and public housing authorities that offer vouchers to putative class members, is likely to be necessary as well, and this discovery may be avoided if no class is certified.  As the Manual for Complex Litigation observes, "discovery into aspects of the merits unrelated to certification . . . can create extraordinary and unnecessary expense and burden," especially when, as here, a case is "unlikely to continue if not certified." *Id.* § 21.14 (4th ed.).

Plaintiffs are not correct above that Defendants seek to bifurcate discovery rigidly between "class" and "merits" discovery.  Instead, Defendants recognize that certain discovery— including discovery from housing providers about how they use the SafeRent Score, from public housing authorities about their use of credit history in approving vouchers, and from absent putative class members about whether they suffered damages and the amount of those damages—will only be necessary if a class is certified.  However, under Plaintiffs' proposal, the parties will be forced to conduct that discovery now.  Defendants' proposed schedule, by contrast, provides for an initial four-month period of discovery if mediation is not successful,

followed by simultaneous class certification briefing and any additional discovery that may be necessary. During this time, the parties can focus on conducting "controlled discovery" into matters "relevant to making the certification decision on an informed basis." Advisory Committee Note to Rule 23, 2003 Amendment; *see also Begley v. Windsor Surry Co.*, 2019 WL 10094424, at *1 (D.N.H. Dec. 23, 2019) (recognizing that discovery limitations "avoid the risk that a Rule 23 hearing will extend into a protracted mini-trial of substantial portions of the underlying litigation"). If a class is certified, Defendants' proposed schedule allows for a period of additional fact and expert discovery. And while Plaintiffs state at this early juncture that the case will continue forward even if class certification is denied, every plaintiff claims that in a class action. Plaintiffs' intent to pursue their claims if class certification is denied is far from certain, and what discovery is "proportional needs to the needs of the case," Fed. R. Civ. P. 26(b)(1), will depend on whether this case proceeds on Plaintiffs' individual claims alone or as a class action.

Defendants therefore respectfully request that this Court adopt the following schedule to govern this case:

A. Initial Disclosures: The initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be due **September 28, 2023**.

B. Amendments to Pleadings: Any motion seeking to amend the pleadings shall be due **September 21, 2023**.

C. Fact Discovery – Interim Class Certification Deadlines:

1. Written discovery (requests for production of documents, interrogatories, and requests for admission) seeking information relevant to Plaintiffs' class certification motion shall be served no later than **January 15, 2024**.

2.  All depositions, other than expert depositions, seeking information relevant to Plaintiffs' class certification motion must be completed by **February 29, 2024**.

D.  Fact Discovery – Final Class Certification Deadline: All discovery, other than expert discovery, related to class certification issues shall be completed by **February 29, 2024**.  No further discovery shall occur after this date pending a ruling on Plaintiffs' motion for class certification.

E.  Class Certification

1.  Plaintiffs' motion for class certification and all expert reports that Plaintiff intends to offer in support of its class certification motion shall be due **March 15, 2024**.

2.  Defendants' opposition to class certification and all expert reports that Defendant intends to offer in opposition to its class certification motion shall be due **May 15, 2024**.

3.  Plaintiffs' reply memorandum in support of class certification, not to exceed 10 pages, shall be due **June 15, 2024**.

4.  Sur-reply memorandum are not permitted.

5.  A Class Certification Hearing will be held by the Court on a date to be decided by the Court.

F.  Post-Class Certification Discovery:

1.  The parties shall submit a joint status report **14** days after this Court rules on Plaintiffs' motion for class certification addressing any issues presented by the Court's class certification ruling, including any additional fact or expert

discovery that may occur and any proposals to modify this schedule.

2. Plaintiffs' trial experts must serve their expert reports no later than **60** days after the Court's ruling on Plaintiffs' motion for class certification.

3. Plaintiffs' trial experts must be deposed no later than **30** days after Plaintiffs' expert reports are served.

4. Defendants' trial experts must serve their expert reports no later than **45** days after Plaintiffs' expert reports are served.

5. Defendant's trial experts must be deposed no later than **30** days after Defendants' expert reports are served.

6. All discovery shall be complete no later than **135** days after the Court's ruling on Plaintiffs' motion for class certification.

G.  Dispositive Motions:

1. Dispositive motions, such as motions for summary judgment and motions for judgment on the pleadings, must be filed no later than **14 days** after the close of discovery.

2. Oppositions to dispositive motions must be filed within **21 days** of service of the motion.

3. Reply memoranda, not to exceed 10 pages, must be filed within **14 days** after service of the opposition papers.

4. Sur-reply memorandum are not permitted.

**IV.    Settlement**

In accordance with Local Rule 16.1(c), Plaintiffs presented a written settlement proposal to Defendant Metropolitan on January 31, 2023, and to Defendant SafeRent on August 15, 2023.

Before Plaintiffs' settlement proposal was made to Defendant SafeRent, the parties agreed, subject to the approval of the Court, to attempt to resolve this dispute through private mediation by October 31.

**V.     Magistrate Judge**

The parties do not consent to trial by a magistrate judge at this time.

**VI.     Certifications**

The parties have separately filed the certifications required by Local Rule 16.1(d)(3).

September 6, 2023                              Respectfully submitted,

                                              /s/ Todd S. Kaplan
                                              Todd S. Kaplan (Bar No. 634710)
                                              Nadine Cohen (Bar No. 090040)
                                              GREATER BOSTON LEGAL SERVICES
                                              197 Friend Street
                                              Boston, MA, 02114
                                              Tel.: (617) 371-1234
                                              tkaplan@gbls.org
                                              ncohen@gbls.org

                                              Christine E. Webber (*pro hac vice*)
                                              Brian Corman (*pro hac vice*)
                                              COHEN MILSTEIN SELLERS & TOLL PLLC
                                              1100 New York Ave., N.W.
                                              Suite 500
                                              Washington, D.C., 20005
                                              Tel.: (202) 408-4600
                                              cwebber@cohenmilstein.com

                                              Stuart T. Rossman (Bar No. 430640)
                                              Shennan Kavanagh (Bar No. 655174)
                                              Ariel C. Nelson (Bar No. 705704)
                                              NATIONAL CONSUMER LAW CENTER
                                              7 Winthrop Square, Boston, MA, 02110
                                              Tel.: (617) 542-8010

                                              *Counsel for Plaintiffs*

/s/ *Andrew Soukup*
JEFFREY HUBERMAN (BBO# 696437)
jhuberman@cov.com
ANDREW SOUKUP (*pro hac vice*)
asoukup@cov.com
ROBERT A. LONG (*pro hac vice*)
rlong@cov.com
MARC P. CAPUANO (*pro hac vice*)
mcapuano@cov.com
RACHEL E. GROSSMAN (*pro hac vice*)
rgrossman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

LELIA A. LEDAIN (*pro hac vice*)
lledain@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Counsel for SafeRent Solutions, LLC*


/s/ *Mark C. Preiss*
Mark C. Preiss, BBO #670091
mpreiss@grsm.com
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA  02109
(781) 605-8586

*Counsel for Defendant Metropolitan Management
Group, LLC*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on September 6, 2023.


Dated:  September 6, 2023                    */s/Christine E. Webber*