**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, on behalf of themselves and all others similarly situated, and COMMUNITY ACTION AGENCY OF SOMERVILLE, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAFERENT SOLUTIONS, LLC, and METROPOLITAN MANAGEMENT GROUP, LLC,<br><br>    Defendants. | Civil Case No. 1:22-cv-10800-AK |

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**
**FOR PURPOSES OF MEDIATION ONLY**

Plaintiffs Mary Louis, Monica Douglas, and Community Action Agency of Somerville, Inc. and Defendants SafeRent Solutions, LLC and Metropolitan Management Group, LLC (collectively, the "Parties") have executed this Confidentiality Agreement and seek entry of an Order under Federal Rule of Civil Procedure 26(c) and other applicable laws and rules to facilitate the orderly and efficient disclosure of relevant information, to minimize the potential for unauthorized disclosure of confidential material, and to obtain other relief agreed to by the Parties and set out in this Order.  Therefore, the Parties having stipulated, the Court, for good cause shown, ORDERS:

The terms of this Agreement and Order apply to materials and information exchanged in connection with the Parties' mediation scheduled for November 6, 2023. Following mediation, should this matter proceed to litigation, the Parties shall  propose a Protective Order that shall apply to materials produced in discovery for purposes of the litigation.

1

The Parties agree that all materials and information disclosed during the mediation process shall be considered "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as defined herein, and shall be used for purposes of facilitating mediation only. Should this matter proceed to litigation following mediation, the Parties retain their rights under the applicable rules to request and receive any and all discoverable, non-privileged materials, regardless of whether those materials were previously produced or discussed during the mediation process. Documents and information otherwise discoverable under the applicable rules are not shielded from discovery merely because they are submitted or referenced to in the mediation.  Parties do not agree that any material exchanged in the mediation meets the standard of Rule 26(c) and therefore constitutes confidential material during any future discovery or litigation, and by entering this Order, the Court is not making a finding as to the confidentiality of any production during discovery or litigation in this case.  Any production during the course of litigation after the mediation shall not be governed by this Stipulated Confidentiality Agreement and Order, but instead shall be governed by a future Protective Order.

The parties also agree and understand that all statements made during the course of mediation are privileged settlement discussions protected by Federal Rule of Evidence 408 and are non-discoverable and inadmissible for any purpose in this litigation or any later proceeding. However, evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable solely as a result of its disclosure or use during the mediation proceedings.

Nothing in this Agreement and Order shall be construed as an admission or concession by either Party that any disclosed material constitutes relevant, material, or admissible evidence in this case.

CONFIDENTIAL – ATTORNEYS' EYES ONLY Material shall not be used or disclosed to anyone for any purpose other than as required for the Parties' agreed-upon mediation and, in that limited context, shall be disclosed only to: the Parties' counsel (including counsel's partners,

employees, and agents retained in the above-captioned action); the mediator; consultants (*i.e.*, experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for mediation of the above-captioned action, whether or not designated as a testifying expert) and their employees, but only if the Consultant has first signed a copy of Exhibit A and a copy of the signed Exhibit A has been produced to the Parties' counsel.

If, during the mediation, the Parties' counsel believe that information needs to be shared with any non-designating Party, they may change the designation of materials from CONFIDENTIAL-ATTORNEYS' EYES ONLY to CONFIDENTIAL, upon agreement of the Parties to this Agreement. CONFIDENTIAL Material shall not be used or disclosed to anyone for any purpose other than as required for the Parties' agreed-upon mediation and, in that limited context, shall be disclosed only to: the Parties and employees of the Parties who are attending the mediation session or whose assistance is necessary to that Party's participation in the mediation session, and anyone entitled to access CONFIDENTIAL – ATTORNEYS' EYES ONLY Material under this Confidentiality Agreement.

This Order constitutes an enforceable agreement between the Parties, their agents, and their attorneys and shall be binding after termination of the above-captioned action. To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Material.

Any person requiring further protection of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Material may petition this Court for a separate order governing the disclosure of its information.

The Court may modify this Order at any time.

This Protective Order may be amended for good cause shown.

Dated:  October 26, 2023

/s/ Angel Kelley
The Honorable Angel Kelley
United States District Court

AGREED TO:

/s/ Todd S. Kaplan
Todd S. Kaplan (Bar No. 634710)
Nadine Cohen (Bar No. 090040)
GREATER BOSTON LEGAL SERVICES
197 Friend Street
Boston, MA, 02114
Tel.: (617) 371-1234
tkaplan@gbls.org
ncohen@gbls.org

Christine E. Webber (*pro hac vice*)
Brian Corman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.
Suite 500
Washington, D.C., 20005
Tel.: (202) 408-4600
cwebber@cohenmilstein.com

Stuart T. Rossman (Bar No. 430640)
Shennan Kavanagh (Bar No. 655174)
Ariel C. Nelson (Bar No. 705704)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Boston, MA, 02110
Tel.: (617) 542-8010

*Counsel for Plaintiffs*

/s/ Jeffrey Huberman
JEFFREY HUBERMAN (BBO# 696437)
jhuberman@cov.com
ANDREW SOUKUP (*pro hac vice*)
asoukup@cov.com
ROBERT A. LONG (*pro hac vice*)
rlong@cov.com
MARC P. CAPUANO (*pro hac vice*)
mcapuano@cov.com
RACHEL E. GROSSMAN (*pro hac vice*)
rgrossman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

LELIA A. LEDAIN (*pro hac vice*)
lledain@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Counsel for SafeRent Solutions, LLC*

/s/ Mark C. Preiss
Mark C. Preiss, BBO #670091
mpreiss@grsm.com
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA  02109
(781) 605-8586

*Counsel for Defendant Metropolitan Management Group, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, on behalf of themselves and all others similarly situated, and COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAFERENT SOLUTIONS, LLC, and METROPOLITAN MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil Case No. 1:22-cv-10800-AK |

## AGREEMENT CONCERNING NON-DISCLOSURE OF CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

I hereby attest that I understand that information or documents designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY Material are provided to me subject to the Parties' Agreement dated _____, 2023 (the "Agreement"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Agreement; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Agreement and is a prerequisite to my review of any information or documents designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY Material pursuant to the Agreement.

I further agree that I shall not use CONFIDENTIAL – ATTORNEYS' EYES ONLY Material for any purpose other than as authorized in the Agreement and that, except as explicitly authorized in the Agreement, I shall not disclose CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, in any form whatsoever, to others.

1

**EXHIBIT A**

I further agree to return or destroy CONFIDENTIAL – ATTORNEYS' EYES ONLY Material in my possession, custody, or control at the conclusion of the mediation.

I agree to take all reasonable measures to protect the confidentiality of all such CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such CONFIDENTIAL – ATTORNEYS' EYES ONLY Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Agreement, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Agreement.

Date:   _____

By:   _____