UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC,<br><br>    Defendants. | Civil Action No. 1:22-CV-10800-AK |

### PLAINTIFFS' UNOPPOSED MOTION TO CERTIFY THE CLASSES FOR SETTLEMENT PURPOSES AND DIRECT NOTICE OF SETTLEMENT TO THE CLASSES

After nearly two years of vigorous advocacy and negotiation, Plaintiffs Mary Louis and Monica Douglas ("Plaintiffs") and Defendant SafeRent Solutions, LLC ("SafeRent" or "Defendant") have reached an agreement to resolve the instant action on a classwide basis. Now, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs hereby move the Court for an order: (1) conditionally certifying the Settlement Classes for settlement purposes; (2) appointing Plaintiffs Mary Louis and Monica Douglas as Settlement Class Representatives, and appointing the undersigned counsel as Settlement Class Counsel; (3) Appointing Epiq as Settlement Administrator; (4) approving the proposed Notice, and directing that the Notice be disseminated to the Settlement Classes by the Settlement Administrator; (5) setting a date ninety (90) days from the date the Notice is disseminated as the deadline for submission of any objections to the proposed Settlement; and (6) scheduling a Final Approval Hearing on or after

November 18, 2024, which is ninety (90) days after the anticipated deadline for Settlement Class Members to object to the proposed Settlement. SafeRent does not object to this Motion.

In further support of the Motion, Plaintiffs state as follows:

1. On May 25, 2022, Plaintiffs filed this putative class action against Defendant SafeRent, challenging the "SafeRent Score" product, a tenant-screening service sold by Defendant and purchased by rental housing providers for the purpose of making leasing decisions. Plaintiffs filed their operative Amended Complaint on August 26, 2022. *See* ECF No. 15. Plaintiffs alleged that SafeRent violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 et seq. and Massachusetts General Laws c. 151B §§ 4(6), 4(10) ("Massachusetts Discrimination Law"), and Massachusetts General Laws, c. 93A § 9.

2. SafeRent filed a motion to dismiss the action on October 27, 2022, which the Court denied in part and granted in part on July 26, 2023. *See Louis v. SafeRent Solutions LLC*, No. 22-CV-10800-AK, 2023 WL 4766192, at *12 (July 26, 2023).

3. After engaging in good faith mediation and negotiations with the assistance of the Hon. Diane M. Welsh (ret.), the Parties reached a resolution and executed the Class Action Settlement Agreement and Release ("Agreement"). *See* Ex. 1 to the corresponding Memorandum. The Agreement and the proposed Settlement described therein resolves this action and defines the following two Settlement Classes:

> All rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Income-Based Settlement Class");

> All Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property

       using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Race-Based Settlement Class").

Ex. 1 at §§ 1.17, 1.18.

4. Under the terms of the proposed Settlement[1], SafeRent agrees to:

- for a period of five years, no longer include a SafeRent Score or an accept/decline recommendation based on a tenant screening score in any of its reports generated for customers who subscribe to or purchase the SafeRent Affordable Model, unless the tenant screening score has been validated for its use for applicants with housing vouchers by the National Fair Housing Alliance or any similar organization agreed to by the Parties;

- for a period of five years, require customers who subscribe to or purchase the Market Model or No-Credit Model to affirmatively certify that the rental applicant for whom they are requesting a SafeRent Score is not currently a recipient of any publicly-funded federal or state housing voucher; if no such certification is made, SafeRent will not include a SafeRent Score or an accept/decline recommendation based on a tenant screening score in the report it generates, unless the tenant screening score has been validated for its use for applicants with housing vouchers by the National Fair Housing Alliance or any similar organization agreed to by the Parties;

- provide training or instruction to housing providers explaining the differences between the Market Model, No-Credit Model, and Affordable Model, and explaining the changes to the SafeRent products and services that are encompassed in the proposed Agreement;

- pay a sum of $1,175,000 into a Settlement Fund to be used to make payments to members of the Settlement Classes, for costs associated with notice and administration, and for service awards to the Class Representatives that are approved by the Court, if any, up to $10,000 each, or $20,000 total; and

- pay Plaintiffs' Court-awarded attorneys' fees and costs, not to exceed $1,100,000; any unawarded funds from the $1,100,000 will be added to the amount paid to the class Settlement Fund.

5. The Parties have met and conferred and agreed on a proposed Notice. *See* Ex. 3 to the corresponding Memorandum. The proposed Notice is reasonably calculated to apprise class

---

[1] The primary terms of the proposed Settlement are explained more fully in the corresponding Memorandum at Section III.

members of the pendency of this action and their rights to object. The Notice sets forth the background of the case, recites the proposed class definitions, outlines the main terms of the proposed Settlement, explains to Settlement Class Members how to object to the Settlement, opt out from the Settlement, and the deadlines for doing so, and informs Settlement Class Members how they can obtain more information about the proposed Settlement.

6. In light of the substantial relief obtained and in consideration of the inherent risks of continued litigation, the proposed Settlement is fair, reasonable, and adequate. It was reached after counsel participated in mediation with the Honorable Diane M. Welsh (Ret.) and extensively negotiated the Settlement terms at arm's length. Further, the proposed Settlement came after two years of extensive factual investigation by Plaintiffs and motion practice; as a result of these efforts, Plaintiffs assessed the strength of their positions and negotiated the proposed Settlement based on that assessment.

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Provisionally certify the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) for settlement purposes only;

2. Appoint Plaintiffs Mary Louis and Monica Douglas, for settlement purposes only, as Settlement Class Representatives, and appoint Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center as Settlement Class Counsel;

3. Appoint Epiq as Settlement Administrator and direct Epiq to carry out the duties of the Settlement Administrator described in the Settlement;

4. Approve the Notice and direct that the Notice be disseminated to the Settlement Classes by Settlement Administrator Epiq;

5. Set a date ninety (90) days from the date Notice is disseminated as the deadline for submission of any objections to the proposed Settlement; and

6. Schedule a final approval hearing on or after November 18, 2024, which is ninety (90) days after the anticipated deadline for Settlement Class Members to object to the proposed Settlement.

| | |
|---|---|
| Dated: March 28, 2024 | Respectfully submitted, |

/s/ Christine E. Webber
Christine E. Webber (*pro hac vice*)
Brian Corman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. N.W.
Fifth Floor
Washington, D.C., 20005
Tel.: (202) 408-4600
cwebber@cohenmilstein.com
bcorman@cohenmilstein.com

Todd S. Kaplan (Bar No. 634710)
GREATER BOSTON LEGAL SERVICES
197 Friend Street
Boston, MA, 02114
Tel.: (617) 371-1234
tkaplan@gbls.org

Shennan Kavanagh (Bar No. 655174)
Ariel C. Nelson (Bar No. 705704)
Stuart Rossman (of counsel)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Boston, MA, 02110
Tel.: (617) 542-8010

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on March 28, 2024.

Dated: March 28, 2024               /s/*Christine E. Webber*