UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil Action No. 1:22-CV-10800-AK |

**ORDER CERTIFYING THE CLASSES FOR SETTLEMENT PURPOSES
AND DIRECTING NOTICE OF SETTLEMENT TO THE CLASSES**

This matter comes before the Court on Plaintiffs' Unopposed Motion to Certify the Classes for Settlement Purposes and Direct Notice to the Settlement Classes (the "Motion"). After review and consideration of the parties' Class Action Settlement Agreement and Release (the "Agreement"), the papers filed in support of the Motion, including the Welsh Declaration and the proposed form of Notice to be disseminated to the Settlement Classes, and all prior proceedings in this action, the Court hereby finds, concludes, and ORDERS as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

2. The Court finds that this action is maintainable as a class action because the prerequisites of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) are met, for the reasons set forth in Plaintiffs' Memorandum. The Court therefore conditionally certifies, for settlement purposes

1

only, the following "Settlement Classes" as defined in the Agreement:

> All rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Income-Based Settlement Class");
>
> All Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Race-Based Settlement Class").

3. Certification of the Settlement Classes is for settlement purposes only, and is without prejudice to the parties in the event the Settlement is not finally approved by this Court or does not otherwise take effect.

4. For the reasons set forth in Plaintiffs' Memorandum, the Court finds that it will likely be able to approve the proposed Settlement set forth in the Agreement as fair, reasonable, and adequate, pursuant to Fed. R. Civ. P. 23(e)(2). The Court specifically finds that the Settlement is the product of arms' length negotiations between competent counsel, reached with the aid of an experienced professional mediator, and comes after adequate investigation of the facts and legal issues by Plaintiffs and Defendant SafeRent. The Court further preliminarily finds that the relief provided in the Settlement to the Settlement Classes is adequate, taking into account, among other things, the costs, risks, and delay of trial and appeal, and the proposed method of distributing compensation to the Settlement Classes; and that the Settlement treats Settlement Class Members equitably relative to one another.

5. The Court finds that Mary Louis and Monica Douglas have adequately represented and will continue to adequately represent the Settlement Classes, and therefore

appoints Louis and Douglas as the Settlement Class Representatives for both Settlement Classes.

6. The Court finds that Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center have adequately represented, and will continue to adequately represent the Settlement Classes, and therefore appoints those law offices as Settlement Class Counsel.

7. The Court appoints Epiq as Settlement Administrator and directs Epiq to carry out all of the duties and responsibilities of Settlement Administrator as specified in the Agreement and this Order. All reasonable and necessary costs incurred by the Settlement Administrator will be paid exclusively as set forth in the Agreement.

8. The Court finds that there are grounds to issue Notice to all Settlement Class Members. The Court has reviewed the proposed Notice and the proposed method for distributing the Notice and concludes that such Notice constitutes the best notice practicable under the circumstances to the Settlement Classes and satisfies Rule 23(e) and due process, including by providing Settlement Class Members with sufficient information to enable them to make informed decisions as to the right to object or opt out of the Settlement, and hereby orders Settlement Class Counsel, SafeRent, and the Settlement Administrator to effectuate Notice of the Settlement as set forth in Section 4.2 of the Agreement.

9. The Court orders SafeRent to provide the names and, if reasonably available to SafeRent, the full or partial Social Security numbers, last known addresses, emails, and telephone numbers of all applicants for housing in Massachusetts who SafeRent assigned a SafeRent Score and, on the basis of that SafeRent Score and the threshold that the housing provider had set, recommended "decline" or "accept with conditions" on an application, between

May 25, 2020 and the date of entry of this Order.

10.     The parties may hereafter agree to non-material changes to the notice plan, including to the form and content of the Notice, without seeking further approval of the Court.

11.     The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on November 18, 2024 at the United States District Court for the District of Massachusetts for the following purposes:

   a.     To determine whether the proposed Settlement is fair, reasonable, adequate, and should be granted final approval by the Court;

   b.     To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement;

   c.     To consider the application by Settlement Class Counsel for an award of attorney's fees and costs, and the application for service awards to the Settlement Class Representatives; and

   d.     To rule upon other such matters as the Court may deem appropriate.

