UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil Action No. 1:22-CV-10800-AK |

**PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASSES AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

After nearly two years of vigorous advocacy and negotiation, Plaintiffs Mary Louis and Monica Douglas ("Plaintiffs") and Defendant SafeRent Solutions, LLC ("SafeRent" or "Defendant") have reached an agreement to resolve the instant action on a classwide basis. On April 25, 2024, the Court granted preliminary approval of the previously filed Class Action Settlement Agreement and Release ("Agreement") and directed notice to be issued to the Settlement Classes. Notice was provided in accordance with the Court's Order and the terms of the Agreement, and the response of the Settlement Classes has been overwhelmingly positive. Now, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs hereby move the Court for an order certifying the Settlement Classes for purposes of settlement only and granting final approval of the Settlement.

In further support of the Motion, Plaintiffs state as follows:

1

1. On May 25, 2022, Plaintiffs filed this putative class action against Defendant SafeRent, challenging the "SafeRent Score" product, a tenant-screening service sold by Defendant and purchased by rental housing providers for the purpose of making leasing decisions. Plaintiffs filed their operative Amended Complaint on August 26, 2022. *See* ECF No. 15. Plaintiffs alleged that SafeRent violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 et seq. and Massachusetts General Laws c. 151B §§ 4(6), 4(10) ("Massachusetts Discrimination Law"), and Massachusetts General Laws, c. 93A § 9.

2. SafeRent filed a motion to dismiss the action on October 27, 2022, which the Court denied in part and granted in part on July 26, 2023. *See Louis v. SafeRent Solutions LLC*, No. 22-CV-10800-AK, 2023 WL 4766192, at *12 (July 26, 2023).

3. After engaging in good faith mediation and negotiations with the assistance of the Hon. Diane M. Welsh (ret.), the Parties reached a resolution and executed the Class Action Settlement Agreement and Release ("Agreement"). *See* Ex. 1 to the corresponding Memorandum. The Agreement and the proposed Settlement described therein resolves this action and defines the following two Settlement Classes:

> All rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Income-Based Settlement Class");
>
> All Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Race-Based Settlement Class").

Ex. 1 at §§ 1.17, 1.18.

4. Under the terms of the proposed Settlement[1], SafeRent agrees to:

- for a period of five years, no longer include a SafeRent Score or an accept/decline recommendation based on a tenant screening score in any of its reports generated for customers who subscribe to or purchase the SafeRent Affordable Model, unless the tenant screening score has been validated for its use for applicants with housing vouchers by the National Fair Housing Alliance or any similar organization agreed to by the Parties;

- for a period of five years, require customers who subscribe to or purchase the Market Model or No-Credit Model to affirmatively certify that the rental applicant for whom they are requesting a SafeRent Score is not currently a recipient of any publicly-funded federal or state housing voucher; if no such certification is made, SafeRent will not include a SafeRent Score or an accept/decline recommendation based on a tenant screening score in the report it generates, unless the tenant screening score has been validated for its use for applicants with housing vouchers by the National Fair Housing Alliance or any similar organization agreed to by the Parties;

- provide training or instruction to housing providers explaining the differences between the Market Model, No-Credit Model, and Affordable Model, and explaining the changes to the SafeRent products and services that are encompassed in the proposed Agreement;

- pay a sum of $1,175,000 into a Settlement Fund to be used to make payments to members of the Settlement Classes, for costs associated with notice and administration, and for service awards to the Class Representatives that are approved by the Court, if any, up to $10,000 each, or $20,000 total; and

- pay Plaintiffs' Court-awarded attorneys' fees and costs, not to exceed $1,100,000; any unawarded funds from the $1,100,000 will be added to the amount paid to the class Settlement Fund.

5. Notice was distributed successfully in accordance with the Court's Preliminary Approval Order and the terms of the Agreement. The period for Settlement Class Members to submit claims, objections, and requests for exclusion ended on September 3, 2024, and the reaction of the Settlement Classes has been overwhelmingly positive, with only one objection (from a non-class member) and eight valid requests for exclusion.

---

[1] The primary terms of the proposed Settlement are explained more fully in the corresponding Memorandum at Section III.

6. Class Counsel have worked diligently with Settlement Administrator Epiq to verify that claimants held housing vouchers during the relevant time, as required by the Settlement Agreement. To date, through all of the methods described in Section IV of the corresponding memorandum, Class Counsel and Epiq have confirmed that 421 total claimants held housing vouchers during the relevant time period and are thus Settlement Class Members who will receive payment. 316 claimants remain unverified and Class Counsel and Epiq esimtate that they will need an additional 30 days, until December 9, 2024, to ensure that all of the verification processes described above and in the Settlement Agreement have been completely exhausted. If, by December 9, 2024, Class Counsel or Epiq has not been able to verify that a claimant held a housing voucher during the relevant time period, that claimant will be sent notification that their status as a Member of the Settlement Classes could not be confirmed and they will not receive payment under the Settlement.

7. In light of the substantial relief obtained and in consideration of the inherent risks of continued litigation, the proposed Settlement is fair, reasonable, and adequate. It was reached after counsel participated in mediation with the Honorable Diane M. Welsh (Ret.) and extensively negotiated the Settlement terms at arm's length. Further, the proposed Settlement came after two years of extensive factual investigation by Plaintiffs and motion practice; as a result of these efforts, Plaintiffs assessed the strength of their positions and negotiated the proposed Settlement based on that assessment.

WHEREFORE, Plaintiffs respectfully request that the Court enter the proposed Final Approval Order, attached as Exhibit 2 to the corresponding memorandum, and Final Judgment, attached as Exhibit 3 to the corresponding memorandum.

Dated: November 8, 2024                          Respectfully submitted,

*/s/ Christine E. Webber*
Christine E. Webber (*pro hac vice*)
Brian Corman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. N.W.
Fifth Floor
Washington, D.C., 20005
Tel.: (202) 408-4600
cwebber@cohenmilstein.com
bcorman@cohenmilstein.com

Todd S. Kaplan (Bar No. 634710)
GREATER BOSTON LEGAL SERVICES
197 Friend Street
Boston, MA, 02114
Tel.: (617) 371-1234
tkaplan@gbls.org

Shennan Kavanagh (Bar No. 655174)
Ariel C. Nelson (Bar No. 705704)
Stuart Rossman (of counsel)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, Boston, MA, 02110
Tel.: (617) 542-8010

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on November 8, 2024.

Dated: November 8, 2024              /s/*Christine E. Webber*