# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Mary Louis and Monica Douglas (the "Settlement Class Representatives"), on behalf of themselves and the Settlement Classes (as defined below), on one hand, and SafeRent Solutions, LLC ("SafeRent"), on the other hand (collectively the "Parties").

## RECITALS

WHEREAS, the Settlement Class Representatives are plaintiffs in a putative class action in the United States District Court for the District of Massachusetts styled *Louis et al. v. SafeRent Solutions, LLC et al.*, Case No. 1:22-cv-10800 (the "Litigation");

WHEREAS, the Complaint and Amended Complaint filed in the Litigation assert putative class action claims against SafeRent for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3604 et seq. (the "FHA"), and Massachusetts law, M.G.L. ch. 151B § 4(5), (6), (10) ("Massachusetts Discrimination Law") and M.G.L. ch. 93A § 9 ("Massachusetts Consumer Protection Law"), arising out of use of the proprietary "SafeRent Score" to make rental housing decisions for applicants in Massachusetts holding publicly funded housing vouchers and applicants in Massachusetts holding publicly funded housing vouchers who are Black and/or Hispanic;

WHEREAS, SafeRent filed a motion to dismiss the Amended Complaint on October 27, 2022 on multiple grounds, including that SafeRent is not subject to liability under the FHA or state housing discrimination laws, which was supported by an amicus brief submitted by the Consumer Data Industry Association;

WHEREAS, the Plaintiffs opposed SafeRent's motion to dismiss, which was supported by a statement of interest submitted by the United States Department of Justice and the United States Department of Housing and Urban Development;

WHEREAS, the United States District Court for the District of Massachusetts granted in part and denied in part the motion to dismiss on July 26, 2023, dismissing the claims under M.G.L. ch. 93A, and leaving claims under the FHA and Massachusetts Discrimination Law for further litigation;

WHEREAS, the Parties and their counsel conducted arms-length settlement negotiations, including a full-day mediation session with the Honorable Diane M. Welsh (Ret.) on November 6, 2023, and extensive and hard-fought negotiations facilitated by Judge Welsh in the six weeks following;

WHEREAS, the Parties have each conducted an investigation of the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Litigation;

WHEREAS, SafeRent denies that it engaged in any wrongdoing or that the claims asserted in the Complaint or Amended Complaint have merit;

WHEREAS, the Parties have considered the uncertainties of trial and any appeals and the benefits to be obtained by settlement and have considered the costs, risks, and delays associated

1

with the continued prosecution and defense of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either the Settlement Class Representatives or SafeRent;

WHEREAS, the Parties now desire to resolve all claims of the Settlement Class Representatives and Settlement Classes against SafeRent that are asserted in the Litigation to avoid the uncertainty and expense of litigation;

WHEREAS, the Parties intend for this Agreement to supersede all other agreements between the Parties that may exist;

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the Settlement Class Representatives on behalf of themselves and the Settlement Classes, the Settlement Classes, and SafeRent, themselves and through their undersigned counsel, agree to settle the Litigation, subject to Court approval, under the following terms and conditions.

## AGREEMENT

1.    **DEFINITIONS.**  Unless otherwise indicated or defined above, the following shall be defined terms for purposes of this Agreement.  Some of the definitions in this Section use terms that are defined later in the Section.

1.1.    "**Agreement**" means this Class Action Settlement Agreement and Release, including all amendments and Exhibits hereto.

1.2.    "**Amended Complaint**" means the operative first amended class action complaint filed in the Litigation on August 26, 2022 (ECF No. 15).

1.3.    "**Cash Payment**" means the amount to be paid to each Payment Eligible Settlement Class Member as set forth in Section 4.7.1 of this Agreement.

1.4.    "**Claims**" means any and all actual or potential claims, counterclaims, actions, causes of action, liabilities, monetary relief, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), injunctive relief, costs, fees, attorneys' fees, or penalties of any kind.

1.5.    "**Claim Form**" means the form that Settlement Class Members must submit, either in paper form or electronically, to obtain a Cash Payment available through this Settlement, in substantially the form of **Exhibit E** attached hereto.  The Claim Form shall require each Settlement Class Member to provide (1) the Settlement Class Member's name and contact information, such as mailing address, phone number, and/or email; and (2) either (a) documentation sufficient to show that the Settlement Class Member held a publicly funded housing voucher during the Relevant Period, or (b) a statement signed under penalty of perjury, which shall be provided in the Claim Form, attesting that the Settlement Class Member held a publicly funded housing voucher during the Relevant Period. If the Settlement Class Member does not provide documentation of the voucher, the Settlement Class Member must identify, if possible, the Public Housing Agency (PHA) that approved and/or issued the voucher and whether the voucher was a federally funded voucher (such as a Section 8 Housing Choice Voucher) or a state funded voucher,  and must provide informed consent to the Settlement Administrator to allow the Settlement Administrator

to contact any relevant federal, state or local agencies, which would authorize the PHA, the Department of Housing and Urban Development (HUD), and/or the Massachusetts Executive Office of Housing and Livable Communities (EOHLC) to provide confirmation of the Settlement Class Member's voucher status to the Settlement Administrator; and (3) if the Settlement Class Member claims to be a member of the Massachusetts Race-Based Settlement Class, a statement signed under penalty of perjury that the Settlement Class Member identifies as Black or Hispanic. The Claim Form will contain language informing Settlement Class Members that, by submitting a Claim Form without documentation described in (2)(a) above, the Settlement Class Member is allowing the PHA, HUD, and/or the EOHLC to provide the Settlement Administrator with information about the Settlement Class Member's voucher status and allowing the Settlement Administrator to finally determine whether the Settlement Class Member is Cash Eligible based on the information, if any, provided by the PHA, HUD, and/or EOHLC.

1.6.    "**Claims Submission Deadline**" means the date ninety (90) days after the date the Settlement Administrator first disseminates Notice pursuant to Section 4.2 of this Agreement, and is the deadline by which Settlement Class Members must submit a Claim Form to the Settlement Administrator in order for the claim to be considered valid, as set forth in Section 4.3.2 of this Agreement.

1.7.    "**Class Representative Service Award**" means an amount not to exceed ten thousand dollars ($10,000.00) for each Mary Louis and Monica Douglas, to be awarded at the discretion of the Court and paid out of the Settlement Fund, which is intended to compensate the Settlement Class Representatives for their work in the Litigation and on behalf of the Settlement Classes.

1.8.    "**Complaint**" means the original putative class action complaint filed in the Litigation on May 25, 2022 (ECF No. 1).

1.9.    "**Court**" means the United States District Court for the District of Massachusetts.

1.10.    "**Credit Score**" means a numerical value or categorization derived from a statistical tool or modeling system often used by a person who makes or arranges a loan to predict the likelihood of certain credit behaviors, including default.  For the avoidance of doubt, a "Credit Score" includes a FICO score, a VantageScore, or similar score that is calculated based on information in a consumer's credit file at a consumer reporting agency (such as Equifax, Experian, or TransUnion) to represent the likelihood that someone will pay back money they borrow. For the avoidance of doubt, a Credit Score is not a Tenant Screening Score.

1.11.    "**Effective Date**" means the date on which all of the following events have occurred: (a) the Court has entered both the Final Approval Order and the Judgment, *and* (b) either: (i) the time to appeal from the Judgment and all orders entered in connection with the Judgment has expired and no appeal has been taken; or (ii) if a timely appeal of the Judgment or any order entered in connection with the Judgment is taken and the Judgment and all orders entered in connection with the Judgment are not reversed in any way, the date on which the Judgment and all orders entered in connection with the Judgment are no longer subject to further direct appellate review.

**1.12.** "**Exclusion/Objection Deadline**" means the date ninety (90) days after the Settlement Administrator first disseminates Notice pursuant to Section 4.2 of this Agreement, and is the deadline by which Settlement Class Members must exclude themselves from the Settlement Classes or object to the Settlement, as set forth in Sections 4.4 and 4.6 of this Agreement.

**1.13.** "**Final Approval Hearing**" means the hearing(s) to be held by the Court, at least two hundred (200) days after the Preliminary Approval Order is entered, to consider and determine whether the proposed Settlement of the Litigation on the terms of this Agreement should be finally approved as fair, reasonable, and adequate, and whether both the Final Approval Order and Judgment should be entered. If there are any delays in the dissemination of Notice to the Classes, the Parties agree that they will request a later date for the Final Approval Hearing before the Notice goes out, to allow the notice and claims process to proceed as planned.

**1.14.** "**Final Approval Order**" means the order finally approving the Settlement and directing its consummation pursuant to its terms and conditions, approving the Releases, and dismissing the claims asserted by the Settlement Class Representatives against SafeRent in the Litigation with prejudice. The Final Approval Order shall be substantially in the form of **Exhibit B** attached hereto, subject to such non-substantive modifications as the Court may direct.

**1.15.** "**Judgment**" means the Judgment to be entered by the Court. The Judgment shall be substantially in the form of **Exhibit C** attached hereto, subject to such modifications as the Court may direct.

**1.16.** "**Litigation**" means the civil action styled *Louis et al. v. SafeRent Solutions, LLC et al.*, Case No. 1:22-cv-10800, currently pending in the Court.

**1.17.** "**Massachusetts Income-Based Settlement Class**" means all rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of entry of the Preliminary Approval Order.

**1.18.** "**Massachusetts Race-Based Settlement Class**" means all Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order.

**1.19.** "**Notice**" means the notice of the terms of the proposed Settlement provided to Settlement Class Members in the manner contemplated by Section 4.2 of this Agreement that shall be provided to Settlement Class Members in the manner contemplated by Sections 4.2.1 and 4.2.2 of this Agreement. The Notice shall be substantially in the form of **Exhibit D** attached hereto.

**1.20.** "**Notice And Settlement Administration Costs**" means all fees, costs, and other expenses, without limitation, relating to the Settlement Administrator's implementation and administration of this Agreement.

**1.21.** "**Notice And Settlement Administration Costs Advance**" means an advance on the Notice And Settlement Administration Costs in the amount of $75,000 to be paid by SafeRent

to the Settlement Administrator within twenty (20) days after the date of entry of the Preliminary Approval Order, as provided in Section 2.5.2 of this Agreement.

     **1.22.** "**Objector**" means a Settlement Class Member who objects to the Settlement pursuant to and consistent with the procedures laid out in Section 4.6 of this Agreement.

     **1.23.** "**Order**" includes, as appropriate, the Preliminary Approval Order, the Final Approval Order, any orders relating to a Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees And Costs Award, and the Judgment.

     **1.24.** "**Parties**" means the Settlement Class Representatives, individually and in their capacities as representatives of the Settlement Classes, and SafeRent.

     **1.25.** "**Payment Eligible**," when used in conjunction with "Settlement Class Member," "Massachusetts Income-Based Settlement Class," or "Massachusetts Race-Based Settlement Class," means a Settlement Class Member or member of the Massachusetts Income-Based Settlement Class or Massachusetts Race-Based Settlement Class who has submitted a valid Claim Form by the Claims Submission Deadline pursuant to Section 4.3.2 of this Agreement and has not sought to be excluded from the Settlement under the provisions of Section 4.4.

     **1.26.** "**Preliminary Approval Order**" means the order finding that the Court will likely be able to approve this Agreement as fair, reasonable and adequate and therefore that notice of the Agreement should be provided to the Settlement Class; provisionally certifying the Settlement Classes for purposes of the settlement; provisionally appointing the Settlement Class Representatives as the representatives for the Settlement Classes; provisionally appointing Settlement Class Counsel as class counsel; staying further proceedings between the Parties in the Litigation and staying any litigation of the Released Claims by any member of the Settlement Classes pending final settlement approval; authorizing the Notice and method of distributing the Notice to the Settlement Classes, including SafeRent's provision to the Settlement Administrator of the identifying information for Settlement Class Members available in SafeRent's databases (*i.e.*, as available, addresses, phone numbers, email addresses, and full or partial social security numbers); and setting the date and time of the Final Approval Hearing. The Preliminary Approval Order shall be substantially in the form of **Exhibit A** attached hereto, subject to such modifications and the Court may direct.

