# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED PERSONS, AND COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAFERENT SOLUTIONS, LLC AND METROPOLITAN MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil Action No. 1:22-CV-10800-AK |

### DECLARATION OF CHRISTINE E. WEBBER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASSES AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

I, Christine E. Webber, declare as follows:

1. I am an attorney in good standing, duly licensed and admitted to the Bars of the District of Columbia and the State of Illinois, and I am admitted pro hac vice to represent Plaintiffs in the above-captioned matter. This Declaration is based upon my personal knowledge, and my review of records maintained in the regular course of business and, if called upon, I would testify competently about the matters set forth herein. This Declaration is submitted in support of Plaintiffs' Unopposed Motion for Certification of the Settlement Classes and Final Approval of the Class Action Settlement.

2. I provide this Declaration to describe the work completed by Class Counsel in this action since March 28, 2024, specifically to describe the process for validating claims, and to supplement the information provided in my Declaration in Support of Plaintiffs' Motion for

1

Award of Attorneys' Fees and Costs (Doc No. 116-3) regarding attorneys' fees incurred since March 28, 2024.

3. Since filing for preliminary approval on March 28, 2024, Class Counsel has devoted an additional 345.64 hours to this litigation, as described below. Class Counsel has actively participated in overseeing the notice and claims administration, including by working with government agencies to verify claimants' housing vouchers, reviewing supporting documentation from claimants, and answering class member questions. Cohen Milstein also drafted Plaintiffs' Unopposed Motion for Certification of the Settlement Classes and Final Approval of the Class Action Settlement.

### Our Work to Validate Claims

4. The Settlement Agreement requires confirmation that each claimant held a housing voucher during the relevant time period. To provide evidence of voucher status, each claimant was required to provide with their Claim Form: (a) documentation sufficient to show that the individual held a housing voucher during the Relevant Period, and/or (b) a statement signed under penalty of perjury attesting that the individual held a voucher during the Relevant Period and authorizing Epiq to verify the claimant's voucher by contacting the relevant Public Housing Authority ("PHA"), the Department of Housing and Urban Development ("HUD"), and/or the Massachusetts Executive Office of Housing and Livable Communities ("EOHLC"). For a claimant to be confirmed as eligible to share in the Settlement, the documents provided, or information provided by a PHA, HUD, or EOHLC, had to establish that the claimant held a housing voucher during the relevant time period.

5. Settlement Administrator Epiq processed the Claim Forms and shared any supporting documentation with Class Counsel, who then reviewed each document to determine whether it was sufficient to show that the claimant held a housing voucher during the relevant

period. On September 28, 2024 and October 31, 2024, Epiq sent out mass emails and text messages to claimants whose vouchers had not yet been verified, requesting supporting documentation. Claimants were given the option to either email supporting documentation to an email address maintained by Epiq or text documentation to a phone number maintained by Cohen Milstein. Documentation received by Epiq via email was then sent to Class Counsel to review. Documentation received via text was reviewed by Cohen Milstein. In total, Class Counsel verified that 123 claimants held housing vouchers during the relevant period based on the documentation they submitted.

6. Simultaneously, Class Counsel attempted to verify each claimant's housing voucher with the Department of Housing and Urban Development ("HUD"), the Massachusetts Executive Office of Housing and Livable Communities ("EOHLC"), and/or the Public Housing Authority ("PHA") that the claimant identified on their claim form (if any).

7. On August 15, 2024, Class Counsel submitted the first list of individuals who submitted a Claim Form with their Social Security number to HUD. On October 22, 2024, Class Counsel sent HUD a second list of additional claimants who had either submitted new claim forms or added a social security number to their claim forms since August 15. In total, HUD was able to confirm that 311 claimants held housing vouchers during the relevant time.[1] Class Counsel also contacted EOHLC to run claimants' information through its database, which EOHLC noted would likely be incomplete, and confirmed that 29 additional claimants held vouchers during the relevant time period.

