# Exhibit 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MARY LOUIS AND MONICA
DOUGLAS, ON BEHALF OF
THEMSELVES AND SIMILARLY
SITUATED PERSONS, AND
COMMUNITY ACTION AGENCY OF
SOMERVILLE, INC.,

                                  Plaintiffs,

vs.                                  NO. 1:22-CV-10800

SAFERENT SOLUTIONS, LLC AND
METROPOLITAN MANAGEMENT
GROUP, LLC,

                                  Defendants.

## DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.      My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased legal notification plans. Hilsoft Notifications is a business unit of Epiq.

4.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5.    This declaration details the successful implementation of the Notice Program ("Notice Program") and notices (the "Notice" or "Notices") for *Louis et al. v. SafeRent Solutions, LLC et al.,* Case No. 1:22-cv-10800, pending in United States District Court for the District of Massachusetts.  I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Notice Program* ("Notice Plan Declaration") on March 26, 2024, which described the Notice Program, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.* I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## NOTICE PROGRAM METHODOLOGY

6.    Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1]  The Notice Program as implemented satisfied these requirements.

## CAFA NOTICE

7.    On April 5, 2024, Epiq sent 57 CAFA Notice Packages ("CAFA Notice").  The CAFA Notice was mailed via United States Postal Service ("USPS") Priority Mail to 54 officials (the Attorneys General of 48 states, the District of Columbia, and the United States Territories). As per the direction of the Office of the Nevada and Connecticut Attorneys General, the CAFA Notice was sent to the Nevada and Connecticut Attorneys General electronically via email.  The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated April 5, 2024, which is included as **Attachment 1**.

---

[1] Fed. R. Civ. P. 23(c)(2)(B).

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

## NOTICE PROGRAM DETAIL

8.      On April 25, 2024, the Court approved the Notice Program and appointed Epiq as the Settlement Administrator in the *Order Certifying the Classes for Settlement Purposes and Directing Notice of Settlement to the Classes* ("Preliminary Approval Order").  In the Preliminary Approval Order, the Court approved and certified, for settlement purposes, the following "Settlement Classes":

> Massachusetts Income-Based Settlement Class
> All rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021 and the date of the entry of the Preliminary Approval Order.
>
> Massachusetts Race-Based Settlement Class
> All Black and Hispanic rental applicants who used publicly funded housing vouchers and sought but were denied housing in Massachusetts because of their SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and the date of the entry of the Preliminary Approval Order.

9.      After the Court's Preliminary Approval Order was entered, Epiq implemented the Notice Program.  This declaration details the notice activities undertaken to date and explains how and why the Notice Program was comprehensive and well-suited to reach the Settlement Class Members.  This declaration also discusses the administration activity to date.

10.      The Notice Program as designed and implemented reached the greatest practicable number of the Massachusetts Income-Based Settlement Class Members and the Massachusetts Race-Based Settlement Class Members (together, "Settlement Class Members").  The Notice Program's individual notice efforts reached approximately 94.2% of the identified Potential Settlement Class Members.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Program was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

of due process, including its "desire to actually inform" requirement.[2]

## NOTICE PROGRAM

### *Individual Notice*

11.     On May 2, 2024, and May 6, 2024, Epiq received two data files with 36,662 records for identified Potential Settlement Class Members, including last know addresses, email addresses (if any), and telephone numbers (if any) ("Settlement Class Spreadsheet").  Epiq deduplicated and rolled-up the records and loaded the unique, identified Potential Settlement Class Member records into its database.  These efforts resulted in 30,065 unique, identified Potential Settlement Class Member records.

12.     An Email Notice was sent to all persons on the Settlement Class Spreadsheet with an associated valid email address, and a printed Notice, Claim Form, and Prepaid Return Envelope ("Mail Notice Package") was sent via USPS first-class mail to all persons on the Settlement Class Spreadsheet with an associated physical address.  A Text Notice was sent to all persons on the Settlement Class Spreadsheet with an associated valid telephone number.  The Notices clearly described the case and the legal rights of the Settlement Class Members.  In addition, the Notices directed the recipients to a Settlement Website where they could access additional information.

### *Individual Notice – Email*

13.     On June 2, 2024, Epiq sent 18,537 Email Notices to all persons on the Settlement Class Spreadsheet for whom a valid email address was available.  The following industry standard best practices was followed for the Email Notice efforts.  The Email Notice was drafted in such a way that the subject line, the sender, and the body of the message overcame SPAM filters and ensured readership to the fullest extent reasonably practicable.  For instance, the Email Notice used an embedded html text format.  This format provided easy-to-read text without graphics, tables,

---

[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

images and other elements that in our experience would have increased the likelihood that the message would have been blocked by Internet Service Providers (ISPs) and/or SPAM filters for this type of communication.  The Email Notices were sent from an IP address known to major email providers as one not used to send bulk "SPAM" or "junk" email blasts.  Each Email Notice was transmitted with a digital signature to the header and content of the Email Notice, which allowed ISPs to programmatically authenticate that the Email Notices were from our authorized mail servers.  Each Email Notice was also transmitted with a unique message identifier.  The Email Notice included an embedded link to the Settlement Website.  By clicking the link, recipients were able to access additional information about the case.  The Email Notice is included as **Attachment 2**.

14.     If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier.  For any Email Notice for which a bounce code was received indicating that the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., at least two additional attempts were made to deliver the Notice by email.

### *Individual Notice – Direct Mail*

15.     On June 5, 2024, Epiq sent 30,065 Mail Notice Packages to all persons on the Settlement Class Spreadsheet with an associated physical address.  The Mail Notice Packages were sent via USPS first-class mail.  The printed Notice included in the Mail Notice Package clearly and concisely summarized the case and the legal rights of the Settlement Class Members.  The printed Notice also directed the recipients to the Settlement Website where they could access additional information about the case.  The Mail Notice Package also included a Claim Form and Prepaid Return Envelope.  The printed Notice is included at **Attachment 3**.  The Claim Form is included as **Attachment 4**.

16.     Prior to sending the Mail Notice Packages, mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure address information for persons on the Settlement Class Spreadsheet was up-to-date and accurately

formatted for mailing.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and was verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

17.    The return address on the Mail Notice Packages is a post office box that Epiq maintains for this case.  The USPS automatically forwards Mail Notice Packages with an available forwarding address order that has not expired ("Postal Forwards").  Mail Notice Packages returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but is still within the time period in which the USPS returns the piece with the address indicated), and to better addresses that may be found using a third-party lookup service.  Upon successfully locating better addresses, Mail Notice Packages were promptly remailed.  As of November 6, 2024, Epiq has remailed 2,218 Mail Notice Packages.

18.    Additionally, a printed Notice and Claim Form ("Claim Package") in English or Spanish, were mailed to all persons who requested one via the toll-free telephone number or by other means.  As of November 6, 2024, Epiq mailed three Claim Packages as a result of such requests.  The printed Notice in Spanish is included as **Attachment 5.**  The Claim Form in Spanish is included as **Attachment 6**.

### *Individual Notice – Text Notice*

19.    On June 5, 2024, Epiq sent 15,408 Text Notices to all persons on the Settlement Class Spreadsheet with an associated valid telephone number.  The Text Notice included a link to the Settlement Website.  By clicking the link, recipients were able to access additional information

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™.  The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PROGRAM

about the case, including the full Notice and Claim Form. The Text Notice is included as **Attachment 7**.

### *Notice Results*

20.    As of November 6, 2024, an Email Notice, Mail Notice Package, and/or Text Notice was delivered to 28,348 of the 30,065 unique, identified Settlement Class Members. This means the individual notice efforts reached approximately 94.2% of the identified Potential Settlement Class Members.

### *Settlement Website*

21.    On May 31, 2024, Epiq established a dedicated Settlement Website with an easy to remember domain name (www.MATenantScreeningSettlement.com). Relevant documents, including the Settlement Agreement, printed Notice (in English and Spanish), Claim Form (in English and Spanish), Preliminary Approval Order, and other case-related documents are posted on the Settlement Website. The Settlement Website also provided the ability for Settlement Class Members to file an online Claim Form prior to the deadline. In addition, the Settlement Website included relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members could opt-out (request exclusion) from or object to the Settlement prior to the deadline, contact information for the Settlement Administrator, and how to obtain other case-related information. The Settlement Website address was prominently displayed in all notice documents. As of November 6, 2024, there have been 2,860 unique visitor sessions to the Settlement Website, and 7,908 web pages have been presented.

### *Toll-Free Telephone Number and Other Contact Information*

22.    On May 31, 2024, Epiq established a toll-free telephone number (1-888-344-0796) for the Settlement, in English and Spanish. Callers are able to hear an introductory message, have the option to learn more about the Settlement in the form of recorded answers to FAQs, and request that a Claim Package be mailed to them. This automated telephone system is available 24 hours per day, 7 days per week. During normal business hours, callers also have the option to speak to a live operator. The toll-free telephone number was prominently displayed in all notice documents.

As of November 6, 2024, there have been 756 calls to the toll-free telephone number representing 5,495 minutes of use, and service agents have handled 463 incoming calls representing 5,074 minutes of use, and 199 outgoing calls representing 635 minutes of use.

23.    A postal mailing address and email address were established and continue to be available, allowing Settlement Class Members the opportunity to request additional information or ask questions.

### *Requests for Exclusion and Objections*

24.    The deadline to request exclusion from the Settlement or to object to the Settlement was September 3, 2024.  As of November 6, 2024, Epiq has received eight valid requests for exclusion.  As of October 28, 2024, Epiq has received one objection to the Settlement, which is not regarding notice or settlement administration.  The Request for Exclusion Report is included as **Attachment 8**.

### *Claim Submission & Distribution Options*

25.    The Settlement provided Settlement Class Members the option of filing a Claim Form.  The Notices contained a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members could file a Claim Form online or by mail or email.  With any method of filing a Claim Form, Settlement Class Members were given the option of receiving a digital payment or a traditional paper check.

26.    The deadline for Settlement Class Members to file a Claim Form was September 3, 2024.  As of October 28, 2024, Epiq has received 895 Claim Forms (489 online and 406 paper). As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  After removing duplicates, Epiq has determined that it has received 821 timely claims and 36 late claims.  There is a possibility that after detailed review, the total number of Claim Forms received will change due to duplicate Claim Forms.

