UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARY LOUIS AND MONICA DOUGLAS,
ON BEHALF OF THEMSELVES AND
SIMILARLY SITUATED PERSONS, AND
COMMUNITY ACTION AGENCY OF
SOMERVILLE, INC.,

       Plaintiffs,

      v.

SAFERENT SOLUTIONS, LLC AND
METROPOLITAN MANAGEMENT GROUP,
LLC,

       Defendants.

Civil Action No. 1:22-CV-10800-AK

## [PROPOSED] FINAL APPROVAL ORDER

This matter came before the Court for hearing on November 18, 2024 regarding

Plaintiffs' Unopposed Motion for Certification of the Settlement Classes and Final Approval of

the Class Action Settlement. Plaintiffs seek final approval of the previously filed Class Action

Settlement Agreement and Release ("Agreement") between Plaintiffs and Defendant SafeRent

Solutions, LLC ("SafeRent") (collectively the "Parties"). Having considered the Motion, the

exhibits and declarations attached thereto, and all other filings and argument related to the

Motion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion is

**GRANTED** under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

The Court makes the following findings and rulings:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the

Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331 and 1367, has personal jurisdiction over the Parties and the Settlement Class Members,

and venue is proper in this District.

3.      The Court hereby affirms its preliminary determinations in the Preliminary

Approval Order (Doc. No. 122) that the Settlement Classes meet the requirements for

certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and finally certifies,

for purposes of settlement only, the Settlement Classes as defined in the Settlement Agreement:

> All rental applicants who used publicly funded housing vouchers
> and sought but were denied housing in Massachusetts because of
> their SafeRent Score at any property using SafeRent's tenant
> screening services between May 25, 2021 and the date of the entry
> of the Preliminary Approval Order (the "Massachusetts Income-
> Based Settlement Class");

> All Black and Hispanic rental applicants who used publicly funded
> housing vouchers and sought but were denied housing in
> Massachusetts because of their SafeRent Score at any property using
> SafeRent's tenant screening services between May 25, 2020 and the
> date of the entry of the Preliminary Approval Order (the
> "Massachusetts Race-Based Settlement Class").

4.      For purposes of settlement only, the Court hereby re-affirms its determinations in

the Preliminary Approval Order; finally certifies Plaintiffs Mary Louis and Monica Douglas as

Class Representatives for the Settlement Classes; and finally appoints Cohen Milstein Sellers &

Toll PLLC, Greater Boston Legal Services, and the National Consumer Law Center as Class

Counsel for the Settlement Classes.

5.      The Court finds that the notice provisions of the Class Action Fairness Act, 28

U.S.C. § 1715, were complied with in this matter.

6.      The Court finds that the method for disseminating Notice to the Settlement

Classes, as provided for in the Settlement Agreement and previously approved and directed by

this Court's Preliminary Approval Order, has been implemented by the Settlement Administrator

and the Parties.  The Court finds that the method for disseminating the Notice (A) constituted the

2

best notice that is practicable under the circumstances; (B) constituted notice that was reasonably

calculated, under the circumstances, to appraise Settlement Class Members of (i) the nature of

the Litigation, (ii) the definition of the Settlement Classes, (iii) the class claims and issues,

(iv) the opportunity to enter an appearance through an attorney any Settlement Class Member so

desired, (v) the opportunity, time, and manner for requesting exclusion from the Settlement, and

(vi) the binding effect of a class judgment; (C) constituted due, adequate, and sufficient notice to

all persons and entities entitled to notice; and (D) met the applicable requirements of Federal

Rule of Civil Procedure 23, the due process guarantees of the U.S. Constitution, and all other

applicable laws.

7.      The Court finds that all Settlement Class Members and all persons who fall within

the definition of either of the Settlement Classes has been adequately provided with an

opportunity to exclude themselves from the Settlement by submitting a request for exclusion in

conformity with the Agreement and this Court's Preliminary Approval Order.  A list of those

persons who timely and validly excluded themselves from the Settlement is attached hereto as

**Exhibit A**.  Persons listed on **Exhibit A** are not bound by the Agreement, this Final Approval

Order, or the accompanying Judgment, and are entitled to no relief under the Agreement.  All

other persons who fall within the definition of the Settlement Classes are Settlement Class

Members and part of this Settlement, and shall be bound by this Final Approval Order, the

accompanying Judgment, and the Agreement.

8.      The Court finds that no Settlement Class Members have filed objections. The only

objection received was from a non-class member, whose concerns have been adequately

addressed by the claims verification process, which has ensured that Settlement funds will only

be distributed to Settlement Class Members who held housing vouchers during the relevant time.

9.      The Court hereby finally approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Plaintiffs and Settlement Classes, having considered that (A) the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Classes; (B) the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Classes, and SafeRent; (C) the relief provided for the Settlement Classes is adequate, taking into account the costs, risks, and delay of further litigation, trial, and appeal, and the effectiveness of the method set forth in the Agreement for distributing relief to the Settlement Classes, including the method of processing class-member claims; and (D) the Agreement treats Settlement Class Members equitably relative to each other.

10.     The Parties and Settlement Administrator are accordingly directed to consummate and implement the Agreement in accordance with its terms, including distributing payments to Cash Eligible Settlement Class Members and paying the Notice and Settlement Administration Costs.

11.     The final deadline for verification of timely submitted claims is December 9, 2024.  No class member submission of documents or other verification will be accepted after December 9, 2024.

12.     The claims filed against SafeRent in this case are dismissed in their entirety, with prejudice, and each side is to bear its own costs except as specified in the Agreement and the Court's separate order regarding attorneys' fees.

13.     Upon entry of this Order and the accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted against SafeRent in the Litigation pursuant to the Settlement, the Releasing Parties shall be deemed to have released and

forever discharged the Released Parties from any and all Released Claims.

14.     Additionally, the Settlement Class Representatives shall be deemed to have released and forever discharged the Released Parties from any Claims arising out of or in any way relating to any conduct that occurred as of the date of the execution of the Agreement.

15.     A separate order shall be entered regarding Class Counsel's motion for attorneys' fees and costs as allowed by the Court.

16.     Pursuant to the terms of the Agreement, Settlement Class Representatives, Settlement Class Counsel, SafeRent, and SafeRent Counsel release and forever discharge each other from any and all claims relating to the institution or prosecution of the Action.

17.     Without affecting the finality of this Final Approval Order and the accompanying Judgment in any way, the Court expressly retains continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of administration and enforcement of the Agreement for a period of five years from the date SafeRent confirms it has made the practice changes outlined in Section 3.5 of the Agreement.  Any dispute, challenge, question, or the like relating to the Settlement or Agreement may be heard by this Court.

18.     In the event that the Effective Date does not come to pass, this Final Approval Order and the accompanying Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Settlement Class Representatives, Settlement Class Members, and SafeRent.

19.     This Final Approval Order, the accompanying Judgment, the Preliminary Approval Order, the Agreement, all negotiations, statements, agreements, and proceedings relating to the Agreement, and any matters arising in connection with settlement negotiations,

proceedings, or agreements shall not constitute or be described as, construed as, offered as or

received against SafeRent or the other Released Parties as evidence or an admission of: (a) the

truth of any fact alleged by Settlement Class Representatives in the Litigation; (b) any liability,

negligence, fault, or wrongdoing of or by SafeRent or the Released Parties; or (c) that this

Litigation or any other action may be properly certified as a class action for litigation, non-

settlement purposes.


      Dated:                                 BY THE COURT:

_____

HONORABLE ANGEL KELLEY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**


I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on November 19, 2024.

*Christine E. Webber*
Christine E. Webber