This date, time, and place of the Final Approval Hearing shall be included in the settlement Notice to the Settlement Classes.  If, however, the date and/or time of Final Approval Hearing is changed, notice of the change need only be posted by the Court on the case docket and by the Settlement Administrator on its case-related website.

12.     If a Settlement Class Member chooses to opt out of the settlement, that Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator that complies with the provisions set forth in Section 4.4 of the Agreement.  The request for exclusion must be postmarked on or before the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after Notice is disseminated.  To be effective, the request for exclusion must include (a) the

Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Classes; (c) an unequivocal reference by name of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.

13. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Classes and shall not be entitled to any benefits of the Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the Settlement. T he Settlement Administrator shall provide copies of all timely and valid exclusion requests to Settlement Class Counsel and SafeRent Counsel.

14. Any Class Member who wishes to be heard at the Final Approval Hearing, and/or who wishes for any objection to be considered, must comply with the objection provisions set forth in Section 4.6 of the Agreement. Any Settlement Class Member who wishes to object to the proposed Settlement must file or send to the Court a written objection that is postmarked or filed no later than the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after the Notice is first mailed. To be effective, an objection must (a) include an unequivocal reference to the case name and number of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; (b) contain the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) include the Objector's signature or the

signature or affirmation of an individual authorized to act on the Objector's behalf; (d) state with specificity the grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) contain the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) state whether the Objector intends to appear at the Final Approval Hearing, either personally or through counsel.

15. If the Objector or the Objector's attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must in addition to the requirements above contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. To the extent any Settlement Class Member objects to the proposed Settlement and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and accompanying Judgment.

16. Settlement Class Counsel or SafeRent Counsel may notice the deposition of the Objector and seek the production of documents and tangible things relevant to the Objector's objection on an expedited basis. Any objections to the scope of a deposition notice or a request to produce documents or other tangible things issued or served in connection with this provision shall be brought before the Court for resolution on an expedited basis.

17. Unless the Court directs otherwise, any Settlement Class Member who fails to comply with the provisions of the Settlement or this Order will waive and forfeit any and all

rights he, she, or it may have to object to the Settlement and/or to appear and be heard on said objection at the Final Approval Hearing. Failure to object waives a Settlement Class Member's right to appeal the Final Approval Order.

18. Other than such proceeding as are necessary to carry out the terms of the Settlement and this Order, all other deadlines set in this Action involving claims between the parties to the Settlement shall be suspended and all proceedings in this Action other than to effectuate the Settlement shall be stayed.

19. If the Court for any reason does not finally approve the Settlement or enter Judgment, or if any other order necessary to effectuate the Settlement is denied, or if the Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the Releases set forth in the Agreement or to impose greater or lesser financial or other burdens on SafeRent than those contemplated in the Agreement, then the Settlement shall be void *ab initio*. SafeRent shall also have the right to terminate the Settlement if the number of timely and valid opt-outs exceeds fifty (50).

20. This Preliminary Approval Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement shall not constitute or be offered or received against SafeRent or the other Released Parties as evidence of an admission of the truth of any fact alleged by any Plaintiff in this action or any liability, fault, or wrongdoing of SafeRent or the Released Parties; or that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

21. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

22.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or the Settlement. If a deadline is extended under this provision, notice of the change need only be posted by the Court on the case docket and by the Settlement Administrator on the Settlement Website. The following chart summarizes the dates and deadlines currently set by this Preliminary Approval Order:

| Event | Date |
|---|---|
| SafeRent provides the names and, if reasonably available to SafeRent, the full or partial Social Security numbers and last known addresses, emails, and telephone numbers of persons described in Section 4.2.1 of the Agreement | within 7 days of entry of this Preliminary Approval Order |
| Notice is first disseminated to the Settlement Classes | within 30 days after SafeRent provides the names and identifying information of the persons described in Section 4.2.1 of the Agreement |
| Claim Submission, Objection, and Exclusion Deadline | 90 days after Notice is first disseminated |
| Claim "cure" period described in Section 4.3.4 of the Agreement ends | 135 days after Notice is first disseminated |
| Plaintiffs' deadline to file a motion for final approval of the Settlement | between 155 and 165 days after Notice is first disseminated |
| Final Approval Hearing | On November 18, 2024 |

Dated: April 25, 2024

/s/ Angel Kelley

Hon. Angel Kelley
United States District Judge

8