     **1.27.** "**Releases**" means the releases and covenants not to sue granted pursuant to Section 3.6 of this Agreement.

     **1.28.** "**Released Claims**" means any Claims arising out of conduct that occurred as of the date this Settlement Agreement has been executed by all Parties relating to:

          **1.28.1.** violations of the FHA, Massachusetts Discrimination Law, or Massachusetts Consumer Protection Law alleged in the Litigation;

          **1.28.2.** any and all Claims asserted in the Litigation, or based on allegations identified in the Complaint or Amended Complaint; or

    **1.28.3.** any and all claims made by voucher-holders for discrimination attributable to SafeRent Scores.

   **1.29.** "**Released Parties**" means SafeRent Solutions, LLC, and each of its predecessors, successors (including without limitation acquirers of all or substantially all of its assets, stock, or other ownership interests), and assigns; the past, present, and future, indirect and direct, parents, subsidiaries, and affiliates; and the past, present, and future principals, trustees, partners, managers, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including without limitation acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

   **1.30.** "**Releasing Parties**" means the Settlement Class Representatives, all Settlement Class Members who have not timely and validly excluded themselves from the Settlement Class as set forth in Section 4.4 of this Agreement, and any person or entity claiming by, for, on behalf of, or through them.

   **1.31.** "**Relevant Period**" means, for members of the Massachusetts Income-Based Settlement Class, the period beginning May 25, 2021 and ending on the date of entry of the Preliminary Approval Order, and for members of the Massachusetts Race-Based Settlement Class, the period beginning May 25, 2020 and ending on the date of entry of the Preliminary Approval Order.

   **1.32.** "**SafeRent**" means SafeRent Solutions, LLC.

   **1.33.** "**SafeRent Counsel**" means the law firm of Covington & Burling LLP.

   **1.34.** "**SafeRent Score**" means the product sold by SafeRent to housing providers that uses rental applicant data and one of several proprietary scoring models to assign to the applicant a three-digit value or score and, based on that score and the score criteria provided to SafeRent by the housing provider, reports to the housing provider based on the housing provider's criteria whether the rental applicant's application should be "approved," "approved with conditions," or "declined."

   **1.35.** "**Settlement**" means the full and final resolution of the Litigation and related claims effectuated by this Agreement.

   **1.36.** "**Settlement Administrator**" means or refers to Epiq, if approved by the Court in the Preliminary Approval Order, which shall perform the services contemplated by Section 2 of this Agreement and such other reasonable services to efficiently effectuate this Agreement as agreed to by both Settlement Class Counsel and SafeRent or as approved by the Court.

   **1.37.** "**Settlement Class Counsel**" means the law firm of Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center.

   **1.38.** "**Settlement Class Counsel Attorneys' Fees And Costs Award**" means an amount not to exceed one million one hundred thousand dollars ($1,100,000.00), to be awarded at the discretion of the Court to Settlement Class Counsel.

**1.39.** "**Settlement Class Counsel Attorneys' Fees And Costs Award Cap**" means the maximum amount that Settlement Class Counsel agrees to seek as the Settlement Class Counsel Attorneys' Fees and Costs Award, *i.e.*, one million one hundred thousand dollars ($1,100,000.00).

**1.40.** "**Settlement Class Dedicated Compensation**" means one million one hundred and seventy five thousand dollars ($1,175,000.00) that SafeRent agrees to pay into the Settlement Fund, which shall be used to make Cash Payments to Payment Eligible Settlement Class Members, to pay the Notice And Settlement Administration Costs, and to pay any Class Representative Service Awards.

**1.41.** "**Settlement Classes**" means all members of the Massachusetts Income-Based Settlement Class and all members of the Massachusetts Race-Based Settlement Class.

**1.42.** "**Settlement Class Member**" means any person who is a member of the Massachusetts Income-Based Settlement Class or the Massachusetts Race-Based Settlement Class.

**1.43.** "**Settlement Class Potential Additional Compensation**" means the difference, if any, between the Settlement Class Counsel Attorneys' Fees And Costs Award awarded at the discretion of the Court and the Settlement Class Counsel Attorneys' Fees And Costs Award Cap. The Settlement Class Potential Additional Compensation, if any exists, is to be added to the Settlement Fund and distributed to Payment Eligible Settlement Class Members as provided in Section 4.7 of this Agreement.

**1.44.** "**Settlement Class Representatives**" means, collectively, Mary Louis and Monica Douglas, individually and in their capacities as representatives of the Settlement Classes.

**1.45.** "**Settlement Class Spreadsheet**" means the dataset to be exported from SafeRent's databases in connection with Section 4.2.1 of this Agreement, which shall contain the name, address, email (if any), telephone (if any), and full or partial social security number (if any) submitted to SafeRent in connection with an application for rental housing in Massachusetts between May 25, 2020 and the date of entry of the Preliminary Approval Order, for whom SafeRent generated a SafeRent Score and, on the basis of that SafeRent Score and the threshold that the housing provider set, recommended "decline" or "accept with conditions" on the application.

**1.46.** "**Settlement Fund**" means a Qualified Settlement Fund for which SafeRent will be a "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) with respect to the amounts transferred, and for which the Settlement Administrator will be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the Settlement Fund, paying from the Settlement Fund any taxes owed by or with respect to the Settlement Fund, and applying with any applicable information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(1)(2) or any other applicable law on or with respect to the Settlement Fund and in accordance with this Agreement.

**1.47.** "**Settlement Website**" means the website that shall be created for Settlement administration purposes by the Settlement Administrator in the manner contemplated by Section 4.2.2 of this Agreement.

**1.48.** "**Tenant Screening Score**" means any numerical score or rating created by SafeRent or any other tenant screening company based on information about an applicant for housing that is designed to represent an applicant's likelihood of certain rental behaviors, including lease default, and is used by a housing provider to determine whether the housing provider should rent to that applicant. For the avoidance of doubt, a Credit Score is not a Tenant Screening Score.

**1.49.** "**Total Settlement Consideration**" means the total amount payable by SafeRent to Payment Eligible Settlement Class Members under Section 4.7.1 of this Agreement, plus the Notice And Settlement Administration Costs, any Class Representative Service Awards, and any Settlement Class Counsel Attorneys' Fees And Costs Award, together not to exceed two million two hundred and seventy five thousand dollars ($2,275,000.00).

## 2.    SETTLEMENT ADMINISTRATION.

**2.1.    Settlement Administrator.** The Settlement Administrator shall administer various aspects of the Settlement as described in the Agreement.

**2.2.    Duties of Settlement Administrator.** The duties of the Settlement Administrator, in addition to any other responsibilities that are described in this Agreement, shall include but are not limited to:

**2.2.1.** Serving notice as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the filing of the Motion for Preliminary Approval;

**2.2.2.** Securely maintaining all data provided to the Settlement Administrator in connection with this Settlement, including the data in the Settlement Class Spreadsheet;

**2.2.3.** Providing Notice to Settlement Class Members as set forth in this Agreement or as otherwise directed by the Court;

**2.2.4.** Establishing and maintaining the Settlement Website, which shall bear a URL that is subject to the Parties' approval, as a means for Settlement Class Members to obtain Notice and information about the Settlement;

**2.2.5.** Establishing and maintaining a toll-free telephone helpline to which Settlement Class Members may refer for information about the Litigation and Settlement;

**2.2.6.** Establishing and maintaining a system for collecting the submission of electronic Claim Forms that may be submitted to the Settlement Administrator through the Settlement Website;

**2.2.7.** Providing an address for (i) the submission of Claim Forms by mail to the Settlement Administrator and (ii) mailed requests for exclusion from Settlement Class Members;

**2.2.8.** Responding to inquiries related to the Litigation and Settlement from Settlement Class Members;

**2.2.9.** Processing and determining the validity of any requests for exclusion by Settlement Class Members;

**2.2.10.** Based on authorization in the Claim Form, contacting relevant agencies for confirmation of Settlement Class Members' voucher status;

**2.2.11.** Providing notice to Settlement Class Members of any deficiency in their Claim Forms, with direction on how to cure such deficiencies, as provided in Section 4.3.4;

**2.2.12.** Providing interim reports on request by Settlement Class Counsel or SafeRent Counsel and, within one hundred and forty five (145) days after the Settlement Administrator first disseminates notice, a final report to Settlement Class Counsel and SafeRent Counsel that summarizes the number of claims received from Settlement Class Members since the prior reporting period, the total number of claims received to date, the number of any claims accepted and denied since the prior reporting period, the total number of claims accepted and denied to date, and any other pertinent information requested by Settlement Class Counsel or SafeRent Counsel;

**2.2.13.** Providing interim reports on request by Settlement Class Counsel or SafeRent Counsel and, within one hundred and forty five (145) days after the Settlement Administrator first disseminates notice, a final report to Settlement Class Counsel and SafeRent Counsel that summarizes the number of requests for exclusion received from Settlement Class Members since the prior reporting period, the total number of exclusion requests received to date, the names and addresses of all Settlement Class Members who made a request for exclusion, and any other pertinent information requested by Settlement Class Counsel or SafeRent Counsel;

**2.2.14.** Providing interim reports on request by Settlement Class Counsel or SafeRent Counsel and, within one hundred and forty five (145) days after the Settlement Administrator first disseminates notice, a final report to Settlement Class Counsel and SafeRent Counsel that summarizes the number of notices mailed, the number returned undeliverable, the number of undeliverable notices for which new potential address information was obtained, the number of notices remailed, and any other pertinent information requested by Settlement Class Counsel or SafeRent Counsel;

**2.2.15.** No later than seven (7) days before the motion for final approval of this Settlement is due under Section 5.2 of this Agreement, preparing and submitting to Settlement Class Counsel and SafeRent Counsel a declaration to submit to the Court affirming its compliance with the notice (including CAFA notice) and settlement administration provisions of this Agreement, and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Classes;

**2.2.16.** Reviewing, determining the validity of, and responding to all Claim Forms submitted;

**2.2.17.** Providing all information to SafeRent that SafeRent deems necessary before it can perform any of its obligations under this Agreement, including transferring any funds to the Settlement Administrator;

**2.2.18.** Processing and transmitting Cash Payments, either in paper or electronic form, to Settlement Class Members as provided in this Agreement;

**2.2.19.** Paying any invoices, expenses, taxes, fees, and other costs contemplated by this Agreement or required by law; and

**2.2.20.** Performing any other settlement administration-related functions reasonably necessary to efficiently effectuate this Agreement, with the consent of both Settlement Class Counsel and SafeRent Counsel, or as approved or ordered by the Court.

**2.3.   Confidentiality.**  The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided in this Agreement, by Court order, or by written agreement of the Parties.

**2.4.   Cooperation.**  SafeRent and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification of the Settlement Fund as a Qualified Settlement Fund, including the relation-back election within the meaning of Treasury Regulation § 1.468B-1(j).

**2.5.   Payment of Notice And Settlement Administration Costs.**

**2.5.1.**  All Notice And Settlement Administration Costs, including all costs associated with providing notice to the appropriate state and federal government officials as may be required by the Class Action Fairness Act, shall be paid from the Settlement Fund.  The Notice And Settlement Administration Costs shall be paid and deducted from the Total Class Consideration prior to distribution of Cash Payments to Payment Eligible Settlement Class Members, and shall not increase SafeRent's monetary obligations under this Agreement.

**2.5.2.**  An advance on the Notice And Settlement Administration Costs shall be paid by SafeRent to the Settlement Administrator in the amount of $75,000 (the "Notice And Settlement Administration Costs Advance"), within twenty (20) days after the date of entry of the Preliminary Approval Order.

**2.5.3.**  In the event this Agreement is not approved or is terminated, or the proposed Settlement fails to become final and effective for any reason, including without limitation if the Final Approval Order or Judgment are reversed, vacated, or modified following any appeal, the Settlement Administrator shall return to SafeRent the Notice And Settlement Administration Costs Advance less any Notice and Settlement Administration Costs actually incurred.

3.    **SETTLEMENT TERMS.**

    3.1.    **Certification of the Settlement Classes.**

        **3.1.1.**    Solely for the purposes of Settlement and the proceedings contemplated herein for effectuating the Settlement, the Parties stipulate and agree that the Court may (i) certify the Settlement Classes in accordance with the definitions contained in Sections 1.17, 1.18, and 1.41 of this Agreement; (ii) appoint Mary Louis and Monica Douglas as Settlement Class Representatives to represent the Settlement Classes for Settlement purposes; and (iii) appoint Settlement Class Counsel as counsel for the Settlement Classes.  Certification of the Settlement Classes shall be effective and binding only with respect to the Settlement and Agreement.