8. During this time, Class Counsel also sent letters via email and/or first-class mail

---

[1] Some claimants' vouchers were verified both by HUD and through supporting documentation, so there is some overlap between the 311 claims verified by HUD and the 123 claims verified via documentation.

3

(to the extent contact information could be obtained) to 87 local PHAs that claimants identified in their claim forms, requesting that the PHA verify whether the associated claimants held housing vouchers. Class Counsel worked diligently to monitor responses and follow up with non-responsive PHAs to verify as many claimants' vouchers as possible. To date, 67 PHAs have checked their databases for housing voucher records pertaining to the claimants who identified that PHA. These PHAs have been able to verify that 107 claimants held housing vouchers during the relevant time.[2]

9. Through all of the methods described above,[3] Class Counsel has confirmed that 421 total claimants held housing vouchers during the relevant time period and are thus Settlement Class Members who will receive payment. Class Counsel has also confirmed that 84 claimants are *not* Settlement Class Members, either because they were household members of another confirmed claimant or because they provided information confirming that they did not hold a housing voucher during the relevant time.

10. There are 316 claimants whose housing vouchers have not yet been verified through any of the methods described above, but have not yet been definitively ruled ineligible. Class Counsel estimate that we will need an additional 30 days, until December 9, 2024, to ensure that all of the verification processes described above have been completely exhausted such that all claimants have been given sufficient opportunity to prove that they are Settlement Class Members and entitled to payment. If permitted by the Court, Class Counsel and Epiq will use the additional 30 days to: (1) continue following up with the remaining 20 PHAs who have

---

[2] There is some overlap between the 107 claims verified by PHAs and the claims verified by HUD, EOHLC, and/or supporting documentation.

[3] As noted above, many claimants' housing vouchers were confirmed through more than one method (*i.e.* HUD, PHA, EOHLC, and/or documentation verification) because these efforts were conducted simultaneously.

4

not yet checked their databases for the claimants who identified those PHAs on their Claim Forms and (2) provide unverified claimants a final opportunity to submit supporting documentation.

11. To estimate the likely payments that will be made to Settlement Class Members, Class Counsel first determined how many verified claimants are members of the Income-Based Settlement Class *only* or the Race-Based Settlement Class *only* (and thus entitled to a 1X share under the Settlement Agreement) and how many verified claimants are members of both Classes (and thus entitled to a 1.5X share). Class Counsel determined that a claimant was a member of both Classes if the claimant (1) affirmed, under penalty of perjury, that they are Black and/or Hispanic on the Claim Form and (2) could be confirmed to have held a housing voucher at any time between May 25, 2021 and April 25, 2024, either through documentation provided or through agency verification. If the claimant did not indicate that they are Black and/or Hispanic but the claimant was confirmed to have a housing voucher between May 25, 2021 and April 25, 2024, then Class Counsel determined that the claimant was only a member of the Income-Based Settlement Class. If the claimant indicated that they are Black and/or Hispanic but the claimant was confirmed to have a housing voucher between May 25, 2020 and May 25, 2021 *only*, then the Class Counsel determined that the claimant was only a member of the Race-Based Settlement Class. To date, Class Counsel confirmed that 243 of the 421 confirmed claimants are members of both Settlement Classes (and thus entitled to a 1.5X share) and 178 are members of only one Settlement Class (and thus entitled to a 1X share).

## Class Counsel's Lodestar

12. Class Counsel has not received any compensation for its work on this case. Any compensation Class Counsel receives in this case will be dependent on the award of attorneys' fees and costs approved by this Court.

13. Class Counsel has maintained detailed contemporaneous time records for each biller in this case, with discrete time entries that describe each item of work performed to the tenth of an hour. Should the Court request detailed daily time records, we can submit them in short order for the Court's review *in camera* to avoid disclosure of entries that contain attorney-client privileged, work product, or attorneys-eyes-only confidential information.

14. As detailed in my previously filed Declaration in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. No. 116-3), Cohen Milstein devoted 1,802.43 hours to litigating the class claims in this matter through March 2024. After a line-by-line review and exercise of billing judgment, we excluded 5.8% of the total time actually worked on the class claims and sought compensation for 1,697.83 hours, with a lodestar of $1,063.508.50. When adding the lodestar requested by co-counsel Greater Boston Legal Services ("GBLS") and the National Consumer Law Center ("NCLC"),[4] Class Counsel's total lodestar at that time was $1,334,152.20.