27.    Claimants were given the option to submit documentation (either electronically or by mail) along with their Claim Forms.  Epiq processed the Claim Forms and shared any supporting documentation with Class Counsel, who then reviewed each document to determine

whether it was sufficient to show that the claimant held a housing voucher during the relevant period. Epiq also sent emails and text messages on September 28, 2024 and October 31, 2024 to claimants whose voucher status had not yet been verified, requesting supporting documentation. As of November 6, 2024, Epiq has received 335 supporting documents[4] submitted via web claims, paper claims, or written or emailed correspondence.

## CONCLUSION

28.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice. This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

29.     The Notice Program included individual notice to persons who were likely to be Settlement Class Members. With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 94.2% of the identified Settlement Class Members. The reach was further enhanced by a Settlement Website, which was not included in the reach calculation. In 2010, the Federal Judicial Center ("FJC") issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[5] Here, we have developed and implemented a Notice Program that readily achieved a reach at the high-end of that standard.

---

[4] Multiple supporting documents may have been submitted for the same claim.
[5] Fed. Judicial Ctr, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

30.     The Notice Program followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Classes, and (b) to ensure that notice is reasonably calculated to do so:

   a)    "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

   b)    "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

31.     The Notice Program for this case provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rules of Civil Procedure Rule 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

32.     The Notice Program schedule afforded sufficient time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines.

33.     I declare under penalty of perjury that the foregoing is true and correct.  Executed November 8, 2024.

_____

Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

# Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOUIS AND MONICA DOUGLAS, on behalf of themselves and all others similarly situated, and COMMUNITY ACTION AGENCY OF SOMERVILLE, INC., <br><br>       Plaintiffs, <br><br>       v. <br><br> SAFERENT SOLUTIONS, LLC, and METROPOLITAN MANAGEMENT GROUP, LLC, <br><br>       Defendants. | Civil Case No. 1:22-CV-10800-AK |

## **DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE**

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.     My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 400 class action settlements.

3.     Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

4.    The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.    At the direction of counsel for Defendant SafeRent Solutions, LLC, 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.    Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.    On April 5, 2024, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Priority Mail to 54 officials (the Attorneys General of 48 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada and Connecticut Attorneys General, the Notice was sent to the Nevada and Connecticut Attorneys General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Priority Mail, Email, and UPS) is included as **Attachment 1**.

8.    The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

9.      The cover letter was accompanied by a CD, which included the following:

- **Complaint (28 U.S.C. § 1715(b)(1))**

The complaint and amended complaint filed in the *Louis* Action were included as Exhibits A and B.

- **Proposed Notice (28 U.S.C. § 1715(b)(3))**

The proposed notice plan is outlined in Section 4.2 of the Class Action Settlement Agreement and Release filed on March 28, 2024 (the "Settlement Agreement"), which was included as Exhibit C.  The proposed notification to be distributed to Settlement Class Members was included as Exhibit D to the Settlement Agreement (beginning on page 51 of the PDF on the CD).

- **Proposed Settlement Agreement (28 U.S.C. § 1715(b)(4))**

The Settlement Agreement, including all exhibits, were included as Exhibit C on the CD.

- **Other Contemporaneous Agreements (28 U.S.C. § 1715(b)(5))**

SafeRent disclosed that an agreement was made between SafeRent and Community Action Agency of Somerville, Inc. ("CAAS") to resolve claims that CAAS had asserted on an individual basis. A copy of this filing was included as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 5, 2024.

_____
KYLE S. BINGHAM

# **Attachment 1**

CAFA Notice Service List

USPS Priority Mail

| Appropriate Official | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Russell Coleman | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Liz Murrill | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A Henry | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Ariel M Smith | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**Email**

| Appropriate Official | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Connecticut | All documents sent to CT AG at their dedicated CAFA email inbox. | CT |
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |

**CAFA Notice Service List**

**UPS**

| Appropriate Official | FullName | Address1 | Address2 | City | State |
|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC |

# **<u>Attachment 2</u>**

# COVINGTON

BEIJING  BRUSSELS  DUBAI  FRANKFURT  JOHANNESBURG
LONDON  LOS ANGELES  NEW YORK  PALO ALTO
SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5066
asoukup@cov.com

April 5, 2024

**By UPS and USPS Priority Mail**

To: All Appropriate Federal and State Officials Per 28 U.S.C. § 1715
(see attached distribution list – Appendix B)

Re:    **Notice of Proposed Settlement Pursuant to the Class Action Fairness
Act (28 U.S.C. § 1715) in *Louis et al. v. SafeRent Solutions, LLC, et al.*,
No. 1:22-cv-10800 (D. Mass.)**

To whom it may concern:

A proposed class-action settlement was filed in the above-captioned action (the "*Louis*
Action") on March 28, 2024.  Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715,
Defendant SafeRent Solutions, LLC ("SafeRent") hereby provides notice of the proposed
settlement.  Relevant documents are included on the enclosed CD accompanying this Letter.

In accordance with 28 U.S.C. § 1715(b), SafeRent states:

## 1.    **Complaint (28 U.S.C. § 1715(b)(1))**

The complaint and amended complaint filed in the *Louis* Action are included as Exhibits
A and B on the enclosed CD accompanying this letter.  All other pleadings and records filed in the
*Louis* Action are available through the federal government's PACER service at
http://www.pacer.gov.

## 2.    **Notice of Judicial Hearing (28 U.S.C. § 1715(b)(2))**

The Court has not yet scheduled a hearing related to the proposed class action settlement
in the *Louis* action.  When the Court schedules a hearing related to the *Louis* action, the date of
such hearing will be posted on the settlement website (www.MATenantScreeningSettlement.com)
along with other relevant information.  Information about the hearing will also available through
PACER.

## 3.    **Proposed Notice (28 U.S.C. § 1715(b)(3))**

The proposed notice plan is outlined in Section 4.2 of the Class Action Settlement
Agreement and Release filed on March 28, 2024 (the "Settlement Agreement"), which is included
as Exhibit C on the accompanying CD.[1]  The Settlement Administrator will conduct the proposed
notification to Members of the Settlement Classes.  The notice includes direct notice to Members
of the Settlement Classes, to the extent feasible, through a compiled list of the names and, if
reasonably available to SafeRent, the full or partial Social Security numbers and last known

---

[1] Capitalized terms not defined herein are defined as in the Settlement Agreement.

**COVINGTON**

CAFA Notice  |  April 5, 2024
Page 2

addresses, emails, and telephone numbers of all applicants in Massachusetts who SafeRent assigned a SafeRent Score and, on the basis of that SafeRent Score and the screening thresholds that the housing provider set, recommended "decline" or "accept with conditions" on the application, between May 25, 2020 and the date that the Court enters an order preliminary approving the Settlement Agreement.  The Settlement Administrator will use this information to obtain updated contact information that may be available and to send hardcopy, email, and/or text notice to all of the individuals identified.  The Settlement Administrator will also maintain a toll-free helpline and a website with relevant notice and information regarding the case, including the Settlement Agreement and its exhibits, at www.MATenantScreeningSettlement.com.  The proposed notification to be distributed to Settlement Class Members, which is included as Exhibit D to the Settlement Agreement (beginning on page 51 of the PDF on the accompanying CD) includes a process for exclusion and for objecting to the settlement.

4.      **Proposed Settlement Agreement (28 U.S.C. § 1715(b)(4))**

The Settlement Agreement, including all exhibits, is included as Exhibit C on the accompanying CD.

5.      **Other Contemporaneous Agreements (28 U.S.C. § 1715(b)(5))**

No other settlements or other agreement was contemporaneously made between class counsel and counsel for the defendants.  Out of an abundance of caution, SafeRent discloses that an agreement was made between SafeRent and Community Action Agency of Somerville, Inc. ("CAAS") to resolve claims that CAAS had asserted on an individual basis.  Counsel for CAAS is also the proposed Settlement Class Counsel in the *Louis* Action.  However, as CAAS has disclosed to the Court, CAAS is not a member of the proposed settlement class, and Settlement Class Counsel are not receiving and will not receive any compensation, monetary or otherwise, in connection with the settlement of CAAS's claims against SafeRent.  A copy of this filing is included as Exhibit D on the accompanying CD.

6.      **Final Judgment (28 U.S.C. § 1715(b)(6))**

No final judgment or notice of dismissal has been entered in the *Louis* Action.

7.      **Estimate of Class Members (28 U.S.C. § 1715(b)(7)(A)-(B))**

It is not feasible to provide the names of class members or current state of residence of individual class members.  The proposed Settlement Classes are comprised of individuals who held publicly funded housing vouchers at the time they sought and were denied rental housing in Massachusetts because of their SafeRent Score.  SafeRent and SafeRent Counsel lack comprehensive knowledge and data about whether a particular individual whose SafeRent Score resulted in a "decline" or "accept with conditions" recommendation was in fact denied rental housing, which of those persons held a publicly funded voucher at the time they were denied housing, in which state those persons now reside, or how to feasibly obtain this information.  The Massachusetts Race-Based Settlement Class is moreover comprised of persons who are Black and/or Hispanic.  SafeRent does not typically gather information about the race of applicants screened using the SafeRent Score, and therefore cannot feasibly identify applicants by race.

In lieu of this information, SafeRent is providing a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such

**COVINGTON**

CAFA Notice | April 5, 2024
Page 3

members to the entire settlement in **Appendix A**.  Please contact SafeRent if you have any questions about how this estimate was derived.

### 8.    Related Judicial Opinions (28 U.S.C. § 1715(b)(8))

No written judicial opinions related to the materials described in paragraphs 3 through 8 has been entered in the *Louis* Action.  Any future judicial opinions issued relating to the proposed settlement after the date of this Letter will be posted on the settlement website (www.MATenantScreeningSettlement.com) and will also be available through PACER.

Please contact me if you have any questions about the proposed settlement.  In addition, if you believe that this notice does not satisfy the requirements of 28 U.S.C. § 1715, please contact me immediately so that SafeRent can address any concerns or questions you might have.