        **3.1.2.**    It is expressly recognized and agreed that this stipulation as to the certification of the Settlement Classes and the appointment of Settlement Class Representatives and Settlement Class Counsel shall be of no force and effect and has no evidentiary significance outside of or beyond enforcing the terms of this Agreement.  By entering this Agreement, SafeRent does not waive its right to challenge or contest the maintenance of any lawsuit against it as a class action or to oppose certification of any class other than the Settlement Classes in connection with the Settlement memorialized in this Agreement.

    3.2.    **Financial Consideration for Settlement Classes.**

        **3.2.1.**    Within thirty (30) days after the Effective Date, SafeRent shall transfer into the Settlement Fund the Settlement Class Dedicated Compensation plus the Settlement Class Potential Additional Compensation, if any, less the Notice And Settlement Administration Costs Advance.

        **3.2.2.**    The Notice And Settlement Administration Costs and any Class Representative Service Awards shall be paid exclusively from the Settlement Fund.  Following payment of the Notice And Settlement Administration Costs and any Class Representative Service Awards, the remaining funds in the Settlement Fund shall be distributed to Payment Eligible Settlement Class Members as set forth in Section 4.7 of this Agreement.

        **3.2.3.**    SafeRent shall have no monetary obligation to Settlement Class Members or to the Settlement Administrator other than the obligations set forth in this Agreement.

    3.3.    **Service Awards to Settlement Class Representatives.**

        **3.3.1.**    The Parties agree that the Settlement Class Representatives may apply to the Court for Class Representative Service Awards, not to exceed ten thousand dollars ($10,000.00) each for Mary Louis and Monica Douglas.  Any such motion, if filed, must be filed at the time the Parties file the motion for preliminary approval of the settlement.  Any such motion shall be posted on the Settlement Website within two (2) business days after the Settlement Website becomes operational.  Subject to Court approval, SafeRent agrees to pay from the Settlement Fund the Class Representative Service Award(s) in an amount awarded by the Court, provided that any such Award does not exceed ten thousand dollars ($10,000.00) each for Mary Louis and Monica Douglas.

**3.3.2.** The Settlement Class Representatives' entitlement, if any, to a Class Representative Service Award will be determined by the Court. The Settlement shall not be conditioned on Court approval of any Class Representative Service Award. In the event the Court declines any motion for a Class Representative Service Award or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties. The Settlement Class Representatives agree not to appeal denial of a motion for a Class Representative Service Award or an award in an amount that is less than requested.

**3.3.3.** Within forty-five (45) days after the Effective Date, the Settlement Administrator shall pay any Class Representative Service Award out of the Settlement Fund in accordance with instructions provided in writing by Settlement Class Counsel on any of Settlement Class Counsel's firm letterhead or by email from Settlement Class Counsel.

**3.3.4.** Any Class Representative Service Award shall be paid and deducted from the Settlement Fund, as set forth in Section 4.7.1 of this Agreement, and shall not increase SafeRent's monetary obligation under this Agreement.

**3.4.    Attorneys' Fees and Costs.**

**3.4.1.** Settlement Class Counsel may file a motion with the Court requesting an award of attorneys' fees and costs in an amount not to exceed the Settlement Class Counsel Attorneys' Fees And Costs Award Cap (*i.e.*, one million one hundred thousand dollars ($1,100,000.00)), to be paid by SafeRent. Any such motion, if it is filed, must be filed at the time the Parties file the motion for preliminary approval of the settlement. Any such motion will be posted on the Settlement Website within two (2) business days after the Settlement Website becomes operational. Subject to Court approval, SafeRent agrees to pay the Settlement Class Counsel Attorneys' Fees And Costs Award in an amount awarded by the Court, provided that any such award does not exceed one million one hundred thousand dollars ($1,100,000.00).

**3.4.2.** Settlement Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses will be determined by the Court. The Settlement shall not be conditioned on Court approval of the Settlement Class Counsel Attorneys' Fees And Costs Award. In the event the Court declines any motion for Settlement Class Counsel Attorneys' Fees And Costs or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties. Settlement Class Counsel agree not to appeal denial of a motion for Settlement Class Counsel Attorneys' Fees And Costs or an award in an amount that is less than requested.

**3.4.3.** Settlement Class Counsel shall have the sole and absolute discretion to allocate the attorneys' fees and costs among themselves. SafeRent shall have no liability or other responsibility for allocation of any such fees and costs awarded, and, in the event that any dispute arises relating to the allocation of fees, Settlement Class Counsel agree to hold SafeRent harmless from any and all such liabilities, costs, and expenses of such dispute.

**3.4.4.** Within seven (7) days of the later of (i) the Effective Date or (ii) the receipt by SafeRent of all tax forms and/or payment information reasonably requested by SafeRent,

SafeRent shall pay any Court-approved Settlement Class Counsel Attorneys' Fees And Costs Award in accordance with instructions provided in writing by Settlement Class Counsel on any of Settlement Class Counsel's firm letterhead or by email from Settlement Class Counsel.

**3.4.5.**  In the event the Court denies a motion by Settlement Class Counsel for an award of attorneys' fees, costs, and/or expenses in connection with the Litigation, or awards less than the Settlement Class Counsel Attorney' Fees And Costs Award Cap (*i.e.*, one million one hundred thousand dollars ($1,100,000.00)), then the difference between the amount awarded by the Court and the Settlement Class Counsel Attorney' Fees And Awards Cap (*i.e.* the "Settlement Class Potential Additional Compensation"), shall be paid by SafeRent into the Settlement Fund as provided in Section 3.2.1 of this Agreement.  For the avoidance of doubt, the total amount SafeRent shall be required to pay into the Settlement Fund, including payments to Payment Eligible Settlement Class Members, Settlement Class Representatives, and the Settlement Administrator, plus the amount the Court determines SafeRent shall pay to Settlement Class Counsel, shall not exceed the Total Settlement Consideration.

**3.5.    Practice Change Consideration for Settlement Classes.**

**3.5.1.**  In further consideration for the complete and final settlement of the Litigation, the Releases, and other promises and covenants set forth in this Agreement, and subject to the other terms and conditions of this Agreement, SafeRent agrees to comply with the following practices for a period of five (5) years beginning on the date that SafeRent certifies to Settlement Class Counsel that the changes described below have been made, provided that the obligations imposed by this Section 3.5 shall begin no later than the date that is twelve (12) months from the execution date of this Agreement.

**3.5.2.**  For SafeRent customers who subscribe to or purchase the "affordable" SafeRent Score model (or any comparable SafeRent Score model SafeRent may in the future create) and use that model to process a rental application, SafeRent will not include a SafeRent Score or other Tenant Screening Score except as set forth in Section 3.5.5(ii)(1) on that tenant screening report provided in connection with that rental application, or an accept/decline recommendation based on any Tenant Screening Score, but will provide a report with underlying information.

**3.5.3.**  For SafeRent customers who subscribe to or purchase the "market" SafeRent Score model or "no-credit" SafeRent Score model (or any comparable SafeRent Score models SafeRent may in the future create) and use that model to process a rental application, SafeRent shall require the customer to affirmatively certify that the rental applicant for whom they are requesting the "market" or "no-credit" model is not currently a recipient of any publicly-funded federal or state housing voucher in connection with the rental.  If the customer does not affirmatively certify to SafeRent that the rental applicant for whom they are requesting the "market" or "no-credit" model is not currently a recipient of any publicly-funded federal or state housing voucher in connection with the rental, SafeRent will not include a SafeRent Score or other Tenant Screening Score except as set forth in Section 3.5.5(ii)(1) on that tenant screening report, or an accept/decline recommendation based on any Tenant Screening Score, but will provide a report with underlying information.

**3.5.4.** SafeRent shall provide training or instruction about the SafeRent Score to housing providers that will include an explanation of the difference between the "affordable" model and the "market" and "no-credit" models and will explain the changes to the SafeRent products and services that are encompassed in this Agreement.

**3.5.5.** Nothing in this Agreement or Settlement shall be construed to:

(i)     require SafeRent to affirmatively investigate whether an applicant for rental housing from a housing provider that uses SafeRent's tenant screening service is seeking to use publicly funded federal or state housing vouchers, except as expressly provided in this Agreement; or

(ii)    prohibit SafeRent from providing, in connection with a rental application subject to Section 3.5.2 or 3.5.3, a tenant screening report or information that may be obtained from public records or from a consumer reporting agency to a housing provider, except as expressly provided in the Agreement, so long as:

(1)     the tenant screening report does not include a Tenant Screening Score from a third party or its own revised SafeRent Score model unless (a) that Tenant Screening Score has been found to be valid when used for voucher-holders by the National Fair Housing Alliance, unless Settlement Class Counsel and SafeRent mutually agree on another similar organization in the future, or (b) the third party has validated its Tenant Screening Score with an organization agreed to by Settlement Class Counsel and SafeRent, except that approval of the validating organization shall not unreasonably be withheld by Settlement Class Counsel if the entity is legitimate and reliable, and

(2)     SafeRent affirmatively discloses as part of its report that this report was provided by a third party to SafeRent and identifies the third party; or

(iii)   prohibit SafeRent from providing to a housing provider, in connection with a rental application subject to Section 3.5.2 or 3.5.3, a Credit Score that is offered by any third-party entity, such as but not limited to a FICO score or VantageScore, so long as SafeRent affirmatively discloses as part of its report that this was provided by a third party to SafeRent and identifies the third party.

**3.6.    Releases and Waivers of Rights.**

**3.6.1.    Release by Releasing Parties.**  Upon entry of the Final Approval Order and accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted against SafeRent in the Litigation pursuant to this Settlement, the Releasing Parties shall be deemed to have released and forever discharged the Released Parties from any and all Released Claims.

14

**3.6.2. Additional Releases and Representations by Settlement Class Representatives.** The Settlement Class Representatives further agree to generally release the Released Parties from any Claims arising out of or in any way relating to any conduct that occurred as of the date of the execution of this Agreement.

**3.6.3. Additional Representations by Settlement Class Counsel.** Settlement Class Counsel certify that, as of the date of the execution of this Agreement, they (i) do not currently represent any client besides Settlement Class Representatives and Community Action Agency of Sommerville, Inc., with claims against SafeRent; (ii) are not aware of any other individual with active claims against SafeRent (excluding public litigation matters already pending against SafeRent); (iii) are not aware of any other entity with claims against or intending to assert claims against SafeRent (excluding public litigation matters already pending against SafeRent); (iv) do not presently intend to solicit any client to assert any claims against SafeRent; and (v) have not encouraged and will not encourage any Settlement Class Member to opt out of this Settlement, and, if asked by a Settlement Class Member for advice as to their specific circumstances, Settlement Class Counsel will use their professional judgment.

**3.6.4. Waiver of Rights.** The Settlement Class Representatives and each Settlement Class Member fully understand that, except as otherwise set forth herein, the facts upon which this Agreement is executed may be found hereafter to be other than or different from the facts now believed by the Settlement Class Representatives, the Settlement Class Members, Settlement Class Counsel, SafeRent, and SafeRent Counsel to be true, and expressly accept and assume the risk of such possible differences in facts and agree that the Agreement shall remain effective notwithstanding any such difference in facts. The Notice shall expressly advise Settlement Class Members of this waiver.

**3.6.5.** As to the Released Claims only, upon entry of the Final Order and accompanying Judgment, the Settlement Class Representatives and each Settlement Class Member expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, and any provisions similar to that provision, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY," as well as any and all provisions, rights, and benefits of any similar, comparable, or equivalent state, federal, or other law, rule, or regulation or the common law or equity. The Settlement Class Representatives and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he, she, or they know(s) or believe(s) to be true and, except as otherwise set forth herein, the Settlement Class Representatives and each Settlement Class Member hereby expressly waive and fully, finally, and forever settle, release, and discharge all known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims as of the date of entry of the Preliminary Approval Order, and without regard to the subsequent discovery or existence of such other, different, or additional facts. The Settlement Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and the Judgment to have acknowledged, that the waivers in this Section 3.6.5 were separately bargained for and are a material element of this Agreement.

**3.6.6.**   The scope of the Releases and Waivers in this Section 3.6 is a material term of this Settlement and Agreement.