15. As of November 6, 2024, Cohen Milstein has devoted an additional 301.5 hours to the class claims in this matter since the filing of Plaintiffs' Preliminary Approval Motion and Motion for Attorneys' Fees on March 28, 2024. As of October 30, 2024, GBLS has devoted an additional 28 hours to this matter and NCLC has devoted an additional 16.14 hours to this matter. Using the same hourly rates used to calculate our prior lodestar, Cohen Milstein's additional lodestar since March 28, 2024 is $160,435, GBLS's lodestar is $19,600, and NCLC's lodestar is $11,557.20. Thus, in total, Class Counsel has devoted an additional 345.64 hours to this matter since March 28, 2024, with an additional lodestar of $191,592.20.

---

[4] Details of GBLS's and NCLC's lodestar were provided by the declarations of Todd Kaplan and Shennan Kavanagh filed in support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, Doc. No. 116-4 (Kaplan Decl.) and Doc. No. 116-5 (Kavanagh Decl.).

16.     Each of the attorneys and paralegals whose work is included in Class Counsel's lodestar since March 28, 2024 is listed below, along with their titles, hourly billing rates, and hours included in this calculation:

| Name | Firm | Title | Hourly Billing Rate | Hours Billed Since 3/28 |
|---|---|---|---|---|
| Christine E. Webber | Cohen Milstein | Partner | $1,050 | 12.80 |
| Brian Corman | Cohen Milstein | Partner | $750 | 61.50 |
| Phoebe Wolfe | Cohen Milstein | Associate | $600 | 85.40 |
| Pamela Macker | Cohen Milstein | Senior Paralegal | $350 | 96.50 |
| Aarushi Phalke | Cohen Milstein | Paralegal | $350 | 45.30 |
| Shennan Kavanaugh | NCLC | Senior Staff Attorney & Litigation Director | $730 | 16.14 |
| Todd Kaplan | GBLS | Senior Attorney | $700 | 28 |

17.     Class Counsel's costs and expenses have also increased by $1,353.44 since March 28, 2024. These expenses include the costs paid by Cohen Milstein for postage, Westlaw research charges, PACER charges, a remaining balance paid to JAMS for mediation, and travel for the upcoming fairness hearing. Thus, in total, Class Counsel has expended $23,805.76 in costs and expenses on this matter to date. *See* Webber Decl. (Doc. No. 116-3) at 18 (Cohen Milstein's costs and expenses as of March 2024 were $20,424.52); Kaplan Decl. (Doc. No. 116-4) at 5 (GBLS's costs and expenses as of March 2024 were $2,027.80).

18.     As a result of the work described above, Class Counsel's lodestar has increased since March 28, 2024 to a total of $1,525,744.40 plus $23,805.76 in costs and expenses. Thus, if the Court awards the full amount permitted under the Settlement Agreement, $1,100,000, then, after reimbursement of expenses, Plaintiffs' counsel would receive only 70.5% of their requested lodestar.

19.     Should this Court grant final approval, Class Counsel will continue to actively participate in overseeing claims administration, including verifying claimants' housing vouchers and answering class member questions. As the injunctive relief provisions in the Settlement

Agreement will last for five years, to begin within one year of the Court's final approval of the Settlement, Cohen Milstein would oversee the administration of these terms of the Settlement over at least the next five years. In short, the lodestar set forth in this declaration will not reflect the final total of the hours that Class Counsel will work on this case before the case is entirely over.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Washington, D.C. on the date set forth below.

November 8, 2024

>*/s/ Christine E. Webber*
>Christine E. Webber (*pro hac vice*)
>Cohen Milstein Sellers & Toll PLLC
>1100 New York Avenue NW, 5th Fl.
>Washington, D.C. 20005
>(202) 408-4600
>cwebber@cohenmilstein.com