Sincerely,

*/s/ Andrew Soukup*

Andrew Soukup

*Counsel for Defendant SafeRent Solutions, LLC*

Enclosure (CD)

**COVINGTON**

CAFA Notice  |  April 5, 2024
Page 4

## APPENDIX A

**Reasonable Estimate of Allocation of Settlement Class Members
and Claims Across Each State or U.S. Territory**

| STATE | Estimated Number of Class Members | Estimated Proportionate Share of Settlement Class and Claims |
|---|---|---|
| **Alaska** | 0 | 0.00% |
| **Alabama** | 5 | 0.08% |
| **Arkansas** | 3 | 0.05% |
| **Arizona** | 11 | 0.17% |
| **California** | 52 | 0.85% |
| **Colorado** | 9 | 0.15% |
| **Connecticut** | 69 | 1.12% |
| **District of Columbia** | 5 | 0.08% |
| **Delaware** | 3 | 0.04% |
| **Florida** | 86 | 1.39% |
| **Georgia** | 19 | 0.31% |
| **Guam** | 0 | 0.00% |
| **Hawaii** | 1 | 0.02% |
| **Iowa** | 4 | 0.06% |
| **Idaho** | 1 | 0.02% |
| **Illinois** | 20 | 0.33% |
| **Indiana** | 9 | 0.15% |
| **Kansas** | 3 | 0.05% |
| **Kentucky** | 3 | 0.05% |
| **Louisiana** | 31 | 0.50% |
| **Massachusetts** | 5,257 | 85.50% |
| **Maryland** | 18 | 0.29% |
| **Maine** | 22 | 0.35% |
| **Michigan** | 12 | 0.20% |
| **Minnesota** | 6 | 0.09% |
| **Missouri** | 3 | 0.11% |
| **Mississippi** | 3 | 0.04% |
| **Montana** | 1 | 0.01% |
| **North Carolina** | 23 | 0.38% |
| **North Dakota** | 1 | 0.01% |
| **Nebraska** | 1 | 0.01% |
| **New Hampshire** | 103 | 1.67% |
| **New Jersey** | 34 | 0.56% |
| **New Mexico** | 3 | 0.05% |

**COVINGTON**

CAFA Notice | April 5, 2024
Page 5

| STATE | Estimated Number of Class Members | Estimated Proportionate Share of Settlement Class and Claims |
|-------|-----------------------------------|-------------------------------------------------------------|
| Nevada | 4 | 0.07% |
| New York | 96 | 1.56% |
| Ohio | 14 | 0.22% |
| Oklahoma | 6 | 0.09% |
| Oregon | 4 | 0.06% |
| Pennsylvania | 31 | 0.51% |
| Puerto Rico | 3 | 0.04% |
| Rhode Island | 63 | 1.02% |
| South Carolina | 9 | 0.14% |
| South Dakota | 1 | 0.01% |
| Tennessee | 11 | 0.17% |
| Texas | 36 | 0.58% |
| Utah | 4 | 0.06% |
| Virginia | 18 | 0.30% |
| Vermont | 11 | 0.18% |
| Washington | 8 | 0.13% |
| Wisconsin | 7 | 0.11% |
| West Virginia | 3 | 0.04% |
| Wyoming | 1 | 0.01% |

**COVINGTON**

CAFA Notice  |  April 5, 2024
Page 6

**APPENDIX B**

**CAFA Notice Letter Service List**

| Official | Full Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | Washington | DC | 20530 |
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave, Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St, Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General for Connecticut | | Sent to CT AG at their dedicated CAFA email inbox. | | CT | |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | Topeka | KS | 66612 |
| Office of the Attorney General | Russell Coleman | 700 Capitol Ave Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Liz Murrill | PO Box 94005 | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl PO Box 201401 | Helena | MT | 59620 |

**COVINGTON**

CAFA Notice | April 5, 2024
Page 7

| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | Raleigh | NC | 27699 |
|---|---|---|---|---|---|
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol<br>PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice<br>33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street<br>PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St<br>Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General for Nevada | | Sent to NV AG at their dedicated CAFA email inbox. | | NV | |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice<br>1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A Henry | 16th Fl Strawberry Square | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26<br>1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei<br>Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division<br>590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | San Juan | PR | 00902 |
| Department of Justice | Ariel M Smith | 3438 Kronprindsens Gade Ste 2<br>GERS BLDG | St Thomas | VI | 00802 |

Attachment 2

To: ██████████████████████████████████

From:        MA Tenant Settlement Administrator - SafeRent

From Email:   noreply@matenantscreeningsettlement.com

Subject:      Class Action Notice - MA Tenant Screening Settlement

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*Louis et al. v. SafeRent Solutions, LLC et al.*
Case No. 1:22-cv-10800-AK

**Were you a housing voucher user denied rental housing in Massachusetts between May 25, 2020, and April 25, 2024?**

**If so, there is a class action settlement of a lawsuit, and you may be entitled to compensation.**

**You can learn more at www.MATenantScreeningSettlement.com.**

**Puede obtener una copia de este aviso en español en
www.MATenantScreeningSettlement.com.**

██████████

You received this notice because, according to SafeRent's records, you applied for housing in Massachusetts between May 25, 2020, and April 25, 2024, and the housing provider received a SafeRent Score below the "accept" score set by the housing provider, and therefore you may be a member of the group of people affected by this Litigation, called the "Settlement Classes." You are only a member of the Settlement Classes if you were applying for rental housing in Massachusetts where you could use your voucher when your rental application was denied.

This notice is to tell you about the settlement of this class action lawsuit, *Louis et al. v. SafeRent Solutions, LLC et al.,* brought on behalf of recipients of publicly funded housing vouchers whose SafeRent Score was below the minimum for an "accept" report on an application for rental housing in Massachusetts.

**What's the Settlement About?** Mary Louis and Monica Douglas filed a lawsuit in 2022 claiming that SafeRent violated fair housing and consumer protection laws by using its SafeRent Score product to make rental housing decisions for applicants in Massachusetts holding public housing vouchers. SafeRent denies that it did anything wrong, violated any law, or that the claims have merit.

**Who's Included?** You are a Settlement Class Member and part of this settlement if

1. you were a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021, and April 25, 2024 (the "Income-Based Settlement Class"); OR

2. you are Black or Hispanic and a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020 and April 25, 2024 (the "Race-Based Settlement Class").

**What Does the Settlement Provide?** SafeRent has agreed to pay $1,175,000 into a Settlement Fund. This money will be divided among the Settlement Class Members and will also be used to pay the cost of administering this settlement (expected to be between $110,000 and $135,000). Subject to Court approval, this fund may also be used to provide up to $10,000 each to the two people who brought this lawsuit, Mary Louis and Monica Douglas. Members of the Settlement Classes will "release" their claims as part of the settlement, which means they cannot sue SafeRent based on the same conduct that led to this lawsuit. The full terms of the release can be found at www.MATenantScreeningSettlement.com.

The settlement separately provides up to $1,100,000 in attorneys' fees and costs, dependent on Court approval. If the Court does not award the full $1,100,000, any money left over will be added to the Settlement Fund and distributed to Settlement Class Members.

The settlement also requires SafeRent to make changes to the reports that housing providers can request, so that it will not provide a SafeRent Score for applicants who the housing provider reports are applying using a housing voucher.

**How Can I Get a Payment?** If you wish to receive money from the settlement, **you must submit a Claim Form by September 3, 2024**. The Claim Form is available online at www.MATenantScreeningSettlement.com. Follow the instructions on the form to submit. The form may be submitted by mail or electronically.

**What Are My Other Options?** If you are a Settlement Class Member and you do nothing before **September 3, 2024**, you will not get any money, but you will still be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against SafeRent based on the same conduct that led to this lawsuit. If you do not want to be part of the settlement, you can opt out by **September 3, 2024**. If you opt out, you will not receive a payment from the settlement and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and will keep any right you have to file your own case. If you disagree with any part of the settlement (including attorneys' fees) but don't want to opt out, you may object to the settlement by **September 3, 2024**. The Long Form Notice, available on the Settlement Website, explains how to exclude yourself (opt out) or object. The Court will hold a hearing on **November 18, 2024**, to decide whether to approve the settlement. You don't have to attend the hearing, but you may at your own expense. You may also ask the Court for permission for you or your lawyer to speak and express your opinion about the settlement.

To learn more about the settlement, go to www.MATenantScreeningSettlement.com or call (888) 344-0796.

AK147 v.02

You are subscribed to this email as ███████████████

Click here to modify your preferences or unsubscribe.

Attachment 3



United States District Court

*Louis et al. v. SafeRent Solutions, LLC et al.*

Case No. 1:22-cv-10800-AK

# Class Action Notice
### *Authorized by the U.S. District Court for the District of Massachusetts*

**Were you a housing voucher user denied rental housing in Massachusetts because of your SafeRent Score between May 25, 2020, and April 25, 2024?**



**There is a class action settlement of a lawsuit.**

**You may be entitled to money.**



**To receive money from this Settlement, or decide if you want to opt out or object, you should**

1. **read this Notice and**
2. **respond by September 3, 2024.**

Important things to know:

- If you are a member of the Settlement Classes and you take no action, you will still be bound by the Settlement, and your rights will be affected.

- You can learn more at MATenantScreeningSettlement.com.

- *Puede obtener una copia de este aviso en español en MATenantScreeningSettlement.com.*

## TABLE OF CONTENTS

**ABOUT THIS NOTICE** .......................................................................................................................... **3**

    1.  Why did I get this Notice? .............................................................................................. 3
    2.  What do I do next? .......................................................................................................... 3
    3.  What are the most important dates? .............................................................................. 3

**LEARNING ABOUT THE LAWSUIT** ................................................................................................ **4**

    4.  What is this lawsuit about? ............................................................................................ 4
    5.  Why is there a settlement in this lawsuit? ................................................................... 4
    6.  What happens next in this lawsuit? .............................................................................. 4

**LEARNING ABOUT THE SETTLEMENT** ........................................................................................ **5**

    7.  What does the Settlement provide? .............................................................................. 5
    8.  How do I know if I am part of this Settlement? .......................................................... 5
    9.  How much will my payment be? ................................................................................... 5

**DECIDING WHAT YOU WANT TO DO** ........................................................................................... **6**

    10.  How do I weigh my options? ......................................................................................... 6

**DOING NOTHING** ................................................................................................................................ **6**

    11.  What are the consequences of doing nothing? ............................................................ 6

**FILING A CLAIM** .................................................................................................................................. **6**

    12.  How do I get a payment if I am a Settlement Class Member? ................................... 6
    13.  Do I have a lawyer in this lawsuit? .............................................................................. 6
    14.  Do I have to pay the lawyers in this lawsuit? ............................................................. 6

**OPTING OUT** ........................................................................................................................................ **7**

    15.  What if I don't want to be part of this Settlement? .................................................... 7
    16.  How do I opt out? ........................................................................................................... 7

**OBJECTING** .......................................................................................................................................... **7**

    17.  What if I disagree with the Settlement? ...................................................................... 7

**KEY RESOURCES** ............................................................................................................................... **8**

    18.  How do I get more information? .................................................................................... 8

## ABOUT THIS NOTICE

### WHY DID I GET THIS NOTICE?

This Notice is being sent to tell you about the settlement of a class action lawsuit, *Louis et al. v. SafeRent Solutions, LLC et al.*, brought on behalf of recipients of publicly funded housing vouchers whose SafeRent Score was below the minimum for an "accept" report on an application for rental housing in Massachusetts.