## 4.    CLASS SETTLEMENT PROCEDURES.

**4.1.    Preliminary Approval.**   On or before March 28, 2024, Settlement Class Representatives and Settlement Class Counsel shall file with the Court a motion asking the Court to find that the Court will likely be able to approve this Agreement as fair, reasonable, and adequate and therefore that notice of the Agreement should be provided to the Settlement Class; provisionally certify the Settlement Classes for purposes of the Settlement; provisionally appoint the Settlement Class Representatives as the representatives for the Settlement Classes; provisionally appoint Settlement Class Counsel as counsel for the Settlement Classes; stay further proceedings between the Parties in the Litigation and any litigation of the Released Claims by any member of the Settlement Classes; set the date and time of the Final Approval Hearing; and enter the Preliminary Approval Order substantially in the form of **Exhibit A** hereto.  For purposes of Settlement only, SafeRent will not oppose the certification of the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), or 23(e) or entry of the Preliminary Approval Order.  Entry of the Preliminary Approval Order substantially in the form set forth in **Exhibit A** is a material term of this Agreement.

**4.2.    Settlement Class Notice**.  Subject to Court approval, the Parties agree that as soon as practicable, and no later than thirty (30) days after SafeRent provides to the Settlement Administrator and Settlement Class Counsel the Settlement Class Spreadsheet, the Settlement Administrator will provide the Settlement Classes with Notice of the proposed Settlement by the following methods:

**4.2.1.**   Within seven (7) days of entry of the Preliminary Approval Order, SafeRent shall provide to the Settlement Administrator and Settlement Class Counsel in the form of the Settlement Class Spreadsheet the names and, if reasonably available to SafeRent, the full or partial Social Security numbers and last known addresses, emails, and telephone numbers of all applicants in Massachusetts who SafeRent assigned a SafeRent Score and, on the basis of that SafeRent Score and the threshold that the housing provider had set, recommended "decline" or "accept with conditions" on an application, between May 25, 2020 and the date of entry of the Preliminary Approval Order.  SafeRent shall have no obligation beyond providing the Settlement Class Spreadsheet to attempt to identify, acquire, or report identifying or contact information for the Settlement Classes.  The information provided shall only be used by the Settlement Administrator and Settlement Class Counsel for purposes of providing Notice to the Settlement Class and administering the claims process and not for any other purpose.  The Settlement Administrator shall use this information, including using this information to obtain current and accurate contact information SafeRent does not possess, to send hardcopy Notices and/or email Notices and/or texts with links to the Settlement Website (if text notice is approved by the Court) to those individuals for whom SafeRent has provided information. The Settlement Administrator shall also search for updated contact information for Class Members as needed, including searching for updated contact information based on any mailings or emails that are returned as undeliverable. After conferring with Settlement Class Counsel, the Settlement Administrator may send additional mailings to potential class members, including but not limited to postcard reminders to any potential class members who have not submitted claims.  SafeRent shall have the opportunity to approve in

advance any communications with Settlement Class Members provided in connection with Settlement Class Notice, including under this Section. If there is disagreement about nature or substance of any communication that the Parties cannot resolve themselves, the Parties shall ask the Court to resolve the disagreement.

**4.2.2.** Establishing a Settlement Website at a web address approved in writing by the Parties and dedicated to the Settlement, which shall contain (i) a Notice in substantially the same form as **Exhibit D** in both downloadable PDF format and HTML format; (ii) a Contact Information page that includes the address for the Settlement Administrator, the toll-free telephone helpline described in Section 2.2.5 of this Agreement, and addresses and telephone numbers for Settlement Class Counsel; (iii) a copy of the Agreement; (iv) the signed Preliminary Approval Order; and (v) a copy of the Claim Form in both downloadable PDF format and HTML format. While the Settlement Administrator shall have final authority over the design and operation of the Settlement Website, the Settlement Administrator shall permit Settlement Class Counsel and SafeRent Counsel to test operation of the Settlement Website and shall monitor and if necessary update and modify the Settlement Website to ensure that it performs reliably and consistent with the terms of this Agreement when accessed from all major Internet browsers (desktop and mobile) operating on all major operating systems (including Windows, MacOS, Android, and iOS). The Settlement Administrator shall add to the Settlement Website all other material filings by the Parties or the Court regarding the Settlement, including any motion by Settlement Class Counsel for an Attorneys' Fees And Costs Award or a Class Representative Service Award, the motion for final approval, and any Orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least ninety (90) days after the Effective Date;

**4.2.3.** Establishing and maintaining a toll-free telephone helpline, which shall be posted on the Settlement Website, to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement. Those who call the toll-free helpline or who write to the Settlement Administrator may request a printed copy of the Notice and Claim Form, which the Settlement Administrator shall provide by first class mail. The toll-free helpline shall remain active until at least sixty (60) days after the Effective Date;

**4.2.4.** Providing notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

**4.2.5.** The Court may require changes to the notice process without invalidating this Settlement provided that the material terms of the Settlement, including the scope of the Release and the total financial obligations imposed on SafeRent, are not altered by such changes.

**4.3. Submission of Claims by Settlement Class Members.**

**4.3.1.** Settlement Class Members will be provided an opportunity to submit electronically or by mail or email a Claim Form seeking a Cash Payment, paid by check or electronically, calculated in accordance with Section 4.7.1 of this Agreement. The Settlement Administrator will mail and/or email the Claim Form to those individuals who are sent the Notice pursuant to Section 4.2.1, with pre-paid return postage and an envelope to submit a hardcopy Claim Form, or for email notice, a link to the Settlement Website. The Claim Form will be available on the Settlement Website, and the Settlement Administrator shall ensure that the Claim Form can be

filled out and signed electronically. For Claim Forms submitted online, the Settlement Class Member shall have the opportunity to upload documentation supporting the validity of the Claim Form through image files (*e.g.*, jpg, tif, pdf), or to forward emails from any federal, state, or local agency or housing authority supporting the validity of the Claim Form.

**4.3.2.** To be valid and/or considered for payment, a Claim Form must be completed and signed (either by physical or electronic signature or by affirmation) as detailed herein, and either (i) submitted online at the Settlement Website no later than ninety (90) days after the Settlement Administrator first disseminates Notice, or (ii) mailed to the Settlement Administrator at the address specified in the Claim Form and provided on the return envelope sent with the Notice and Claim Form, and postmarked no later than ninety (90) days after the date the Settlement Administrator first disseminates Notice (together the "Claims Submission Deadline"). Claim Forms will not be considered for payment if they are submitted online or postmarked after the Claims Submission Deadline. A Claim Form will be deemed to have been submitted when posted if received with a postmark date indicated on the envelope, mailed first-class postage prepaid, and addressed in accordance with the instructions. If necessary, the Parties will work cooperatively to request any Court extensions to the timeline for seeking final approval of this Settlement or making Cash Payments to Payment Eligible Settlement Class Members that are reasonably needed to validate Claim Forms based on the time it takes for any federal, state, or local agency or housing authority to verify the voucher status of any Settlement Class Members who have submitted Claim Forms, but these extensions, if any, shall not affect the deadlines for submitting a Claim Form, requesting exclusion pursuant to Section 4.4, or objecting to the Settlement under Section 4.6.

**4.3.3.** The Settlement Administrator shall in no case approve more than one (1) claim per Settlement Class Member. If a Settlement Class Member for any reason submits multiple Claim Forms, that Class Member shall be approved for only one (1) claim.

**4.3.4.** The Settlement Administrator shall be responsible for reviewing, determining the validity of, and responding to all Claim Forms submitted pursuant to this Agreement. The Settlement Administrator shall use adequate and customary procedures and standards to prevent the payment of fraudulent claims and pay only valid claims. The Settlement Administrator will include a "cure" process so that a Settlement Class Member who submits a timely Claim Form that is deficient in some way is given notice of the deficiency and the chance to cure such deficiency, so long as such cured Claim Form is received by the Settlement Administrator no later than one hundred and thirty-five (135) days after the Notice was first disseminated. The Settlement Administrator will approve Claim Forms and issue payment based upon the terms and conditions of the Agreement and may reject claims that are invalid or evidence waste, fraud, or abuse. The determination of the validity of all claims shall occur within one hundred and forty-five (145) days of the date the Settlement Administrator first disseminates Notice. All Claim Forms that the Settlement Administrator deems untimely or that the Settlement Administrator, after the Settlement Class Member has been given an opportunity to "cure" the Claim Form, continues to deem invalid shall be identified and presented to Settlement Class Counsel and SafeRent Counsel, who shall meet-and-confer over the validity and timeliness of any claim within one hundred and fifty-two (152) days of the date the Settlement Administrator first disseminates Notice. If Settlement Class Counsel and SafeRent Counsel cannot agree whether a claim is valid and timely, then the Settlement Administrator shall determine whether a claim is

valid and timely. Any challenge to the Settlement Administrator's determination that a claim is invalid or untimely must be presented to the Court in time for such challenge to be resolved at the Final Approval Hearing; otherwise, the claim shall be deemed invalid.

**4.3.5.** Within one hundred and fifty-nine (159) days of the date the Settlement Administrator first disseminates Notice, the Settlement Administrator shall attempt to contact the Settlement Class Member whose claim was denied to state the reasons for denial using the contact information provided by the Settlement Class Member on the Claim Form.

**4.3.6.** No person or entity shall have any claim against the Settlement Class Representatives, SafeRent, Settlement Class Counsel, SafeRent Counsel, or the Settlement Administrator based on any determination regarding the validity of a Claim Form or the distributions or awards made in accordance with this Agreement and the Exhibits hereto.

**4.4.** **Requests for Exclusion**. The Notice shall inform Settlement Class Members that they may exclude themselves from the Settlement Classes by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after the Settlement Administrator first disseminates Notice. To be effective, the request for exclusion must include (a) the Settlement Class Member's full name and contact information (telephone number, email, and/or mailing address); (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Classes; (c) an unequivocal reference by name of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Classes and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the Settlement. The Settlement Administrator shall provide copies of all timely and valid exclusion requests to Settlement Class Counsel and SafeRent Counsel. A list of Settlement Class Members who have timely and validly excluded themselves from the Settlement Classes pursuant to this Section 4.4 shall be attached to the Final Approval Order or otherwise recorded by the Court. The Settlement Administrator shall compare the list of Class Members requesting exclusion to the list of Class Members who have submitted claims, and if any Class Member is on both lists, the Settlement Administrator shall contact that Class Member for clarification as to whether that Class Member wishes to be excluded or included in the Settlement Class. If no response to the Settlement Administrator's outreach is received within fourteen (14) days clarifying that Class Member's intention, then that Class Member shall be deemed included in the Settlement Class.

**4.5.** **SafeRent's Right to Terminate Based on Exclusions.** In the event that more than fifty (50) members of the Settlement Class submit valid and timely requests for exclusion from the Settlement, SafeRent will have the option to void the Settlement *ab initio* by, within ten (10) business days after receiving notice that the number of timely and valid exclusions exceeds fifty (50), giving notice to Settlement Class Counsel that SafeRent is terminating and rescinding this Agreement and voiding the Settlement *ab initio*. In the event of termination, the Litigation will

recommence at the procedural posture it was in at the time the Parties notified the Court that a private mediation date had been set, and the Parties will seek a status conference to set a discovery and litigation schedule within fourteen (14) business days after SafeRent's notice of termination.

      **4.6.**    **Objections.** The Notice shall inform Settlement Class Members that, if they do not request exclusion from the Settlement Classes, they have the right to object to the proposed Settlement only by complying with the objection provisions set forth in this Section 4.6 of this Agreement. Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members and shall have voluntarily waived their right to pursue any independent remedy against the Released Parties. Any Settlement Class Member who wishes to object to the proposed Settlement must file or send to the Court a written objection that is postmarked or filed no later than the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after the Notice is first mailed. To be effective, an objection must (a) include an unequivocal reference to the case name and number of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; (b) contain the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) include the Objector's signature or the signature or affirmation of an individual authorized to act on the Objector's behalf; (d) state with specificity the grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) contain the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) state whether the Objector intends to appear at the Final Approval Hearing, either personally or through counsel. If the Objector or the Objector's attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must in addition to the requirements above contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. To the extent any Settlement Class Member objects to the proposed Settlement and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and accompanying Judgment.