**You received this Notice because, according to SafeRent's records, you applied for housing in Massachusetts between May 25, 2020, and April 25, 2024, and the housing provider received a SafeRent Score below the "accept" score set by the housing provider. You may be a member of the group of people affected, called the "Settlement Classes." You are only a Settlement Class Member if you were applying for rental housing in Massachusetts where you could use your voucher when your rental application was denied.**

This Notice gives you a summary of the terms of the proposed Agreement, explains what rights Settlement Class Members have, and helps Settlement Class Members make informed decisions about what action to take.

This is an important legal document, and we recommend that you read all of it. If you have questions or need assistance, please go to MATenantScreeningSettlement.com or call (888) 344-0796.

*Puede obtener una copia de este aviso en español en MATenantScreeningSettlement.com. Si tiene preguntas o necesita ayuda, visite el sitio web o llame al (888) 344-0796.*

### WHAT DO I DO NEXT?

Read this Notice to understand the Settlement and determine if you are a Settlement Class Member. Then, decide which of the following actions you would like to take:

| YOUR OPTIONS | MORE INFORMATION ABOUT EACH OPTION |
|---|---|
| **RECEIVE PAYMENT** | You must submit a Claim Form, either by mailing in the paper form attached to this Notice or by submitting the form electronically at MATenantScreeningSettlement.com. You will be bound by the Settlement. |
| **DO NOTHING** | Get no payment and be bound by the Settlement. You will only be bound by the Settlement if you are a Settlement Class Member, as defined below (under "Learning About the Settlement"). |
| **OPT OUT** | Get no payment and not be bound by the Settlement. You must submit a request to be excluded from the Settlement. |
| **OBJECT** | Tell the Court why you don't like the Settlement. |

Read on to understand the specifics of the Settlement and what each choice would mean for you.

### WHAT ARE THE MOST IMPORTANT DATES?

Your deadline to take action to receive payment is **September 3, 2024**. Your deadline to object or opt out is **September 3, 2024**. The Final Approval Hearing is **November 18, 2024**.

# LEARNING ABOUT THE LAWSUIT

## WHAT IS THIS LAWSUIT ABOUT?

Mary Louis and Monica Douglas filed a lawsuit in 2022 claiming that SafeRent violated fair housing and consumer protection laws by using its SafeRent Score product to make rental housing decisions for applicants in Massachusetts holding public housing vouchers.

> **Where can I learn more?**
>
> You can get a complete copy of the proposed Settlement and other key documents in this lawsuit by visiting MATenantScreeningSettlement.com.

SafeRent denies that it did anything wrong or violated any law, or that the claims have merit.

## WHY IS THERE A SETTLEMENT IN THIS LAWSUIT?

The Court has not decided this case in favor of either side. The parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation. The Settlement will resolve the claims of all members of the Settlement Classes, including the Plaintiffs who brought the case.

> **What is a class action settlement?**
>
> A class action settlement is the resolution of a case for all of the affected persons in the class. It can provide money and changes to the practices that the plaintiffs claim caused harm in the first place.

## WHAT HAPPENS NEXT IN THIS LAWSUIT?

The Court will hold a hearing to decide whether to approve the Settlement. Details about the hearing can be found below.

**Where:**

John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Courtroom 8, Third Floor
Boston, MA 02210

**When:** November 18, 2024

The Court has approved this Notice. Because the settlement of a class action affects the rights of all members of the proposed classes, the Court must give final approval to the Settlement before it can take effect. Payments will only be made if the Court approves the Settlement.

You don't have to attend the hearing, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the Settlement. If the Court does not approve the Settlement or the Parties decide to end it, it will be void and the lawsuit will continue. The date or time of the hearing may change, and if it does, the new date or time of the hearing will be posted on the Settlement Website, but there will be no additional mailed notice. To learn more and confirm the hearing date, go to MATenantScreeningSettlement.com or call (888) 344-0796.

# LEARNING ABOUT THE SETTLEMENT

## WHAT DOES THE SETTLEMENT PROVIDE?

SafeRent has agreed to pay $1,175,000 into a Settlement Fund. This money will be divided among the Settlement Class Members and will also be used to pay the cost of administering this Settlement (expected to be between $110,000 and $135,000). Subject to court approval, this fund may also be used to provide up to $10,000 each to the two people who brought this lawsuit, Mary Louis and Monica Douglas. Members of the Settlement Classes will "release" their claims as part of the Settlement, which means they cannot sue SafeRent based on the same conduct that led to this lawsuit. The full terms of the release can be found at MATenantScreeningSettlement.com.

The Settlement separately provides up to $1,100,000 in attorneys' fees and costs, dependent on court approval. If the Court does not award the full $1,100,000, any money left over will be added to the Settlement Fund and distributed to Settlement Class Members.

The Settlement also requires SafeRent to make changes to the reports that housing providers can request so that it will not provide a SafeRent Score for applicants who the housing provider reports are applying using a housing voucher.

## HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT?

You are a Settlement Class Member and part of this Settlement if you meet either of the following criteria.

(1)  You were a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2021, and April 25, 2024. This is called the "Massachusetts Income-Based Settlement Class."

(2)  You are Black or Hispanic and were a rental applicant who used a publicly funded housing voucher and sought but were denied housing in Massachusetts because of your SafeRent Score at any property using SafeRent's tenant screening services between May 25, 2020, and April 25, 2024. This is called the "Massachusetts Race-Based Settlement Class."

In plain language, if you were sent this Notice by the Settlement Administrator, and you tried to use a housing voucher to get housing between May 25, 2020, and April 25, 2024, you are likely covered by this Settlement. That is because SafeRent's records show that a housing provider where you applied for housing in Massachusetts received a SafeRent Score that was below the "accept" score set by the housing provider.

If you are unsure of whether you are part of this Settlement, contact the Settlement Administrator at (888) 344-0796 or info@MATenantScreeningSettlement.com.

## HOW MUCH WILL MY PAYMENT BE?

Your payment amount will depend on multiple factors:

•  The payment amounts will depend on the number of Settlement Class Members who submit valid claims.

•  Those who are members of both the Massachusetts Income-Based Settlement Class and the Massachusetts Race-Based Settlement Class will receive a share of the Settlement that is 1.5 times the share for those who are members of only one of the Settlement Classes.

•  The payment amounts will also depend on the amount of awards and costs approved by the Court.

## DECIDING WHAT YOU WANT TO DO

**HOW DO I WEIGH MY OPTIONS?**

If you are a Settlement Class Member, as defined above, you have four options. You can stay in the Settlement and take action to receive payment, you can opt out of the Settlement, you can object to the Settlement, or you can do nothing. This chart shows the effects of each option:

| | *do nothing?* | *file a claim?* | *opt out?* | *object?* |
|---|---|---|---|---|
| **Can I receive settlement money if I . . .** | NO | YES | NO | YES |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | YES | NO | YES |
| **Can I pursue my own case if I . . .** | NO | NO | YES | NO |
| **Will the class lawyers represent me if I . . .** | YES | YES | NO | NO |

## DOING NOTHING

**WHAT ARE THE CONSEQUENCES OF DOING NOTHING?**

If you are a Settlement Class Member and you do nothing by September 3, 2024, you will not get any money, but you will still be bound by the Settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against SafeRent based on the same conduct that led to this lawsuit. Please see the Agreement, which can be found at MATenantScreeningSettlement.com, for a full description of the claims and persons who will be released if this Settlement is approved.

## FILING A CLAIM

**HOW DO I GET A PAYMENT IF I AM A SETTLEMENT CLASS MEMBER?**

If you wish to receive money, **you must submit a Claim Form by September 3, 2024**.

The Claim Form is attached to this Notice and available online at MATenantScreeningSettlement.com. Follow the instructions on the form to submit it. The form may be submitted by mail or electronically.

**DO I HAVE A LAWYER IN THIS LAWSUIT?**

In a class action, the court appoints class representatives and lawyers—called class counsel—to work on the case and defend the interests of the class members. If you want to be represented by your own attorney, you may hire one at your own expense. For this Settlement, the Court has appointed the following individuals and lawyers.

**Settlement Class Representatives:** Mary Louis and Monica Douglas

**Settlement Class Counsel:** Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center. These are the entities that negotiated this Settlement on your behalf. Their contact information is below.

**DO I HAVE TO PAY THE LAWYERS IN THIS LAWSUIT?**

You will not have to pay the lawyers directly. Attorneys' fees and costs awarded by the Court will be paid by SafeRent, separately from the Settlement Fund used to pay out Settlement Class Members' claims.

To date, Settlement Class Counsel have not been paid any money for their work or out-of-pocket expenses in this case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, Settlement Class Counsel have requested that the Court approve a payment from SafeRent to them of up to $1,100,000 total in attorneys' fees and expenses. Attorneys' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount. Any unawarded fees out of the $1,100,000 will be added to the Settlement Fund disbursed to Settlement Class Members. You have the right to object to the attorneys' fees even if you think the other settlement terms are fair.

## OPTING OUT

### WHAT IF I DON'T WANT TO BE PART OF THIS SETTLEMENT?

You can opt out. If you do, you will not receive payment and cannot object to the Settlement. However, you will not be bound or affected by anything that happens in this lawsuit and will keep any right you have to file your own case.

### HOW DO I OPT OUT?

To opt out of the Settlement, you must send a letter to the Settlement Administrator that

(1)  is postmarked by September 3, 2024;
(2)  includes the case name and number (*Louis et al. v. SafeRent Solutions, LLC et al.*, Case No. 1:22-cv-10800-AK);
(3)  includes your full name and contact information (telephone number, email, and/or mailing address);
(4)  states clearly that you wish to be excluded from the Settlement; and
(5)  includes your signature.

Mail the letter to the following address:

MA Tenant Screening
Settlement Administrator
P.O. Box 2818
Portland, OR 97208-2818

## OBJECTING

### WHAT IF I DISAGREE WITH THE SETTLEMENT?

If you disagree with any part of the Settlement (including the attorneys' fees) but don't want to opt out, you may object to the Settlement. You must give reasons why you think the Court should not approve the Settlement and say whether your objection applies to just you, a part of the Settlement Class, or the entire Settlement Class. The Court will consider your views. The Court can only approve or deny the Settlement as is—it cannot change the terms of the Settlement. You may, but don't need to, hire your own lawyer to help you. If you choose to hire your own lawyer, you will do so at your expense.