      **4.7.**    **Distribution of Cash Payments.**

      **4.7.1.** Within forty-five (45) days after the Effective Date, the Settlement Administrator shall deduct from the Settlement Fund any Notice And Settlement Administration Costs and pay any Class Representative Service Awards ordered by the Court and then, from the funds remaining in the Settlement Fund, make Cash Payments to Payment Eligible Settlement Class Members as follows:

      **4.7.1.1.**       Each Payment Eligible Settlement Class Member shall receive a share of the remaining Settlement Fund as follows: Members of the Massachusetts Income-Based Settlement Class only or the Massachusetts Race-Based Settlement Class only shall receive a 1X share of the Settlement fund, and Members of both the Massachusetts Income-Based Settlement Class and the Massachusetts Race-Based Settlement Class shall receive a 1.5X share. For example, if 400 Payment Eligible Settlement Class Members of only the Income-Based Class

or only the Race-Based Class and 400 Payment Eligible Settlement Class Members of both the Income- and Race-Based Classes file valid claims, and there is $1,000,000 remaining in the Settlement Fund, each Payment Eligible Settlement Class Member of only the Income-Based Class or only the Race-Based Class would receive $1,000, and each Payment Eligible Settlement Class Member of both the Income- and Race-Based Classes would receive $1,500. Subject to the Court's approval, Settlement Class Members shall indicate on the Claim Form whether they wish to receive their settlement payment in a single-lump sum payment or spread in equal parts across two years.

      **4.7.2.**   By default, Cash Payments for Payment Eligible Settlement Class Members shall be paid by check with an appropriate legend to indicate that the check is from the Settlement, and mailed to the address provided on the Claim Form submitted by the Class Member.  The Settlement Administrator shall also allow Payment Eligible Settlement Class Members to elect to receive their Cash Payment by direct bank deposit or electronic transfer (*e.g.*, PayPal, Venmo) and, if such election is made in the form provided by the Settlement Administrator, shall make the Cash Payment to the Payment Eligible Settlement Class Member through the method so elected.

      **4.7.3.**   Checks mailed to Payment Eligible Settlement Class Members shall be valid for one hundred eighty (180) days after issuance.  The Settlement Administrator will make reasonable efforts to make contact with and/or locate the proper address for any intended recipient of a Cash Payment whose check is returned by the Postal Service as undeliverable, and will re-mail it to the updated address so long as the updated address is obtained before the expiration of the 180-day period.  If a settlement check is not cashed within the 180-day period, the Settlement Class Member shall not be entitled to any further payment under the Settlement.  The amount of any settlement checks that are not cashed during this 180-day period shall be distributed in a manner mutually agreeable to the Parties, Settlement Class Counsel, and SafeRent Counsel (for example, through a second distribution to Payment Eligible Settlement Class Members if economically feasible, or through a *cy pres* distribution), subject to the approval of the Court. In no event shall any uncashed amounts after distribution revert to SafeRent.

      **4.7.4.**   No deductions for taxes will be taken from any Cash Payment at the time of distribution.  Settlement Class Members are responsible for paying all taxes due on such Cash Payments.  Under no circumstance shall SafeRent be held liable for any tax payments with respect to the Cash Payments.  All Cash Payments shall be deemed to be paid solely in the year in which such payments are actually issued.  Neither Settlement Class Counsel nor SafeRent Counsel purport to provide legal advice on tax matters.  To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any federal or state tax issue, such advice is not intended or written to be used, and cannot be used, by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

      **4.8.    No Further Confirmatory Discovery.**   The Parties exchanged information through informal discovery in connection with the November 6, 2023 mediation and settlement talks thereafter, which information was also provided to the mediator, Judge Welsh (ret.).  Settlement Class Representatives and SafeRent represent and warrant that all of the information they or their counsel provided in connection with the mediation and settlement negotiations is true and correct based on information reasonably available and to the best of their knowledge.  SafeRent is not required to provide any additional discovery, whether formal or informal, to the Settlement

Class Representatives, the Settlement Classes, or Settlement Class Counsel, beyond the information provided to the Settlement Administrator pursuant to Section 4.2.1.

      **4.9.    Finality.** The Settlement shall become final and effective on the Effective Date.

## 5.    FINAL JUDGMENT AND RELEASES.

      **5.1.    Actions to Obtain Approval of this Agreement.**  The Parties agree to use their best efforts to obtain approval of the Settlement and entry of the Orders contemplated herein, including without limitation certification of the Settlement Classes and the entry of the Preliminary and Final Approval Orders, and shall do nothing inconsistent therewith.

      **5.2.    Final Approval Order and Judgment.**  The Settlement is contingent on entry of a Final Approval Order approving the terms and conditions of this Agreement, and Judgment thereon.  No earlier than one hundred and fifty-five (155) days and no later than one hundred and sixty-five (165) days after the Settlement Administrator first distributes Notice to the Settlement Class, the Settlement Class Representatives and Settlement Class Counsel shall submit to the Court a motion for entry of a Final Approval Order substantially in the form of **Exhibit B** attached hereto.

      **5.3.    Effect of Agreement if Settlement Is Not Approved.**  This Agreement is entered into only for the purpose of Settlement.  In the event that certification of the Settlement Classes, preliminary or final approval of the Settlement, or any other order necessary to effectuate this Settlement is denied, or if the Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the Releases set forth in Section 3.6 herein, or to impose greater or lesser financial or other burdens on SafeRent than those contemplated in this Settlement, then this Settlement shall be void *ab initio*, shall have no force or effect, and shall impose no obligations on the Parties except that the Parties (i) will be prohibited from using this Settlement and any settlement and mediation communications as evidence in the Litigation and (ii) agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Litigation; and (iii) the Settlement Administrator will be paid from the advance made by SafeRent for any work completed, and the balance of the advance will be returned to SafeRent. The intent of the previous sentence is that, in the event that a necessary approval is denied, the Parties will revert to their positions immediately before the execution of this Agreement, and the Litigation will resume without prejudice to any party.  In the event of such a reversion, the Parties agree that no class will be deemed to have been certified, and that the proposed or actual certification of any settlement class will not be urged or considered as a factor in any subsequent litigation over the certification of a litigation class or classes, and that no Claims have been released.

      **5.4.    Dismissal.**  Upon entry of the Final Approval Order and accompanying Judgment, except as to any Settlement Class Members who have validly and timely requested exclusion, all Claims by Settlement Class Representatives and Settlement Class Members against SafeRent in the Amended Complaint shall be dismissed with prejudice pursuant to this Settlement.  Dismissal with prejudice is a material term of this Settlement.

## 6.    ADDITIONAL PROVISIONS.

      **6.1.    No Admission of Liability or Wrongdoing.**  This Agreement reflects the compromise and settlement of disputed claims among the Parties.  Its constituent provisions, and

any and all drafts, communications, and discussions relating thereto, shall not be construed as, used for, or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity, including SafeRent, and shall not be offered or received in evidence or requested in discovery in this Litigation or any other litigation or proceeding as evidence of an admission or concession. SafeRent has denied and continues to deny each of the claims and contentions alleged by the Settlement Class Representatives in the Litigation. SafeRent has asserted and continues to assert defenses thereto, and SafeRent has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Complaint and Amended Complaint.

6.2. **Fair, Adequate and Reasonable Settlement.** The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Parties' claims and defenses in the Litigation and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after negotiations that included a daylong mediation conducted by the Honorable Diane M. Welsh (ret.).

6.3. **Stay and Bar of Other Proceedings.** Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses against each other otherwise available to them in the Litigation. No Settlement Class Member, either directly, on a representative basis, or in any other capacity, may commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement; nor shall any third party do so on their behalf.

6.4. **Authorization.** Each person executing this Settlement Agreement on behalf of any Party hereto represents and warrants that such person has the authority to do so, subject to applicable court approval. Any person executing this Settlement Agreement on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties that such person is duly authorized by such corporation to execute this Agreement.

6.5. **Voluntary Agreement.** This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

6.6. **Binding On Successors.** This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

6.7. **Parties Represented by Counsel.** The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

6.8. **Construction and Interpretation.** The Parties waive the application of any applicable law, regulation, holding, or rule of construction providing that ambiguities in an agreement shall be construed against the party drafting such agreement.

6.9. **Continuing Jurisdiction**. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of administration and enforcement

of the Agreement for a period of five years from the date SafeRent confirms it has made the practice changes outlined in Section 3.5. Any dispute, challenge, question, or the like relating to the Settlement or this Agreement may be heard by this Court.

**6.10. Merger and Integration.** This Agreement (including the Recitals to this Agreement, which are contractual in nature and form a material part of this Agreement) constitutes the exclusive embodiment of the entire agreement between the Parties with regard to the subject matter hereof, and supersedes all prior agreements between the Parties (including but not limited to the Memorandum of Settlement executed on December 22, 2023 between SafeRent, SafeRent's Counsel, and Settlement Class Counsel). This Agreement is entered without reliance on any promise or representation, written or oral, between the Parties or their counsel other than those expressly contained herein.

**6.11. Modifications and Amendments.** This Agreement may not be amended except by a writing signed by the Parties or a duly authorized representative of each of the Parties hereto and, where required, approval of the Court.

**6.12. Governing Law.** This Agreement shall be governed by and interpreted in accordance with federal law and the laws of the Commonwealth of Massachusetts without regard to any conflicts of laws principles.

**6.13. Headings.** The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

**6.14. Exhibits.** Exhibits to this Agreement constitute material parts of this Agreement and are incorporated by reference herein.

**6.15. Effect of Weekends and Holidays.** If any date or deadline in this Agreement falls on a Saturday, Sunday, or federal holiday, the next business day following the date or deadline shall be the operative date.

**6.16. Execution Date.** This Agreement shall be deemed executed on March 28, 2024.

**6.17. Counterparts.** This Agreement may be signed in any number of counterparts, each of which shall be regarded as an original and all of which shall constitute but one and the same instrument.

IN WITNESS WHEREOF, each of the signatories below has read and understood this Agreement, has executed it, and represents that they are authorized to execute the Agreement on behalf of any Party or Parties they represent, that Party or Parties having agreed to be bound by the terms and enter into this Agreement.

Agreed to by:

_____
Mary Louis                          Date
*For herself and as*
*Settlement Class Representative*

_____
Benjamin Brooks Price II      Date
*For SafeRent Solutions, LLC*

3/27/2024

_____
Monica Douglas                      Date
*For herself and as*
*Settlement Class Representative*

_____
Andrew Soukup                       Date
*Counsel for SafeRent Solutions, LLC*

3/27/2024

_____
Christine E. Webber                 Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____
Brian Corman                        Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____
Todd S. Kaplan                      Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____
Stuart T. Rossman                   Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

Agreed to by:

_____    3/26/2024
Mary Louis                          Date
*For herself and as*
*Settlement Class Representative*

_____
Benjamin Brooks Price II       Date
*For SafeRent Solutions, LLC*


_____
Monica Douglas                  Date
*For herself and as*
*Settlement Class Representative*

_____
Andrew Soukup                   Date
*Counsel for SafeRent Solutions, LLC*


_____
Christine E. Webber             Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Brian Corman                     Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Todd S. Kaplan                   Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Stuart T. Rossman              Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

Agreed to by:

_____        _____
Mary Louis                    Date       Benjamin Brooks Price II      Date
*For herself and as*                     *For SafeRent Solutions, LLC*
*Settlement Class Representative*


*DocuSigned by:*

*Monica Douglas*                3/27/2024
_____        _____
Monica Douglas                Date       Andrew Soukup              Date
*For herself and as*                     *Counsel for SafeRent Solutions, LLC*
*Settlement Class Representative*


_____
Christine E. Webber           Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Brian Corman                  Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Todd S. Kaplan                Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*


_____
Stuart T. Rossman             Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

Agreed to by:

| | |
|---|---|
| _____ Date<br>Mary Louis<br>*For herself and as*<br>*Settlement Class Representative* | _____ Date<br>Benjamin Brooks Price II<br>*For SafeRent Solutions, LLC* |
| _____ Date<br>Monica Douglas<br>*For herself and as*<br>*Settlement Class Representative* | _____ Date<br>Andrew Soukup<br>*Counsel for SafeRent Solutions, LLC* |

_Christine E. Webber_                    3/28/2024 | 7:28 AM PDT
_____ Date
Christine E. Webber
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_(signature)_                    3/28/2024 | 7:29 AM PDT
_____ Date
Brian Corman
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_Todd Kaplan_                    3/28/2024 | 8:50 AM PDT
_____ Date
Todd S. Kaplan
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____ Date
Stuart T. Rossman
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

Agreed to by:

_____    _____
Mary Louis                    Date    Benjamin Brooks Price II    Date
*For herself and as*                *For SafeRent Solutions, LLC*
*Settlement Class Representative*

_____    _____
Monica Douglas                Date    Andrew Soukup            Date
*For herself and as*                *Counsel for SafeRent Solutions, LLC*
*Settlement Class Representative*

_____
Christine E. Webber            Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____
Brian Corman                  Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

_____
Todd S. Kaplan                Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

 */s/ Stuart T. Rossman*          3/28/24
_____
Stuart T. Rossman            Date
*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

DocuSigned by:

*Shennan Kavanagh*

825E90787EA54C6...