To object, you must send a letter to the Court that

(1)  is postmarked by September 3, 2024;
(2)  includes the case name and number (*Louis et al. v. SafeRent Solutions, LLC et al.*, Case No. 1:22-cv-10800-AK);
(3)  includes your full name, address, and telephone number, and email address (if you have one);
(4)  states the reasons for your objection;
(5)  says whether either you or your counsel intend to appear at the Final Approval Hearing and your counsel's name; and
(6)  includes your signature.

Mail the letter to both of the following two places:

| | |
|---|---|
| MA Tenant Screening<br>Settlement Administrator<br>P.O. Box 2818<br>Portland, OR 97208-2818 | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, MA 02210 |

# KEY RESOURCES

## HOW DO I GET MORE INFORMATION?

This Notice is a summary of the proposed Settlement. The complete Agreement with all of its terms can be found at MATenantScreeningSettlement.com. To get a copy of the Agreement, review other documents about the case, or get answers to your questions,

- contact Settlement Class Counsel (information below),

- visit the Settlement Website at MATenantScreeningSettlement.com, or

- access the Court Electronic Records (PACER) system online or by visiting the Clerk's office of the Court (address below).

| Resource | Contact Information |
|---|---|
| **Settlement Website** | MATenantScreeningSettlement.com |
| **Settlement Administrator** | MA Tenant Screening<br>Settlement Administrator<br>P.O. Box 2818<br>Portland, OR 97208-2818<br>(888) 344-0796<br>info@MATenantScreeningSettlement.com |
| **Settlement Class Counsel** | Christine E. Webber and Brian Corman<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>Fifth Floor<br>Washington, D.C. 20005<br>SafeRentSettlement@cohenmilstein.com<br>(202) 848-1201<br><br>Todd S. Kaplan<br>Greater Boston Legal Services<br>197 Friend Street<br>Boston, MA 02114<br>GBLS-SafeRent-Settlement@gbls.org<br>(617) 603-1734<br><br>Shennan Kavanagh<br>National Consumer Law Center<br>7 Winthrop Square<br>Boston, MA 02110<br>SafeRentSet@nclc.org<br>(508) 319-9517 |
| **Court (DO NOT CONTACT)** | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, MA 02210 |

Attachment 4

## *Louis et al. v. SafeRent Solutions, LLC et al.* Claim Form

*Para obtener esta forma de reclamo en español, por favor visite el sitio web:*
*MATenantScreeningSettlement.com*

**THIS CLAIM FORM CAN ALSO BE SUBMITTED ONLINE AT MATENANTSCREENINGSETTLEMENT.COM. ALL CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY SEPTEMBER 3, 2024.**

**CLAIM FORM OVERVIEW:**

**Purpose: This Claim Form is to determine if you are Settlement Class Member and the answers you provide will be used to determine if you are eligible to receive an award payment from this Settlement.**

**Settlement Class Definition:**

You are a Settlement Class Member and part of this Settlement if:

(1)  you applied for rental housing in Massachusetts as a recipient of a publicly funded housing voucher, and you were denied housing because of your SafeRent Score at any time between May 25, 2021, and April 25, 2024,

OR

(2)  you are Black and/or Hispanic and applied for rental housing in Massachusetts as a recipient of a publicly funded housing voucher, and you were denied housing because of your SafeRent Score at any time between May 25, 2020, and April 25, 2024.

**If you believe you are a member of one or both classes, please fill out every part of this Claim Form to the best of your ability.**

---

**Part 1: Contact Information**

First Name:               MI:      Last Name:

Address:

Unit/Apt:

City:                              State:      ZIP Code:

Phone Number:

Email Address:

If you don't have either a phone number or email address, please provide a phone number or email address of someone else we can contact if we need to speak with you regarding your claim.

Phone Number:

Email Address:

*Part 2: Settlement Eligibility*

**Your answers to these questions will help determine which, if either, of the Settlement Classes you are eligible for, and help the Settlement Administrator verify your eligibility if you lack documentation.**

1. **Please check one box. I identify as:**

☐ Black        ☐ Hispanic        ☐ Both        ☐ Neither

2. **Check more than one box if applicable. I had a publicly funded housing voucher that I tried to use during the following time period(s) in Massachusetts:**

☐ **May 25, 2020, to May 24, 2021**

☐ **May 25, 2021, to April 25, 2024**

**Note: If you were trying to lease up using a housing voucher, but were never able to do so, please check the box that matches the time period when you were trying to get a lease using a housing voucher.**

3. **Check more than one box if applicable. To show I had a voucher:**

☐ I have included documentation which shows I had a voucher during the time period(s) checked above **(Please send copies only).**

☐ Check here if you are sending these documents by email to info@MATenantScreeningSettlement.com.

*Examples of acceptable documentation include a confirmatory email from a housing authority that you held a voucher, a rent share letter, or a housing assistance payment (HAP) document. If you are not sure your documents will be acceptable, please also check the box below authorizing the Settlement Administrator to verify your information with relevant agencies.*

☐ I held a publicly funded housing voucher, but I am unable to provide documentation. I authorize the Settlement Administrator to contact federal, state, or local agencies to confirm my voucher. I understand that providing this permission would authorize the PHA, HUD, and/or the Massachusetts Executive Office of Housing and Living Communities to provide confirmation to the Settlement Administrator that I held a voucher during the relevant period.

Please also provide any of the following information if you have it, to assist the Settlement Administrator in locating confirmation of your voucher:

a) Public Housing Agency (PHA) that approved and/or issued the voucher:

| | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | | | | | |

*(Please note that a list of public housing agencies is available on the Settlement website, MATenantScreeningSettlement.com.)*

b) Choose only one (1) of the following:

☐ My voucher was federally funded (for example, Section 8, Housing Choice Voucher).

☐ My voucher was state or locally funded (for example, Massachusetts Rental Voucher Program [MRVP], Alternative Rental Voucher Program [ARVP]).

*Part 3: Payment Election*

If your claim is approved for payment, you may elect to receive your payment either by check or as a digital payment (you could receive payment as an ACH direct deposit, Venmo, PayPal, or gift card using instructions emailed to you). Checks must be cashed within 180 days of receiving them.

Which do you prefer?

☐ Check mailed to me

☐ Digital payment instructions emailed to the email address I provided with my contact information

You may also choose to receive your payment in a single, lump sum payment or 2 payments over 2 years. Which do you prefer?

☐ I want to receive my award payment in a single, lump sum payment.

☐ I want to receive my award payment in two equal payments, with one payment per year.

(Payment of the settlement funds to you may have an effect on your eligibility for certain benefits. For more information, please review the information at MATenantScreeningSettlement.com.)

---

*Part 4: Substitute W-9 Form*

Please complete the Substitute W-9 Form below.

Claimant's Full Name (as shown on your income tax return):

First Name:

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

MI:

| |
|---|

Last Name:

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Type of entity (check one):

☐ Individual    ☐ S-Corporation    ☐ Corporation    ☐ Exempt Payee    ☐ Other

☐ Limited Liability Company
(If you selected Limited Liability Company, please select one of the following three Tax Classifications):

☐ Corporation    ☐ S-Corporation    ☐ Partnership

If you are an exempt Payee Provide your Exempt Payee Code (if any) or Exemption from FATCA reporting code (if any)

Exempt Payee Code

| | |
|---|---|

Exemption from FATCA reporting Code

| |
|---|

Enter Social Security Number (SSN)

Enter Tax Identification Number (TIN) or Employer Identification Number (EIN)

(Individuals Only)

| | | | – | | | – | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

OR

(Other than Individuals)

| | | – | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

Under penalties of perjury, I certify that 1.) the number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); 2.) I am not subject to backup withholding because: (a) I am exempt from backup withholding, (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; 3.) I am a U.S. citizen or other U.S. person, and 4.) the FATCA code(s) entered on this form (if any) indicate that I am exempt from FATCA.

Note: If you are not a U.S. citizen or other U.S. Person, you should not fill this section out and should instead complete and submit IRS Form W-8BEN, W-8BEN-E, W-8ECI, or W-8IMY. You may download these forms from the IRS website: www.irs.gov/forms-instructions.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholdings.**

|  |
|---|
| Signature |

Date: MM – DD – YYYY

### Part 5: Certification and Signature

Anyone who knowingly submits a false claim or makes a false statement is subject to criminal and/or civil penalties, including confinement for up to 5 years, fines, and civil and administrative penalties. (18 U.S.C. §§ 287, 1001, 1010, 1012, 1014; 31 U.S.C. §3729, 3802). Additionally, requesting or obtaining any Privacy Act protected record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

I declare (or certify, verify, or state) under penalty of perjury that all of the information I provided on this Claim Form is true and correct, to the best of my knowledge.

|  |
|---|
| Signature |

Date: MM – DD – YYYY

|  |
|---|
| Printed Name |

Attachment 5



United States District Court

*Louis et al. v. SafeRent Solutions, LLC et al.*

Caso n.º. 1:22-cv-10800-AK

# Aviso de demanda colectiva
### *Autorizado por el Tribunal de Distrito de EE. UU. para el Distrito Sur de Massachusetts*

| | | |
|---|---|---|
| **¿Fue usted un usuario de vales de vivienda a quien se le negó el alquiler de viviendas en Massachusetts debido a su puntaje SafeRent entre 25 de mayo de 2020 y 25 de abril de 2024?**  | **Existe una conciliación de demanda colectiva de una demanda.**<br><br>**Es posible que tenga derecho a recibir dinero.**  | **Para recibir dinero de esta Conciliación, o decidir si desea optar por excluirse u objetar, debe**<br><br>1. leer este Aviso y<br>2. responder antes del 3 de septiembre de 2024 |

Cuestiones importantes que debe saber:

- Si usted es miembro del Grupo de Demandantes de la Conciliación y no toma ninguna medida, seguirá estando vinculado legalmente por la Conciliación y sus derechos se verán afectados.