3/28/2024 | 7:30 AM PDT

Shennan Kavanagh                    Date

*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

DocuSigned by:

*Ariel Nelson*

5DBFFDE137C5416...

3/28/2024 | 7:32 AM PDT

Ariel C. Nelson                    Date

*Counsel for Settlement Class Representatives*
*and the Settlement Classes*

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC.,<br><br>           Plaintiffs,<br><br>    v.<br><br>SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC,<br><br>           Defendants. | Civil Action No. 1:22-CV-10800-AK |

## **[PROPOSED] ORDER CERTIFYING THE CLASSES FOR SETTLEMENT PURPOSES AND DIRECTING NOTICE OF SETTLEMENT TO THE CLASSES**

This matter comes before the Court on Plaintiffs' Unopposed Motion to Certify the Classes for Settlement Purposes and Direct Notice to the Settlement Classes (the "Motion"). After review and consideration of the parties' Class Action Settlement Agreement and Release (the "Agreement"), the papers filed in support of the Motion, including the Welsh Declaration and the proposed form of Notice to be disseminated to the Settlement Classes, and all prior proceedings in this action, the Court hereby FINDS, CONCLUDES, and ORDERS as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

2.      The Court finds that this action is maintainable as a class action because the prerequisites of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) are met, for the reasons set forth in Plaintiffs' Memorandum. The Court therefore conditionally certifies, for settlement purposes

1

only, the following "Settlement Classes" as defined in the Agreement:

> All rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Income-Based Settlement Class");

> All Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order (the "Massachusetts Race-Based Settlement Class").

3.      Certification of the Settlement Classes is for settlement purposes only, and is without prejudice to the parties in the event the Settlement is not finally approved by this Court or does not otherwise take effect.

4.      For the reasons set forth in Plaintiffs' Memorandum, the Court finds that it will likely be able to approve the proposed Settlement set forth in the Agreement as fair, reasonable, and adequate, pursuant to Fed. R. Civ. P. 23(e)(2). The Court specifically finds that the Settlement is the product of arms' length negotiations between competent counsel, reached with the aid of an experienced professional mediator, and comes after adequate investigation of the facts and legal issues by Plaintiffs and Defendant SafeRent. The Court further preliminarily finds that the relief provided in the Settlement to the Settlement Classes is adequate, taking into account, among other things, the costs, risks, and delay of trial and appeal, and the proposed method of distributing compensation to the Settlement Classes; and that the Settlement treats Settlement Class Members equitably relative to one another.

5.      The Court finds that Mary Louis and Monica Douglas have adequately represented and will continue to adequately represent the Settlement Classes, and therefore

appoints Ms. Louis and Ms. Douglas as the Settlement Class Representatives for both Settlement

Classes.

6.      The Court finds that Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal

Services, and the National Consumer Law Center have adequately represented, and will continue

to adequately represent the Settlement Classes, and therefore appoints those law offices as

Settlement Class Counsel.

7.      The Court appoints Epiq as Settlement Administrator and directs Epiq to carry out

all of the duties and responsibilities of Settlement Administrator as specified in the Agreement

and this Order. All reasonable and necessary costs incurred by the Settlement Administrator will

be paid exclusively as set forth in the Agreement.

8.      The Court finds that there are grounds to issue Notice to all Settlement Class

Members. The Court has reviewed the proposed Notice and the proposed method for distributing

the Notice and concludes that such Notice constitutes the best notice practicable under the

circumstances to the Settlement Classes and satisfies Rule 23(e) and due process, including by

providing Settlement Class Members with sufficient information to enable them to make

informed decisions as to the right to object or opt out of the Settlement, and hereby orders

Settlement Class Counsel, SafeRent, and the Settlement Administrator to effectuate Notice of the

Settlement as set forth in Section 4.2 of the Agreement.

9.      The Court orders SafeRent to provide the names and, if reasonably available to

SafeRent, the full or partial Social Security numbers, last known addresses, emails, and

telephone numbers of all applicants for housing in Massachusetts who SafeRent assigned a

SafeRent Score and, on the basis of that SafeRent Score and the threshold that the housing

provider had set, recommended "decline" or "accept with conditions" on an application, between

May 25, 2020 and the date of entry of this Order.

      10.    The parties may hereafter agree to non-material changes to the notice plan, including to the form and content of the Notice, without seeking further approval of the Court.

      11.    The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on November 18, 2024 at the United States District Court for the District of Massachusetts for the following purposes:

      a.    To determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

      b.    To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement;

      c.    To consider the application by Settlement Class Counsel for an award of attorney's fees and costs, and the application for service awards to the Settlement Class Representatives; and

      d.    To rule upon other such matters as the Court may deem appropriate.

This date, time, and place of the Final Approval Hearing shall be included in the settlement Notice to the Settlement Classes. If, however, the date and/or time of Final Approval Hearing is changed, notice of the change need only be posted by the Court on the case docket and by the Settlement Administrator on its case-related website.

      12.    If a Settlement Class Member chooses to opt out of the settlement, that Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator that complies with the provisions set forth in Section 4.4 of the Agreement. The request for exclusion must be postmarked on or before the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after Notice is disseminated. To be effective, the request for exclusion must include (a) the

Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Classes; (c) an unequivocal reference by name of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.

13.     Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Classes and shall not be entitled to any benefits of the Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the Settlement. The Settlement Administrator shall provide copies of all timely and valid exclusion requests to Settlement Class Counsel and SafeRent Counsel.

14.     Any Class Member who wishes to be heard at the Final Approval Hearing, and/or who wishes for any objection to be considered, must comply with the objection provisions set forth in Section 4.6 of the Agreement. Any Settlement Class Member who wishes to object to the proposed Settlement must file or send to the Court a written objection that is postmarked or filed no later than the Exclusion/Objection Deadline, *i.e.*, no later than ninety (90) days after the Notice is first mailed. To be effective, an objection must (a) include an unequivocal reference to the case name and number of the Litigation, *e.g.*, "*Louis v. SafeRent*, Case No. 1:22-cv-10800"; (b) contain the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) include the Objector's signature or the

signature or affirmation of an individual authorized to act on the Objector's behalf; (d) state with specificity the grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) contain the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) state whether the Objector intends to appear at the Final Approval Hearing, either personally or through counsel.

15.     If the Objector or the Objector's attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must in addition to the requirements above contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. To the extent any Settlement Class Member objects to the proposed Settlement and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and accompanying Judgment.

16.     Settlement Class Counsel or SafeRent Counsel may notice the deposition of the Objector and seek the production of documents and tangible things relevant to the Objector's objection on an expedited basis. Any objections to the scope of a deposition notice or a request to produce documents or other tangible things issued or served in connection with this provision shall be brought before the Court for resolution on an expedited basis.

17.     Unless the Court directs otherwise, any Settlement Class Member who fails to comply with the provisions of the Settlement or this Order will waive and forfeit any and all

rights he, she, or it may have to object to the Settlement and/or to appear and be heard on said objection at the Final Approval Hearing. Failure to object waives a Settlement Class Member's right to appeal the Final Approval Order.

18.    Other than such proceeding as are necessary to carry out the terms of the Settlement and this Order, all other deadlines set in this Action involving claims between the parties to the Settlement shall be suspended and all proceedings in this Action other than to effectuate the Settlement shall be stayed.

19.    If the Court for any reason does not finally approve the Settlement or enter Judgment, or if any other order necessary to effectuate the Settlement is denied, or if the Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the Releases set forth in the Agreement or to impose greater or lesser financial or other burdens on SafeRent than those contemplated in the Agreement, then the Settlement shall be void *ab initio*. SafeRent shall also have the right to terminate the Settlement if the number of timely and valid opt-outs exceeds fifty (50).

20.    This Preliminary Approval Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement shall not constitute or be offered or received against SafeRent or the other Released Parties as evidence of an admission of the truth of any fact alleged by any Plaintiff in this action or any liability, fault, or wrongdoing of SafeRent or the Released Parties; or that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

21.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

22.     The Court may, for good cause, extend any of the deadlines set forth in this

Preliminary Approval Order or the Settlement. If a deadline is extended under this provision,

notice of the change need only be posted by the Court on the case docket and by the Settlement

Administrator on the Settlement Website. The following chart summarizes the dates and

deadlines currently set by this Preliminary Approval Order:

| Event | Date |
| --- | --- |
| SafeRent provides the names and, if reasonably available to SafeRent, the full or partial Social Security numbers and last known addresses, emails, and telephone numbers of persons described in Section 4.2.1 of the Agreement | within 7 days of entry of this Preliminary Approval Order |
| Notice is first disseminated to the Settlement Classes | within 30 days after SafeRent provides the names and identifying information of the persons described in Section 4.2.1 of the Agreement |
| Claim Submission, Objection, and Exclusion Deadline | 90 days after Notice is first disseminated |
| Claim "cure" period described in Section 4.3.4 of the Agreement ends | 135 days after Notice is first disseminated |
| Plaintiffs' deadline to file a motion for final approval of the Settlement | between 155 and 165 days after Notice is first disseminated |
| Final Approval Hearing | [On or after November 18, 2024] |

Dated:                          BY THE COURT:

_____

HONORABLE ANGEL KELLEY
UNITED STATES DISTRICT JUDGE

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil Action No. 1:22-CV-10800-AK |

## [PROPOSED] FINAL APPROVAL ORDER

This matter came before the Court for hearing on [DATE] regarding Plaintiffs' Motion for Final Approval of the Class Action Settlement and Release ("Agreement") between Plaintiffs and Defendant SafeRent Solutions, LLC ("SafeRent") (collectively the "Parties"). Having considered the Motion, the exhibits and declarations attached thereto, and all other filings and argument related to the Motion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED** under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

The Court makes the following findings and rulings:

1.     Capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, has personal jurisdiction over the Parties and the Settlement Class Members, and venue is proper in this District.

1

3.      The Court hereby affirms its preliminary determinations in the Preliminary

Approval Order that the Settlement Classes meet the requirements for certification under Federal

Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and finally certifies, for purposes of the

Settlement only, the Settlement Classes as defined in the Settlement Agreement:

> All rental applicants who used publicly funded housing vouchers
> and sought but were denied housing in Massachusetts because of
> their SafeRent Score at any property using SafeRent's tenant
> screening services between May 25, 2021 and the date of the entry
> of the Preliminary Approval Order (the "Massachusetts Income-
> Based Settlement Class");

> All Black and Hispanic rental applicants who used publicly funded
> housing vouchers and sought but were denied housing in
> Massachusetts because of their SafeRent Score at any property using
> SafeRent's tenant screening services between May 25, 2020 and the
> date of the entry of the Preliminary Approval Order (the
> "Massachusetts Race-Based Settlement Class").

4.      For purposes of the Settlement only, the Court hereby re-affirms its

determinations in the Preliminary Approval Order; finally certifies Plaintiffs Mary Louis and

Monica Douglas as Class Representatives for the Settlement Classes; and finally appoints Cohen

Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law

Center as Class Counsel for the Settlement Classes.

5.      The Court finds that the notice provisions of the Class Action Fairness Act, 28

U.S.C. § 1715, were complied with in this matter.

6.      The Court finds that the method for disseminating Notice to the Settlement

Classes, as provided for in the Settlement Agreement and previously approved and directed by

this Court's Preliminary Approval Order, has been implemented by the Settlement Administrator

and the Parties.  The Court finds that the method for disseminating the Notice (A) constituted the

best notice that is practicable under the circumstances; (B) constituted notice that was reasonably

calculated, under the circumstances, to appraise Settlement Class Members of (i) the nature of

the Litigation, (ii) the definition of the Settlement Classes, (iii) the class claims and issues,

(iv) the opportunity to enter an appearance through an attorney any Settlement Class Member so

desired, (v) the opportunity, time, and manner for requesting exclusion from the Settlement, and

(vi) the binding effect of a class judgment; (C) constituted due, adequate, and sufficient notice to

all persons and entities entitled to notice; and (D) met the applicable requirements of Federal

Rule of Civil Procedure 23, the due process guarantees of the U.S. Constitution, and all other

applicable laws.