- Puede obtener más información en MATenantScreeningSettlement.com.

| ÍNDICE |
|---|

**ACERCA DE ESTE AVISO** .................................................................................................................**3**

    1.  ¿Por qué recibí este Aviso? ............................................................................. 3
    2.  ¿Qué es lo próximo que debo hacer? .............................................................. 3
    3.  ¿Cuáles son las fechas más importantes? ......................................................... 3

**INFORMACIÓN SOBRE LA DEMANDA** ...........................................................................................**4**

    4.  ¿De qué se trata esta demanda? ................................................................... 4
    5.  ¿Por qué hay una conciliación en esta demanda? ............................................... 4
    6.  ¿Qué sucede a continuación en esta demanda? .................................................. 4

**APRENDER SOBRE LA CONCILIACIÓN** ..........................................................................................**5**

    7.  ¿Qué establece la Conciliación? ................................................................... 5
    8.  ¿Cómo sé si formo parte de esta Conciliación? .................................................. 5
    9.  ¿A cuánto ascenderá mi pago? ..................................................................... 5

**DECIDIR QUÉ QUIERE HACER** .....................................................................................................**6**

    10.  ¿Cómo evalúo mis opciones? ..................................................................... 6

**NO HACER NADA** ........................................................................................................................**6**

    11.  ¿Cuáles son las consecuencias de no hacer nada? ............................................ 6

**PRESENTAR UNA RECLAMACIÓN** ................................................................................................**6**

    12.  ¿Cómo recibo un pago si soy Miembro del Grupo de Demandantes de la Conciliación? ....... 6
    13.  ¿Tengo un abogado en esta demanda? .......................................................... 6
    14.  ¿Tengo que pagarles a los abogados de esta demanda? ...................................... 6

**OPTAR POR EXCLUIRSE** .............................................................................................................**7**

    15.  ¿Qué sucede si no quiero ser parte de esta Conciliación? .................................... 7
    16.  ¿Cómo puedo excluirme? .......................................................................... 7

**OBJECIÓN** .................................................................................................................................**7**

    17.  ¿Qué sucede si discrepo con la Conciliación? .................................................. 7

**RECURSOS CLAVE** .....................................................................................................................**8**

    18.  ¿Cómo puedo obtener más información? ........................................................ 8

AK1542 v.03

## ACERCA DE ESTE AVISO

### ¿POR QUÉ RECIBÍ ESTE AVISO?

Este Aviso se envía para informarle sobre la conciliación de una demanda colectiva, *Louis et al. v. SafeRent Solutions, LLC et al.*, presentada en nombre de destinatarios de vales de vivienda financiados con fondos públicos cuyo puntaje SafeRent estuvo por debajo del mínimo para un informe de "aceptación" por una solicitud de vivienda de alquiler en Massachusetts.

**Recibió este Aviso porque, según los registros de SafeRent, solicitó vivienda en Massachusetts entre el 25 de mayo de 2020 y el 25 de abril de 2024, y el proveedor de vivienda recibió un puntaje de SafeRent por debajo del puntaje de "aceptación" establecido por el proveedor de vivienda. Usted puede ser miembro del grupo de personas afectadas, denominados "Demandas de la conciliación". Usted es solo un miembro del Grupo de Demandantes de la Conciliación si estaba solicitando una vivienda de alquiler en Massachusetts donde podría usar su vale cuando se denegó su solicitud de alquiler.**

Este Aviso le brinda un resumen de los términos de la Conciliación propuesta, explica qué derechos tienen los Miembros del Grupo de Demandantes de la Conciliación y los ayuda a tomar decisiones informadas sobre qué medida tomar.

Este es un documento legal importante y le recomendamos que lo lea todo. Si tiene preguntas o necesita ayuda, visite MATenantScreeningSettlement.com o llame al (888) 344-0796.

### QUÉ ES LO PRÓXIMO QUE DEBO HACER?

Lea este Aviso para comprender la Conciliación y determinar si usted es un miembro del grupo de demandantes de la conciliación. Luego, decida cuál de las siguientes acciones le gustaría realizar:

| SUS OPCIONES | MÁS INFORMACIÓN SOBRE CADA OPCIÓN |
|---|---|
| **RECIBA UN PAGO** | Debe presentar un Formulario de reclamación, ya sea por correo postal en el formulario impreso adjunto a este Aviso o por medio de un formulario electrónico en MATenantScreeningSettlement.com. Estará vinculado legalmente por la Conciliación. |
| **NO HACER NADA** | No recibirá ningún pago y estará vinculado legalmente por la Conciliación. Solo estará vinculado por la Conciliación si es un Miembro del Grupo de Demandantes de la Conciliación, según se define a continuación (en "Información Sobre La Demanda"). |
| **EXCLUSIÓN** | No recibir ningún pago y no estar vinculado legalmente por la Conciliación. Debe presentar una solicitud para ser excluido de la Conciliación. |
| **OBJETAR** | Comunicarle al Tribunal por qué no le agrada la Conciliación. |

Siga leyendo para comprender los detalles específicos de la conciliación y lo que cada opción significaría para usted.

### ¿CUÁLES SON LAS FECHAS MÁS IMPORTANTES?

Su fecha límite para tomar medidas para recibir el pago es el **3 de septiembre de 2024**. Su fecha límite para objetar u optar por excluirse es **el 3 de septiembre de 2024**. La Audiencia de Aprobación Definitiva se llevará a cabo el **18 de noviembre de 2024**.

# Información Sobre la Demanda

## ¿DE QUÉ SE TRATA ESTA DEMANDA?

Mary Louis y Monica Douglas presentaron una demanda en 2022 en la que alegaban que SafeRent violaba las leyes de vivienda justa y protección al consumidor al usar su producto SafeRent Score para tomar decisiones de vivienda de alquiler para los solicitantes en Massachusetts que tenían vales de vivienda pública.

> **¿Dónde puedo obtener más información?**
> Puede obtener una copia completa de la Conciliación propuesta y otros documentos clave en esta demanda visitando MATenantScreeningSettlement.com.

SafeRent niega haber hecho algo malo o haber violado alguna ley, o que las reclamaciones tengan fundamento.

## ¿POR QUÉ HAY UNA CONCILIACIÓN EN ESTA DEMANDA?

En este caso, el tribunal no decidió a favor de ninguna de las partes. Las partes acordaron la conciliación, lo que significa que llegaron a un acuerdo para resolver la demanda. Ambas partes quieren evitar el riesgo y el gasto que implica continuar con el litigio. La Conciliación resolverá las reclamaciones de todos los miembros del Grupo de Demandantes de la Conciliación, incluidos los Demandantes que presentaron el caso.

> **¿Qué es un convenio de demanda colectiva?**
> Una Conciliación de Demanda Colectiva es la resolución de un caso para todas las personas afectadas en el grupo. Puede proporcionar dinero y cambios en las prácticas que los demandantes reclaman que causaron daños en primer lugar.

## ¿QUÉ SUCEDE A CONTINUACIÓN EN ESTA DEMANDA?

El Tribunal llevará a cabo una audiencia para decidir si aprobará la Conciliación. Los detalles sobre la audiencia se pueden encontrar a continuación.

**Dónde:**

John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Courtroom 8, tercer piso
Boston, MA 02210

**Cuándo:** El 18 de noviembre de 2024

El Tribunal aprobó este Aviso. Dado que la conciliación de una demanda colectiva determina los derechos de todos los miembros del grupo de demandantes, el tribunal debe dar aprobación definitiva a la Conciliación antes de que pueda entrar en vigencia. Los pagos solo se harán si el Tribunal aprueba la Conciliación.

No es necesario que asista a la audiencia, pero puede asistir por cuenta propia. También puede solicitar permiso al tribunal para hablar y expresar su opinión sobre la Conciliación. Si el Tribunal no aprueba la Conciliación o las Partes deciden finalizarla, será nula y la demanda continuará. La fecha u hora de la audiencia puede cambiar y, si lo hace, la nueva fecha u hora de la audiencia se publicará en el sitio web de la Conciliación, pero no habrá ningún aviso adicional por correo. Para obtener más información y confirmar la fecha de la audiencia, visite MATenantScreeningSettlement.com o llame al (888) 344-0796.

# APRENDER SOBRE LA CONCILIACIÓN

## ¿QUÉ ESTABLECE LA CONCILIACIÓN?

SafeRent accedió a pagar $1,175,000 en un Fondo de la Conciliación. Este dinero se dividirá entre los miembros del Grupo de la Conciliación y también se utilizará para pagar el costo de administración de esta Conciliación (se espera que sea entre $110,000 y $135,000). Sujeto a la aprobación del tribunal, este fondo también puede utilizarse para proporcionar hasta $10,000 a las dos personas que iniciaron esta demanda, Mary Louis y Monica Douglas. Los miembros del Grupo de Demandantes de la Conciliación "eximirán" sus reclamaciones como parte de la Conciliación, lo que significa que no pueden demandar a SafeRent en función de la misma conducta que condujo a esta demanda. Los términos completos de la exención se pueden encontrar en MATenantScreeningSettlement.com.

La Conciliación establece por separado hasta $1,100,000 en honorarios y costos de abogados, en función de la aprobación del tribunal. Si el Tribunal no otorga los $1,100,000 totales, el dinero restante se agregará al Fondo de la Conciliación y se distribuirá a los Miembros del Grupo de Demandantes de la Conciliación.

La Conciliación también requiere que SafeRent realice cambios en los informes que los proveedores de vivienda pueden solicitar para que no proporcione un puntaje de SafeRent para los solicitantes que el proveedor de vivienda informa que solicitan utilizando un vale de vivienda.

## ¿CÓMO SÉ SI FORMO PARTE DE ESTA CONCILIACIÓN?

Es Miembro del Grupo de Demandantes de la Conciliación y forma parte de esta Conciliación si cumple cualquiera de los criterios siguientes:

(1)     Usted era un solicitante de alquiler que utilizó un vale de vivienda financiado con fondos públicos y buscó, pero se le negó vivienda en Massachusetts debido a su puntaje SafeRent en cualquier propiedad que utilizaba los servicios de evaluación de inquilinos de SafeRent entre el 25 de mayo de 2021 y el 25 de abril de 2024. Esto se denomina "grupo de demandantes de la conciliación basada en los ingresos de Massachusetts".

(2)     Usted es afroamericano/de color o hispano y era un solicitante de alquiler que utilizó un vale de vivienda financiado con fondos públicos y buscó, pero se le negó vivienda en Massachusetts debido a su puntaje de SafeRent en cualquier propiedad utilizando los servicios de evaluación de inquilinos de SafeRent entre el 25 de mayo de 2020 y el 25 de abril de 2024. Esto se denomina el "Grupo de Demandantes de la Conciliación basada en la Raza de Massachusetts".