7.      The Court finds that all Settlement Class Members and all persons who fall within

the definition of either of the Settlement Classes has been adequately provided with an

opportunity to exclude themselves from the Settlement by submitting a request for exclusion in

conformity with the Agreement and this Court's Preliminary Approval Order.  A list of those

persons who timely and validly excluded themselves from the Settlement is attached hereto as

**Exhibit A**.  Persons listed on **Exhibit A** are not bound by the Agreement, this Final Approval

Order, or the accompanying Judgment, and are entitled to no relief under the Agreement.  All

other persons who fall within the definition of the Settlement Classes are Settlement Class

Members and part of this Settlement, and shall be bound by this Final Approval Order, the

accompanying Judgment, and the Agreement.

8.      [PLACEHOLDER FOR DETAILS ON ANY OBJECTIONS]

9.      [PLACEHOLDER FOR DETAILS ON SETTLEMENT ADMINISTRATOR

REPRESENTATIONS ABOUT NOTICE AND CLAIMS PROCESS AND RESPONSE RATE]

10.     The Court hereby finally approves the Settlement and finds that the Settlement is,

in all respects, fair, reasonable, and adequate and in the best interests of the Plaintiffs and

Settlement Classes, having considered that (A) the Settlement Class Representatives and

Settlement Class Counsel have adequately represented the Settlement Classes; (B) the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Classes, and SafeRent; (C) the relief provided for the Settlement Classes is adequate, taking into account the costs, risks, and delay of further litigation, trial, and appeal, and the effectiveness of the method set forth in the Agreement for distributing relief to the Settlement Classes, including the method of processing class-member claims; and (D) the Agreement treats Settlement Class Members equitably relative to each other.

11.    The Parties and Settlement Administrator are accordingly directed to consummate and implement the Agreement in accordance with its terms, including distributing payments to Cash Eligible Settlement Class Members and paying the Notice and Settlement Administration Costs.

12.    The claims filed against SafeRent in this case are dismissed in their entirety, with prejudice, and each side is to bear its own costs except as specified in the Agreement and the Court's separate order regarding attorneys' fees.

13.    Upon entry of this Order and the accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted against SafeRent in the Litigation pursuant to the Settlement, the Releasing Parties shall be deemed to have released and forever discharged the Released Parties from any and all Released Claims.

14.    Additionally, the Settlement Class Representatives shall be deemed to have released and forever discharged the Released Parties from any Claims arising out of or in any way relating to any conduct that occurred as of the date of the execution of the Agreement.

15.    A separate order shall be entered regarding Class Counsel's motion for attorneys' fees and costs as allowed by the Court.

16.     Pursuant to the terms of the Agreement, Settlement Class Representatives, Settlement Class Counsel, SafeRent, and SafeRent Counsel release and forever discharge each other from any and all claims relating to the institution or prosecution of the Action.

17.     Without affecting the finality of this Final Approval Order and the accompanying Judgment in any way, the Court expressly retains continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of administration and enforcement of the Agreement for a period of five years from the date SafeRent confirms it has made the practice changes outlined in Section 3.5 of the Agreement.  Any dispute, challenge, question, or the like relating to the Settlement or Agreement may be heard by this Court.

18.     In the event that the Effective Date does not come to pass, this Final Approval Order and the accompanying Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Settlement Class Representatives, Settlement Class Members, and SafeRent.

19.     This Final Approval Order, the accompanying Judgment, the Preliminary Approval Order, the Agreement, all negotiations, statements, agreements, and proceedings relating to the Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute or be described as, construed as, offered as or received against SafeRent or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Settlement Class Representatives in the Litigation; (b) any liability, negligence, fault, or wrongdoing of or by SafeRent or the Released Parties; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

Dated:                                    BY THE COURT:

                                          _____

                                          HONORABLE ANGEL KELLEY
                                          UNITED STATES DISTRICT JUDGE

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARY LOUIS and MONICA DOUGLAS,
on behalf of themselves and similarly situated
persons, and COMMUNITY ACTION
AGENCY OF SOMERVILLE, INC.,

              Plaintiffs,

        v.

SAFERENT SOLUTIONS, LLC and
METROPOLITAN MANAGEMENT
GROUP, LLC,

              Defendants.

Civil Action No. 1:22-CV-10800-AK

**[PROPOSED] JUDGMENT**

This matter came before the Court for hearing on [DATE] regarding Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement and Release ("Agreement") between Plaintiffs and Defendant SafeRent Solutions, LLC ("SafeRent") (collectively the "Parties"). Having considered the Motion, the exhibits and declarations attached thereto, and all other filings and argument related to the Motion, and for the reasons set forth in the accompanying Final Approval Order, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1.     Plaintiffs' Motion for Final Approval of the Agreement dated [DATE], entered into by and between the Parties, is hereby GRANTED.

2.     The claims against SafeRent in this matter by the Plaintiffs and the members of the Settlement Classes who did not exclude themselves from the settlement are hereby DISMISSED WITH PREJUDICE.

3.     Without affecting the finality of the Final Approval Order and this Judgment in any way, the Court expressly retains continuing and exclusive jurisdiction over the Parties to the

Agreement for the purpose of administration and enforcement of the Agreement for a period of five years from the date SafeRent confirms it has made the practice changes outlined in Section 3.5 of the Agreement.  Any dispute, challenge, question, or the like relating to the Settlement or Agreement may be heard by this Court.

    4.       This is a final judgment as defined by Federal Rule of Civil Procedure 54(a).


Dated:                          BY THE COURT:

                                         _____

                                         HONORABLE ANGEL KELLEY
                                         UNITED STATES DISTRICT JUDGE

# Exhibit D



United States District Court

*Louis et al. v. SafeRent Solutions, LLC et al.*

Case No. 1:22-cv-10800

# Class Action Notice

## *Authorized by the U.S. District Court*

**Were you a housing voucher user denied rental housing in Massachusetts because of your SafeRent Score between May 25, 2020 and [date of preliminary approval order]?**

**There is a class-action settlement of a lawsuit.**

**You may be entitled to money.**

**To receive money from this settlement, or decide if you want to opt-out or object, you should:**

**1. Read this notice**

**2. Respond by [90 days after notice is mailed].**

Important things to know:

- If you are a member of the settlement class, and you take no action, you will still be bound by the settlement, and your rights will be affected.

- You can learn more at: www.MATenantScreeningSettlement.com.

- Puede obtener una copia de este aviso en español en: www.MATenantScreeningSettlement.com.

# Table of Contents

**About This Notice**......................................................................................................**1**

    Why did I get this notice?.........................................................................................1

    What do I do next?...................................................................................................1

    What are the most important dates?.........................................................................2

**Learning About the Lawsuit**......................................................................................**2**

    What is this lawsuit about?........................................................................................2

    Why is there a settlement in this lawsuit?..................................................................3

    What happens next in this lawsuit?...........................................................................3

**Learning About the Settlement**.................................................................................**4**

    What does the settlement provide?...........................................................................4

    How do I know if I am part of this settlement? ..........................................................4

    How much will my payment be?................................................................................5

**Deciding What You Want to Do**.................................................................................**5**

    How do I weigh my options?....................................................................................5

**Doing Nothing**..........................................................................................................**6**

    What are the consequences of doing nothing?..........................................................6

**Filing a Claim**...........................................................................................................**6**

    How do I get a payment if I am a class member? .......................................................6

    Do I have a lawyer in this lawsuit?............................................................................6

    Do I have to pay the lawyers in this lawsuit? ............................................................7

**Opting Out**...............................................................................................................**7**

    What if I don't want to be part of this settlement?....................................................7

    How do I opt out?....................................................................................................7

**Objecting**.................................................................................................................**8**

    What if I disagree with the settlement?....................................................................8

**Key Resources**..........................................................................................................**9**

    How do I get more information? ...............................................................................9

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, Louis et al. v. SafeRent Solutions, LLC et al., brought on behalf of recipients of publicly funded housing vouchers whose SafeRent Score was below the minimum for an "accept" report on an application for rental housing in Massachusetts.

**You received this notice because, according to SafeRent's records, you applied for housing in Massachusetts between May 25, 2020 and [DATE], and the housing provider received a SafeRent Score below the "accept" score set by the housing provider, and therefore you may be a member of the group of people affected, called the "class."  You are only a member of the class if you were applying for rental housing in Massachusetts where you could use your voucher when your rental application was denied.**

This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

This is an important legal document, and we recommend that you read all of it. If you have questions or need assistance, please go to www.MATenantScreeningSettlement.com or call [phone number].

Puede obtener una copia de este aviso en español en www.MATenantScreeningSettlement.com.  Si tiene preguntas o necesita ayuda, visite el sitio web o llame al [número de teléfono].

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Your Options | More information about each option |
|---|---|

1

| RECEIVE PAYMENT | You must submit a Claim Form, either by mailing in the paper form attached to this Notice or by submitting the form electronically at www.MATenantScreeningSettlement.com. You will be bound by the settlement. |
|---|---|
| DO NOTHING | Get no payment and be bound by the settlement. You will only be bound by the settlement if you are a class member, as defined below (under "Learning About the Settlement"). |
| OPT OUT | Get no payment and not be bound by the settlement. You must submit a request to be excluded from the settlement. |
| OBJECT | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to take action to receive payment: **[90 days after notice is mailed]**

Your deadline to object or opt out**: [90 days after notice is mailed]**
Settlement approval hearing: **[date]**

# Learning About the Lawsuit

## What is this lawsuit about?

Mary Louis and Monica Douglas filed a lawsuit in 2022 claiming that SafeRent violated fair housing and consumer protection laws by using its SafeRent Score product to make rental housing decisions for applicants in Massachusetts holding public housing vouchers.

SafeRent denies that it did anything wrong, violated any law, or that the claims have merit.

**Where can I learn more?**
You can get a complete copy of the proposed settlement and other key documents in this lawsuit by visiting:
www.MATenantScreening

2

## Why is there a settlement in this lawsuit?

The Court has not decided this case in favor of either side.  The parties agreed to settle, which means they have reached an agreement to resolve the lawsuit.  Both sides want to avoid the risk and expense of further litigation.  The settlement will resolve the claims of all members of the settlement classes, including the plaintiffs who brought the case.

### What is a class action settlement?

A class action settlement is the resolution of a case for all of the affected persons in the class. It can provide money and changes to the practices that the plaintiffs claim caused harm in the first place.

## What happens next in this lawsuit?

The Court will hold a hearing to decide whether to approve the settlement.  The hearing will be held at:

**Where:**

John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Courtroom 8, Third Floor
Boston, Massachusetts 02210

**When:** [time] on [date].

The Court has approved this notice of settlement.  Because the settlement of a class action affects the rights of all members of the proposed classes, the Court must give final approval to the settlement before it can take effect.  Payments will only be made if the Court approves the settlement.

You don't have to attend the hearing, but you may at your own expense.  You may also ask the Court for permission to speak and express your opinion about the settlement.  If the Court does not approve the settlement or the parties decide to end it, it will be void and the lawsuit will continue.  The date or time of the hearing may change, and if it does, the new date or time of the hearing will be posted on the settlement website, but there will be no additional mailed notice.  To learn more and confirm the hearing date, go to www.MATenantScreeningSettlement.com or call [phone number].

3

# Learning About the Settlement

## What does the settlement provide?

SafeRent has agreed to pay $1,175,000 into a settlement fund.  This money will be divided among the class members and will also be used to pay the cost of administering this settlement (expected to be between $110,000 and $135,000).  Subject to court approval, this fund may also be used to provide up to $10,000 each to the two people who brought this lawsuit, Mary Louis and Monica Douglas.  Members of the settlement class will "release" their claims as part of the settlement, which means they cannot sue SafeRent based on the same conduct that led to this lawsuit.  The full terms of the release can be found at www.MATenantScreeningSettlement.com.

The settlement separately provides up to $1,100,000 in attorneys' fees and costs, dependent on court approval.  If the court does not award the full $1,100,000, any money left over will be added to the settlement fund and distributed to class members.

The settlement also requires SafeRent to make changes to the reports that housing providers can request, so that it will not provide a SafeRent Score for applicants who the housing provider reports are applying using a housing voucher.