En lenguaje sencillo, si el administrador de la Conciliación le envió este Aviso y usted intentó usar un vale de vivienda para obtener una vivienda entre el 25 de mayo de 2020 y el 25 de abril de 2024, es probable que esté cubierto por esta Conciliación. Esto se debe a que los registros de SafeRent muestran que un proveedor de vivienda donde usted solicitó una vivienda en Massachusetts recibió un puntaje de SafeRent que estaba por debajo del puntaje de "aceptación" establecido por el proveedor de vivienda.

Si no está seguro de si forma parte de esta Conciliación, comuníquese con el administrador al (888) 344-0796 o info@MATenantScreeningSettlement.com.

## ¿A CUÁNTO ASCENDERÁ MI PAGO?

El monto de su pago dependerá de varios factores:

•     El monto de los pagos dependerá del número de Miembros del Grupo de Demandantes de la Conciliación que presenten reclamaciones válidas.

•     Aquellos que sean miembros del Grupo de Demandantes de la Conciliación basada en los Ingresos de Massachusetts y del Grupo de Demandantes de la Conciliación basada en la Raza de Massachusetts, recibirán una parte de la Conciliación que es 1.5 veces la parte para aquellos que sean miembros de un solo grupo.

•     Los montos de pago también dependerán del monto de las adjudicaciones y costos aprobados por el tribunal.

# Decidir Qué Quiere Hacer

## ¿CÓMO EVALÚO MIS OPCIONES?

Si usted es Miembro del Grupo de Demandantes, definido anteriormente, tiene cuatro opciones. Puede permanecer en la Conciliación y tomar medidas para recibir el pago, puede optar por excluirse, puede objetar o puede no hacer nada. Esta tabla muestra los efectos de cada opción:

| | ¿No hacer nada? | ¿Presentar una reclamación? | ¿Exclusión? | ¿Objetar? |
|---|---|---|---|---|
| **Puedo recibir dinero de la conciliación si. . .** | NO | SÍ | NO | SÍ |
| **Estoy obligado por los términos de esta demanda si . . .** | SÍ | SÍ | NO | SÍ |
| **Puedo presentar mi propio caso si . . .** | NO | NO | SÍ | NO |
| **Me representarán los abogados del grupo de demandantes si. . .** | SÍ | SÍ | NO | NO |

# No Hacer Nada

## ¿CUÁLES SON LAS CONSECUENCIAS DE NO HACER NADA?

Si usted es un miembro del grupo de demandantes de la conciliación y no hace nada antes del 3 de septiembre de 2024, no recibirá dinero, pero seguirá estando vinculado por la Conciliación y sus disposiciones de "exención". Eso significa que no podrá iniciar, continuar ni ser parte de ninguna otra demanda contra SafeRent en función de la misma conducta que condujo a esta demanda. Consulte la Conciliación, que puede encontrarse en MATenantScreeningSettlement.com, para obtener una descripción completa de las reclamaciones y de las personas que serán eximidas si se aprueba esta Conciliación.

# Presentar una Reclamación

## ¿CÓMO RECIBO UN PAGO SI SOY MIEMBRO DEL GRUPO DE DEMANDANTES DE LA CONCILIACIÓN?

Si desea recibir dinero, **debe presentar un Formulario de reclamación antes del 3 de septiembre de 2024.**

El Formulario de Reclamación se adjunta a este Aviso y está disponible en línea en MATenantScreeningSettlement.com. Siga las instrucciones del formulario para presentarlo. El formulario puede enviarse por correo postal o de forma electrónica.

## ¿TENGO UN ABOGADO EN ESTA DEMANDA?

En una demanda colectiva, el tribunal designa a representantes y abogados del grupo de demandantes, llamados abogados del grupo de demandantes, para que trabajen en el caso y defiendan los intereses de los miembros. Si desea ser representado por su propio abogado, puede contratar a uno por cuenta propia. Para esta Conciliación, el tribunal ha designado a las siguientes personas y abogados.

**Representantes del Grupo de Demandantes de la Conciliación:** Mary Louis y Monica Douglas

**Abogados del grupo de demandantes de la conciliación:** Cohen Milstein Sellers & Toll PLLC, Greater Boston Legal Services y el National Consumer Law Center. Estas son las entidades que negociaron esta Conciliación en su nombre. Su información de contacto está debajo.

## ¿TENGO QUE PAGARLES A LOS ABOGADOS DE ESTA DEMANDA?

No tendrá que pagar directamente a los abogados. SafeRent pagará los honorarios y costos de los abogados, aparte del Fondo de la Conciliación utilizado para pagar las reclamaciones de los miembros del Grupo de Demandantes de la Conciliación.

Hasta la fecha, los abogados del grupo de demandantes de la conciliación no han recibido ningún pago por su trabajo o gastos de bolsillo en este caso. Para pagar parte de su tiempo y riesgo al presentar este caso sin ninguna garantía de pago a menos que hayan tenido éxito, los Abogados del Grupo de Demandantes de la Conciliación han solicitado que el tribunal apruebe un pago de SafeRent de hasta $1,100,000 en total en honorarios y gastos de abogados. Los honorarios y costos de los abogados se otorgarán solamente según lo apruebe el Tribunal por los importes determinados como justos y razonables. Todos los honorarios no adjudicados de los $1,100,000 se agregarán al Fondo de la Conciliación que se desembolsará a los Miembros del Grupo de Demandantes de la Conciliación. Tiene derecho a objetar los honorarios de los abogados incluso si considera que los otros términos de la conciliación son justos.

## Optar Por Excluirse

### ¿QUÉ PASA SI NO QUIERO SER PARTE DE LA CONCILIACIÓN?

Puede optar por la exclusión voluntaria. Si lo hace, no recibirá ningún pago y no podrá objetar a la Conciliación. Sin embargo, usted no estará vinculado ni se verá afectado por nada de lo que suceda en esta demanda y conservará cualquier derecho que tenga a presentar su propio caso.

### ¿CÓMO PUEDO EXCLUIRME?

Para optar por excluirse, usted debe enviar una carta al Administrador de la Conciliación que

(1) tenga sello postal fechado a más tardar el 3 de septiembre de 2024;
(2) incluya el nombre y número del caso (*Louis et al. v. SafeRent Solutions, LLC et al.*, Caso N.º 1:22-cv-10800-AK);
(3) incluya su nombre completo e información de contacto (número de teléfono, correo electrónico y/o dirección postal);
(4) establezca claramente que desea ser excluido de la Conciliación; e
(5) incluya su firma.

Envíe la carta a la siguiente dirección:

MA Tenant Screening
Settlement Administrator
P.O. Box 2818
Portland, OR 97208-2818

## Objetar

### ¿QUÉ SUCEDE SI DISCREPO CON LA CONCILIACIÓN?

Si no está de acuerdo con alguna parte de la Conciliación (incluidos los honorarios de abogados) pero no desea excluirse, puede objetar la Conciliación. Debe dar motivos por los que considera que el tribunal no debería aprobar la Conciliación y decir si su objeción se aplica solo a usted, si aplica a una parte del Grupo de Demandantes de la Conciliación o a todo el grupo. El tribunal considerará sus opiniones. El Tribunal solo puede aprobar o denegar la Conciliación en su forma actual, no puede modificar los términos de la Conciliación. Puede, pero no es necesario, contratar a su propio abogado para que lo ayude. Usted puede contratar a su propio abogado, y pagar el costo, si así lo elige.

Para objetar, debe enviarle al Tribunal una carta que

(1) tenga sello postal fechado a más tardar el 3 de septiembre de 2024;
(2) incluya el nombre y número del caso (*Louis et al. v. SafeRent Solutions, LLC et al.*, Caso N.º 1:22-cv-10800-AK);
(3) incluya su nombre completo, dirección, número de teléfono y dirección de correo electrónico (si posee uno);
(4) detalle los motivos de su objeción;
(5) diga si usted o su abogado tienen la intención de comparecer en la audiencia de aprobación definitiva y el nombre de su abogado; y
(6) incluya su firma.

Envíe la carta por correo a los siguientes dos lugares:

| | |
|---|---|
| MA Tenant Screening<br>Settlement Administrator<br>P.O. Box 2818<br>Portland, OR 97208-2818 | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, MA 02210 |

## Recursos Clave

**¿CÓMO PUEDO OBTENER MÁS INFORMACIÓN?**

Este aviso es un resumen de la propuesta de la Conciliación. Puede encontrar la Conciliación completa con todos sus términos en MATenantScreeningSettlement.com. Para obtener una copia de la Conciliación, revisar otros documentos sobre el caso u obtener respuestas a sus preguntas,

- contacte al Abogado del Grupo de Demandantes de la Conciliación (ver la información debajo)

- visite el sitio web de la Conciliación en MATenantScreeningSettlement.com, o

- acceda al sistema de Registros Electrónicos del Tribunal (Court Electronic Records, PACER) en línea o visitando la oficina del secretario del tribunal (dirección a continuación).

| Recurso | Información de contacto |
|---|---|
| **Sitio web de la Conciliación** | MATenantScreeningSettlement.com |
| **Administrador de la Conciliación** | MA Tenant Screening<br>Settlement Administrator<br>P.O. Box 2818<br>Portland, OR 97208-2818<br>(888) 344-0796<br>info@MATenantScreeningSettlement.com |
| **Abogados del grupo de demandantes de la conciliación** | Christine E. Webber and Brian Corman<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW<br>Fifth Floor<br>Washington, D.C. 20005<br>SafeRentSettlement@cohenmilstein.com<br>(202) 848-1201<br><br>Todd S. Kaplan<br>Greater Boston Legal Services<br>197 Friend Street<br>Boston, MA 02114<br>GBLS-SafeRent-Settlement@gbls.org<br>(617) 603-1734<br><br>Shennan Kavanagh<br>National Consumer Law Center<br>7 Winthrop Square<br>Boston, MA 02110<br>SafeRentSet@nclc.org<br>(508) 319-9517 |
| **Tribunal (NO COMUNICARSE)** | U.S. District Court for Massachusetts<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, MA 02210 |

Attachment 6

## *Louis et al. v. SafeRent Solutions, LLC et al. Formulario de reclamación*

*ESTE FORMULARIO DE RECLAMACIÓN TAMBIÉN PUEDE ENVIARSE EN LÍNEA EN MATENANTSCREENINGSETTLEMENT.COM. TODOS LOS FORMULARIOS DE RECLAMACIÓN DEBEN SER ENVIADOS CON SELLO POSTAL O PRESENTADOS EN LÍNEA A MÁS TARDAR EL 3 DE SEPTIEMBRE DE 2024.*

**DESCRIPCIÓN GENERAL DEL FORMULARIO DE RECLAMACIÓN:**

*Propósito: Este formulario de reclamación es para determinar si usted es un Miembro del Grupo de Demandantes de la Conciliación y las respuestas que proporcione se utilizarán para determinar si es elegible para recibir un pago de compensación de esta Conciliación.*

*Si usted es un Miembro del Grupo de Demandantes de la Conciliación*

Usted es un Miembro del Grupo de Demandantes de la Conciliación y forma parte de esta Conciliación si:

(1) solicitó una vivienda de alquiler en Massachusetts como destinatario de un vale de vivienda financiado con fondos públicos, y se le negó la vivienda debido a su puntaje SafeRent en cualquier momento entre el 25 de mayo de 2021 y el 25 de abril de 2024,

O

(2) es afroamericano/de color y/o hispano y solicitó una vivienda de alquiler en Massachusetts como destinatario de un vale de vivienda financiado con fondos públicos, y se le negó la vivienda debido a su puntaje SafeRent en cualquier momento entre el 25 de mayo de 2020 y el 25 de abril de 2024.