## How do I know if I am part of this settlement?

You are a class member and part of this settlement if:

(1) you were a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and [date of preliminary approval order].  This is called the "Income-Based Settlement Class," OR

(2) you are Black or Hispanic and a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and [date of preliminary approval order].  This is called the "Race-Based Settlement Class."

4

In plain language, if you were sent this notice by the Settlement Administrator, and you tried to use a housing voucher to get housing between May 25, 2020 and [date of preliminary approval order], then you are likely covered by this settlement.  That is because SafeRent's records show that a housing provider where you applied for housing in Massachusetts received a SafeRent Score that was below the "accept" score set by the housing provider.

If you are unsure of whether you are part of this settlement, contact the Settlement Administrator at [phone number] or [email address].

## How much will my payment be?

Your payment amount will depend on several factors:

- The payment amounts will depend on the number of class members who submit valid claims.

- Those who are members of both the Income-Based Settlement Class and the Race-Based Settlement Class will receive a share of the settlement that is 1.5 times the share for those who are members of only one of the settlement classes.

- The payment amounts will also depend on the amount of awards and costs approved by the Court.

# Deciding What You Want to Do

## How do I weigh my options?

If you are a class member, as defined above, you have four options. You can stay in the settlement and take action to receive payment, you can opt out of the settlement, you can object to the settlement, or you can do nothing. This chart shows the effects of each option:

|  | *do nothing* | *file a claim* | *opt out* | *object* |
|---|---|---|---|---|
| **Can I receive settlement money if I . . .** | NO | YES | NO | YES |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | YES | NO | YES |

5

| | | | | |
|---|---|---|---|---|
| **Can I pursue my own case if I . . .** | NO | NO | YES | NO |
| **Will the class lawyers represent me if I . . .** | YES | YES | NO | NO |

# Doing Nothing

## What are the consequences of doing nothing?

If you are a class member and you do nothing before [date], you will not get any money, but you will still be bound by the settlement and its "release" provisions.  That means you won't be able to start, continue, or be part of any other lawsuit against SafeRent based on the same conduct that led to this lawsuit.  Please see the settlement agreement, which can be found at www.MATenantScreeningSettlement.com, for a full description of the claims and persons who will be released if this settlement is approved.

# Filing a Claim

## How do I get a payment if I am a class member?

If you wish to receive money, **you must submit a Claim Form by [90 days after notice is mailed].**

The Claim Form is attached to this Notice and is available online at www.MATenantScreeningSettlement.com.  Follow the instructions on the form to submit.  The form may be submitted by mail or electronically.

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers—called Class Counsel—to work on the case and defend the interests of the class members.  If you want to be represented by your own attorney, you may hire one at your own expense.  For this settlement, the Court has appointed the following individuals and lawyers.

6

**Class Representatives:** Mary Louis and Monica Douglas

**Class Counsel:** Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center.  These are the entities that negotiated this settlement on your behalf.  Their contact information is below.

## Do I have to pay the lawyers in this lawsuit?

You will not have to pay the lawyers directly.  Attorneys' fees and costs awarded by the Court will be paid by SafeRent, separately from the settlement fund used to pay out class members' claims.

To date, Class Counsel have not been paid any money for their work or out-of-pocket expenses in this case.  To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, Class Counsel have requested that the Court approve a payment from SafeRent to them of up to $1,100,000 total in attorneys' fees and expenses.  Attorneys' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.  Any unawarded fees out of the $1,100,000 will be added to the Settlement Fund disbursed to class members.  You have the right to object to the attorneys' fees even if you think the other settlement terms are fair.

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out.  If you do, you will not receive payment and cannot object to the settlement.  However, you will not be bound or affected by anything that happens in this lawsuit and will keep any right you have to file your own case.

## How do I opt out?

To opt out of the settlement, you must send a letter to the Settlement Administrator that:

(1) is postmarked by [90 days after notice is mailed];
(2) includes the case name and number (Louis et al. v. SafeRent Solutions, LLC et al., Case No. 1:22-cv-10800);

7

(3) includes your full name and contact information (telephone number, email, and/or mailing address);
(4) states clearly that you wish to be excluded from the settlement; and
(5) includes your signature.

Mail the letter to the following address:

Settlement Administrator
[insert address]
[insert phone number]

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the attorneys' fees) but don't want to opt out, you may object to the settlement. You must give reasons why you think the Court should not approve the settlement and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement as is—it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you. If you choose to hire your own lawyer, you will do so at your expense.

To object, you must send a letter to the Court that:

(1) is postmarked by [90 days after notice];
(2) includes the case name and number (Louis et al. v. SafeRent Solutions, LLC et al., Case No. 1:22-cv-10800).
(3) includes your full name, address and telephone number, and email address (if you have one);
(4) states the reasons for your objection;
(5) says whether either you or your counsel intend to appear at the final approval hearing and your counsel's name; and
(6) includes your signature.

Mail the letter to both of the following two places:

| Settlement Administrator<br>[insert address]<br>[insert phone number] | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, Massachusetts 02210 |
|---|---|

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found at www.MATenantScreeningSettlement.com. To get a copy of the settlement agreement, to review other documents about the case, or get answers to your questions:

- contact Class Counsel (information below)

- visit the settlement website at www.MATenantScreeningSettlement.com.

- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office of the Court (address below).

| Resource | Contact Information |
|---|---|
| Settlement **website** | www.MATenantScreeningSettlement.com |
| **Settlement Administrator** | Settlement Administrator<br>[insert address]<br>[insert phone number/email] |
| **Class Counsel** | Christine E. Webber and Brian Corman<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>Fifth Floor<br>Washington, DC 20005<br>[Settlement Dedicated Email Address]<br>[Settlement Dedicated Phone Number]<br><br>Todd S. Kaplan |

|  | Greater Boston Legal Services<br>197 Friend Street<br>Boston, MA 02114<br><br>[Settlement Dedicated Email Address]<br>[Settlement Dedicated Phone Number]<br><br>Stuart T. Rossman, Shennan Kavanagh, and Ariel C. Nelson<br>National Consumer Law Center<br>7 Winthrop Square<br>Boston, MA 02110<br>[Settlement Dedicated Email Address]<br>[Settlement Dedicated Phone Number] |
|---|---|
| **Court (DO NOT CONTACT)** | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, Massachusetts 02210 |

# Exhibit E


*0000PLACEHOLDER0000*

# Louis v SafeRent Claim Form

*Para obtener este forma de reclamo in Espanol, por favor visit el sitio web:*
*www.MATenantScreeningSettlement.com.  (Verbiage accounting for other languages here)*

**THIS CLAIM FORM CAN ALSO BE SUBMITTED ONLINE AT WWW.MATENANTSCREENINGSETTLEMENT.COM.**

**ALL CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [claims filing deadline].**

**CLAIM FORM OVERVIEW:**

**Purpose: This Claim Form is to determine if you are Settlement Class Member and the answers you provide will be used to determine if you are eligible to receive a cash payment from this Settlement.**

**Settlement Class Definition:**

You are a class member and part of this settlement if:

(1)  you were a rental applicant who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and [date of preliminary approval order];

OR

(2)  you are  Black  and/or  Hispanic  and  were a rental applicant who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and [date of preliminary approval order].

**If you believe you are a member of one or both classes, please fill out every part of this Claim Form to the best of your ability.**

---

**Part 1: Contact Information**

First Name:                                                          MI:        Last Name:

Address:

Unit/Apt:

City:                                                                                              State:        ZIP Code:

Phone Number:

Email Address:

If you don't have either a phone number or email address, you may provide a phone number or email address of  someone else we can contact if we need to speak with you regarding your claim.

Phone Number:

Email Address:

MAIL ID

*0000PLACEHOLDER0000*

*Part 2: Settlement Eligibility*

**Your answers to these questions will help determine which, if either, of the settlement classes you are eligible for, and help the Settlement Administrator verify your eligibility if you lack documentation.**

1. **Please check one box. I identify as:**

☐ Black          ☐ Hispanic          ☐ Both          ☐ Neither

2. **Check more than one box if applicable: I had a publicly funded housing voucher that I tried to use during the following time period in Massachusetts.**

☐ **May 25, 2020 to May 24, 2021**

☐ **May 25, 2021 to [prelim approval date]**

**Note: if you were trying to rent housing using a housing voucher, but were never able to do so, please check the box that matches the time period when you were trying to get a lease using a housing voucher.**

3. **Check more than one box if applicable: To show I had a voucher:**

☐ I have included documentation which shows I had a voucher during the time period(s) checked above **(Please send copies only).**

☐ Check here if you are sending these documents by email to info@MATenantScreeningSettlement.com.

*Examples of acceptable documentation include: a confirmatory email from a housing authority that you held a voucher, a rent share letter, or a housing assistance payment (HAP) document. If you are not sure your documents will be acceptable, please also check the box below authorizing the Claims Administrator to verify your information with relevant agencies.*

☐ I held a publicly funded housing voucher, but I am unable to provide documentation. I authorize the Settlement Administrator to contact federal, state, and/or local agencies to confirm my voucher. I authorize the PHA, HUD and/or the Massachusetts Executive Office of Housing and Living Communities to provide the Settlement Administrator with information about my voucher status during the relevant period(s) and permit the Settlement Administrator to finally determine my eligibility for a cash payment based on the information, if any, provided by these entities.

Please also provide any of the following information if you have it, to assist the Claims Administrator in locating confirmation of your voucher:

a) Public Housing Agency (PHA) that approved and/or issued the voucher:

| | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

*(Please note that a list of public housing agencies is available on the Settlement website, www.MATenantScreeningSettlement.com.)*

b) Choose only one (1) of the following:

☐ My voucher was federally funded (for example, Section 8, Housing Choice Voucher).

☐ My voucher was state or locally funded (for example, Massachusetts Rental Voucher Program [MRVP], Alternative Rental Voucher Program [ARVP]).



*0000PLACEHOLDER0000*

### Part 3: Payment Election

If your claim is approved for payment, you may elect to receive your payment either by check or as a digital payment (you could receive payment as an ACH direct deposit, Venmo, PayPal, or prepaid card using instructions emailed to you). Checks must be cashed within 180 days of receiving them.

Which do you prefer?

☐ Check mailed to me

☐ Digital payment (instructions will be emailed to the email address I provided with my contact information)

You may also choose to receive your payment in a single, lump sum payment or 2 payments over 2 years. Which do you prefer?

☐ I want to receive my award payment in a single, lump sum payment.

☐ I want to receive my award payment in two equal payments, with one payment per year.

(Payment of the settlement funds to you may have an effect on your eligibility for certain benefits. For more information, please review the information at www.MATenantScreeningSettlement.com.)

### Part 4: Substitute W-9 Form

Please complete the Substitute W-9 Form below.

Claimant's Full Name (as shown in your income tax return):

First Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐   MI: ☐☐   Last Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐

Type of entity (check one):

☐ Individual          ☐ S-Corporation          ☐ Corporation          ☐ Exempt Payee

☐ Limited Liability Company   ☐ Other _____

Enter Social Security Number (SSN)    Enter Tax Identification Number (TIN) or Employer Identification Number (EIN)

(Individuals Only)                    (Other than Individuals)

☐☐☐ – ☐☐ – ☐☐☐☐    OR    ☐☐ – ☐☐☐☐☐☐☐

Under penalties of perjury, I certify that: 1.) the number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and 2.) I am not subject to backup withholding because: (a) I am exempt from backup withholding, (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, 3.) I am a U.S. citizen or other U.S. person.

Note: If you are not a U.S. citizen or other U.S. Person, you should not fill this section out, and instead complete and submit IRS Form W-8BEN, W-8BEN-E, W-8ECI, or W-8IMY. You may download these forms from the IRS website: www.irs.gov/forms-instructions.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholdings.**

_____    Date: ☐☐ – ☐☐ – ☐☐☐☐
Signature                                    MM      DD      YYYY

**MAIL ID**

*0000PLACEHOLDER0000*

*Part 5: Certification and Signature*

Anyone who knowingly submits a false claim or makes a false statement is subject to criminal and/or civil penalties, including confinement for up to 5 years, fines, and civil and administrative penalties. (18 U.S.C. §§ 287, 1001, 1010, 1012, 1014; 31 U.S.C. §3729, 3802). Additionally, requesting or obtaining any Privacy Act protected record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

I declare (or certify, verify, or state) under penalty of perjury that all of the information I provided on this claim form is true and correct, to the best of my knowledge.

Date:  | | |  –  | | |  –  | | | | |
         MM     DD     YYYY

Signature

Printed Name