*Si cree que es miembro de uno o ambos grupos, complete cada parte de este Formulario de Reclamación lo mejor que pueda.*

---

### Sección 1: Información de contacto

Nombre:                                Inicial del segundo nombre:        Apellido:

Dirección:

Unidad/departamento:

Ciudad:                                                        Estado:        Código postal:

Número telefónico:

Dirección de correo electrónico:

Si no tiene un número de teléfono o una dirección de correo electrónico, proporcione un número de teléfono o una dirección de correo electrónico de otra persona con la que podamos comunicarnos si necesitamos hablar con usted con respecto a su reclamación.

Número telefónico:

Dirección de correo electrónico:

*Sección 2: Elegibilidad para la Conciliación*

**Sus respuestas a estas preguntas ayudarán a determinar para cuál de los Grupos de la Conciliación es elegible (si es elegible) y ayudarán al Administrador de la Conciliación a verificar su elegibilidad si no tiene documentación.**

1. **Marque solo una casilla: Me identifico como:**

☐ **Afroamericano/de color**    ☐ **Hispano**    ☐ **Ambos**    ☐ **Ninguna de las anteriores**

2. **Marque más de una casilla si corresponde. Tenía un vale de vivienda financiado con fondos públicos que intenté usar durante los siguientes períodos en Massachusetts:**

☐ **Del 25 de mayo de 2020 al 24 de mayo de 2021**

☐ **Del 25 de mayo de 2021 al 25 de abril de 2024**

**Nota: Si estaba intentando alquilar utilizando un vale de vivienda, pero nunca pudo hacerlo, marque la casilla que coincida con el período en el que estaba intentando obtener un contrato de arrendamiento utilizando un vale de vivienda.**

3. **Marque más de una casilla si corresponde. Para mostrar que tenía un vale:**

☐ He incluido documentación que muestra que tuve un vale durante los períodos marcados anteriormente **(envíe copias solamente).**

☐ Marque aquí si envía estos documentos por correo electrónico a info@MATenantScreeningSettlement.com.

*Algunos ejemplos de documentación aceptable incluyen un correo electrónico confirmatorio de una autoridad de vivienda de que usted tenía un vale, una carta de alquiler compartido o un documento de pago de asistencia para vivienda (Housing Assistance Payment, HAP). Si no está seguro de que sus documentos sean aceptables, marque también la casilla a continuación autorizando al Administrador de la Conciliación a verificar su información con las agencias pertinentes.*

☐ Tenía un vale de vivienda financiado con fondos públicos, pero no puedo proporcionar documentación. Autorizo al Administrador de la Conciliación a comunicarse con agencias federales, estatales o locales para confirmar mi comprobante. Comprendo que proporcionar este permiso autorizaría a la Administración de Vivienda Pública (Public Housing Agency, PHA), al Departamento de Vivienda y Desarrollo Urbano de EE. UU. (HUD, por sus siglas en inglés) y/o a la Oficina Ejecutiva de Vivienda y Comunidades de Vivienda de Massachusetts a proporcionar confirmación al Administrador de la Conciliación de que tuve un vale durante el período pertinente.

También proporcione cualquiera de la siguiente información, si la tiene, para ayudar al Administrador de la Conciliación a localizar la confirmación de su vale:

a) Administración de Vivienda Pública (Public Housing Agency, PHA) que aprobó y/o emitió el vale:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

*(Tenga en cuenta que hay una lista de agencias de vivienda pública disponible en el sitio web de la Conciliación, MATenantScreeningSettlement.com.)*

b) Debe elegir una (1) de las siguientes opciones:

☐ Mi cupón tenía financiación federal (por ejemplo, Sección 8, Vale para la Elección de Vivienda).

☐ Mi cupón tenía financiación estatal o local (por ejemplo, el Programa de Cupones de Alquiler de Massachusetts [Massachusetts Rental Voucher Program, MRVP], el Programa Alternativo de Cupones de Alquiler [Alternative Rental Voucher Program, ARVP]).

### *Sección 3: Elección de pago*

Si su reclamación es aprobada para el pago, puede optar por recibir su pago ya sea mediante cheque o como pago digital (podría recibir el pago como depósito directo de ACH, Venmo, PayPal o tarjeta de regalo utilizando las instrucciones que se le envíen por correo electrónico). Los cheques deben cobrarse en el plazo de los 180 días posteriores a su recepción.

¿Qué opción prefiere?

☐ Cheque que me enviaron por correo

☐ Instrucciones de pago digital enviadas por correo electrónico a la dirección de correo electrónico que proporcioné con mi información de contacto

También puede optar por recibir su pago en un solo pago de suma global o 2 pagos durante 2 años. ¿Qué opción prefiere?

☐ Quiero recibir mi pago de adjudicación en un solo pago de suma global.

☐ Quiero recibir el pago de mi premio en dos pagos iguales, con un pago por año.

(El pago de los fondos de la conciliación a usted puede tener un efecto en su elegibilidad para ciertos beneficios. Para obtener más información, diríjase a MATenantScreeningSettlement.com.)

---

### *Sección 4: Formulario W-9 sustituto*

Complete el Formulario W-9 sustituto debajo.

Nombre completo del solicitante (como se muestra en la devolución del ingreso sobre la renta):

Nombre:                          Inicial del segundo nombre:     Apellido:

Tipo de entidad (marque una opción):

☐ Individuo      ☐ S-Corporation     ☐ Sociedad      ☐ Beneficiario exento     ☐ Otro

☐ Sociedad de responsabilidad limitada
(Si seleccionó Sociedad de Responsabilidad Limitada, seleccione una de las siguientes tres Clasificaciones Fiscales):

☐ Sociedad        ☐ S-Corporation      ☐ Asociación

Si usted es un Beneficiario exento, proporcione su código de beneficiario exento (si lo hubiera) o la Exención del código de informe en virtud de la Ley de Cumplimiento Fiscal de Cuentas Extranjeras (Foreign Account Tax Compliance Act, FATCA) (si lo hubiera)

Código de beneficiario exento                    Exención del código de presentación del informe de la FATCA

Su Número de Seguro Social, (Social Security Number, SSN)

Ingrese el número de identificación fiscal (Tax Identification Number, TIN) o el número de identificación del empleador (Employer Identification Number, EIN)

(Solo personas)                          (Aparte de las personas)

O

Bajo pena de perjurio, certifico que 1.) el número que se muestra en este formulario es mi número de identificación de contribuyente correcto (o que estoy esperando que me proporcionen un número); 2.) No estoy sujeto a retenciones adicionales porque (a) estoy exento de retenciones adicionales, (b) no he recibido un aviso del Servicio de Impuestos Internos (Internal Revenue Service, IRS) en la que se me informa que estoy sujeto a una retención adicional por no notificar todos los intereses o dividendos, o (c) el IRS me notificó que ya no estoy sujeto a una retención adicional; 3.) Soy ciudadano estadounidense u otra persona estadounidense; y 4.) los códigos de la FATCA ingresados en este formulario (si hubiera alguno) que indica que estoy exento de presentar informes según dicha ley es correcto.

Nota: Si no es ciudadano estadounidense u otra persona estadounidense, no debe completar esta Sección y, en su lugar, debe completar y enviar el Formulario W-8BEN, W-8BEN-E, W-8ECI o W-8IMY del Servicio de Rentas Internas (Internal Revenue Service, IRS). Puede descargar estos formularios desde el sitio web del IRS: www.irs.gov/forms-instructions.

**El Servicio de Rentas Internas no solicita su consentimiento para ninguna disposición de este documento, además de las certificaciones requeridas para evitar retenciones adicionales.**

Firma

Fecha: MM – DD – AAAA

*Sección 5: Certificación y firma*

Cualquier persona que, de manera intencional, presente una reclamación falsa o haga una declaración falsa está sujeta a sanciones penales y/o civiles, incluida la reclusión de hasta 5 años, multas y sanciones civiles y administrativas. (TÍTULO 18 DEL CÓDIGO DE LOS ESTADOS UNIDOS, ARTS. 287, 1001, 1010, 1012, 1014; TÍTULO 31 DEL CÓDIGO DE LOS ESTADOS UNIDOS, ARTS. 3729, 3802). Además, solicitar u obtener registros de cualquier tipo protegidos por la Ley de Privacidad bajo falsas pretensiones es punible en virtud de las disposiciones del Título 5 del Código de los Estados Unidos, Sección 552a(i)(3) con una multa de no más de $5,000.

Declaro (o certifico, verifico o afirmo) bajo pena de perjurio que la información proporcionada por mí en este Formulario de Reclamación es verdadera y correcta a mi leal saber y entender.

Firma

Fecha: MM – DD – AAAA

Nombre en letra imprenta

Attachment 7

Were you a housing voucher user denied rental housing in MA? You may be part of a settlement. Visit MATenantScreeningSettlement.com for info. Txt STOP to STOP

Message credits used including this Campaign:12381/100,000

SEND ME A PREVIEW

SCHEDULE CAMPAIGN

Attachment 8



*Louis et al. v. SafeRent Solutions, LLC et al.*
**Exclusion Report**

| Number | Name |
|--------|------|
| 1 | Samantha Webster |
| 2 | Bruce Coleman |
| 3 | Virginia Coleman |
| 4 | Stephanie Marrie |
| 5 | Mercy Dzanya |
| 6 | Usman Bacha |
| 7 | Kayla Scott |
| 8 | Adeline Robins |